IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients; DENISE "DEDE" CHISM, on behalf of herself and her patients; ABBY SINNETT, on behalf of herself and her patients; and KATHLEEN SANDER, on behalf of herself and her patients,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado; ROLAND FLORES, in his official capacity as a member of the Colorado Medical Board; AMANDA MIXON, in her official capacity as a member of the Colorado Medical Board; JENNIFER BLAIR, in her official capacity as a member of the Colorado Medical Board; BECKETT CZARNECKI, in his official capacity as a member of the Colorado Medical Board; ROBERT M. MAULITZ, in his official capacity as a member of the Colorado Medical Board; SAUGHAR SAMALI, in her official capacity as a member of the Colorado Medical Board; ALAN E. SHACKELFORD, in his official capacity as a member of the Colorado Medical Board; KIELY M. SCHULTZ, in her official capacity as a member of the Colorado Medical Board; AMY E. COLEN, in her official capacity as a member of the Colorado Medical Board; ANITA KUMAR, in her official capacity as a member of the Colorado Medical Board; DONALD LEFKOWITS, in his official capacity as a member of the Colorado Medical Board; MAIDUL MEHMUD, in his official capacity as a member of the Colorado Medical Board; KIAN MODANLOU, in his official capacity as a member of the Colorado Medical Board; SCOTT C. STRAUSS, in his official capacity as a member of the Colorado Medical Board; CHRISTOPHER A. BATES, in his official capacity as a member of the Colorado Medical Board; JULIE ANN HARPER, in her official capacity as a member of the Colorado Medical Board; HIEN H. LY, in his official capacity as a member of the Colorado Medical Board; BERNARD JOSEPH FRANTA, in his official capacity as a member of the Colorado State Board of Nursing; LORI RAE HAMILTON, in her official capacity as a member of the Colorado State Board of Nursing; KARRIE TOMLIN, in her official capacity as a member of the Colorado State Board of Nursing; LENNY ROTHERMUND, in his official capacity as a member of the Colorado State Board of Nursing; HAYLEY HITCHCOCK, in her official capacity as a member of the Colorado State Board of Nursing; ALISSA M. SHELTON, in her official capacity as a member of the Colorado State Board of Nursing; PHYLLIS GRAHAM-DICKERSON, in her official capacity as a member of the Colorado State Board of Nursing; BRANDY VALDEZ MURPHY, in her official capacity as a member of the Colorado State Board of Nursing; DIANE REINHARD, in her official capacity as a member of the Colorado State Board of Nursing; NICHELE BRATTON, in her official capacity as a member of the Colorado State Board of Nursing; AECIAN PENDLETON, in her official capacity as a member of the Colorado State Board of Nursing; JOHN KELLNER, in his official capacity as District Attorney of the 18th Judicial District of Colorado; MICHAEL DOUGHERTY, in his official capacity as District Attorney of the 20th Judicial District of Colorado; BETH MCCANN, in her official capacity as District Attorney of the 2nd Judicial District of Colorado,

    Defendants.

## ORDER GRANTING IN PART
## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

The plaintiffs move for issuance of a temporary restraining order to prevent enforcement of Senate Bill 23-190. For the following reasons, their request is granted in part, and the defendants are temporarily restrained from enforcing the bill against the plaintiffs pending a hearing at which the propriety of issuing a preliminary injunction can be determined.

### BACKGROUND

Unless otherwise noted, the following facts are taken from the plaintiffs' Verified Complaint, Doc. 1.

The plaintiffs are a nonprofit, faith-based medical clinic and three medical professionals that, among other things, provide so-called "abortion pill reversal" in the form of progesterone to patients who have taken mifepristone but then wish to keep their pregnancies. On April 14, 2023, Colorado Governor Jared Polis signed into law Senate Bill 23-190. Senate Bill 23-190 takes effect immediately and provides that:

> A LICENSEE, REGISTRANT, OR CERTIFICANT ENGAGES IN UNPROFESSIONAL CONDUCT OR IS SUBJECT TO DISCIPLINE PURSUANT TO THIS TITLE 12 IF THE LICENSEE, REGISTRANT, OR CERTIFICANT PROVIDES, PRESCRIBES, ADMINISTERS, OR ATTEMPTS MEDICATION ABORTION REVERSAL IN THIS STATE, UNLESS THE COLORADO MEDICAL BOARD CREATED IN SECTION 12-240-105 (1), THE STATE BOARD OF PHARMACY CREATED IN SECTION 12-280-104 (1), AND THE STATE BOARD OF NURSING CREATED IN SECTION 12-255-105 (1), IN CONSULTATION WITH EACH OTHER, EACH HAVE IN EFFECT RULES FINDING THAT IT IS A GENERALLY

ACCEPTED STANDARD OF PRACTICE TO ENGAGE IN
MEDICATION ABORTION REVERSAL.

Doc. 1-6 (Colo. Rev. Stat. 12-30-120(2)(a)). The plaintiffs thus face discipline such as fines or potential loss of their medical licenses if they continue to provide such services, which to them is a religious obligation.

The plaintiffs contend that Senate Bill 23-190 violates their First Amendment rights to free speech and exercise of religion, as well as their patients' free-speech, due-process, and equal-protection rights to receive information and medical treatment. They also contend that the bill is void for vagueness.

The plaintiffs' Verified Complaint notes that earlier today, before the bill was signed, the plaintiffs lawfully began providing progesterone to a new patient who wishes to continue her pregnancy after taking mifepristone. Doc. 1 ¶ 104; *see also* Doc. 7 at 2-3. That patient is currently receiving ongoing follow-up care, Doc. 1 ¶ 104, and the plaintiffs state that "[a]bsent immediate relief, this patient risks having her care interrupted," and the plaintiffs "will be in an impossible position: either deny care in accordance with this new law and violate their sincerely held religious beliefs or continue to provide life-affirming care to their patients at the risk of losing their licenses," Doc. 7 at 3.

### STANDARD OF REVIEW

A party seeking a TRO must show: (1) that it is substantially likely to succeed on the merits; (2) that it will suffer irreparable injury if the court denies the requested relief; (3) that its threatened injury without the restraining order outweighs the opposing party's under it; and (4) that the requested relief is not adverse to the public interest. *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019); *accord Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008); *see also Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (standard for TRO is same as that for preliminary injunction (citing *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002))). The third and fourth factors "merge" when the government is the party opposing injunctive relief. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

A court may issue a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

## DISCUSSION

The legal merits of the plaintiffs' claims present difficult questions that cannot be adequately analyzed within the time constraints necessary to prevent potential irreparable injury to the plaintiffs' patients who have already begun progesterone treatment and may have their care interrupted absent immediate injunctive relief. Whether these plaintiffs have standing to bring claims based on alleged violations of their patients' constitutional rights is questionable. But the plaintiffs have made a sufficient showing that Senate Bill 23-109 burdens their own First Amendment rights. When considered along with the other TRO factors, I find that the plaintiffs are sufficiently likely to succeed on the merits of one or more of their claims that short-term relief is warranted until the defendants can be heard in opposition and the propriety of continuing with a preliminary injunction can be determined.

I must balance the harm to the plaintiffs of not granting a TRO against the defendants' and the public's harm if a TRO is granted. In addition to the potential interruption of their patients' care, a violation of the plaintiffs' First Amendment rights would necessarily establish irreparable harm. *See Hobby Lobby Stores v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013) ("[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."), *aff'd sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014). On the other side, the State and the public certainly have an interest in preventing deceptive trade practices and provision of medical treatments that are outside generally accepted standards of practice, the stated purposes of Senate Bill 23-190. *See* Doc. 1-6. But though the efficacy of progesterone treatment in maintaining a patient's pregnancy after taking mifepristone appears debatable, this treatment does not appear to pose severe health risks to patients who receive it, as evidenced by the fact that the treatment currently remains legal in every state but Colorado. And the potential harm to the public interest will be limited by a short-term TRO that prevents enforcement of Senate Bill 23-190 only against a single medical clinic.

I further find that the conditions of Rule 65(b)(1) are met. Issuance of a TRO before the adverse party can be heard in opposition is disfavored. But the specific facts in the plaintiffs' Verified Complaint clearly show immediate and irreparable injury may result absent such relief. And the plaintiffs have notified the defendants via email of their complaint and motion. Doc. 7-2.

Pursuant to Rule 65(c), a court may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A court has wide discretion in determining

whether to require security. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003); *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 1874186, at *7 (D. Colo. May 6, 2013) ("[T]he case law supports broad judicial discretion . . . in determining whether a bond need be posted at all." (collecting cases)). Given that the defendants are all government actors, I find that no security should be required for the short time that the TRO will be in place before the defendants can be heard.

## Conclusion

It is **ORDERED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, **Doc. 7**, is **GRANTED IN PART** as to the request for a temporary restraining order and **TAKEN UNDER ADVISEMENT** as to the request for a preliminary injunction.

It is **FURTHER ORDERED** that the defendants and their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are **TEMPORARILY RESTRAINED** from enforcing Senate Bill 23-190 against the plaintiffs. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this temporary restraining order will expire fourteen days after entry, unless the Court extends it for good cause before that time or the Court grants a motion to dissolve or modify it pursuant to Federal Rule of Civil Procedure 65(b)(4).

It is **FURTHER ORDERED** that:

As soon as possible but no later than 1:00 p.m. on April 17, 2023, the plaintiffs must serve each defendant with (1) a summons; (2) the

Verified Complaint, Doc. 1, and all attachments thereto; (3) the plaintiffs' emergency motion, Doc. 7, and all attachments thereto; and (4) this Order. The plaintiffs must promptly file proof of service in accordance with Federal Rule of Civil Procedure 4(l)(1);

A Preliminary Injunction Hearing is **SET** for April 24, 2023 at 9:30 a.m., at which the defendants must **SHOW CAUSE** why the Court should not enter a preliminary injunction extending the injunctive relief set forth in this Order until final adjudication of this case on the merits;

The defendants must file a written response to the plaintiffs' motion for preliminary injunction no later than 5:00 p.m. on April 20, 2023. The plaintiffs may file a reply no later than April 21, 2023;

Pursuant to Federal Rule of Civil Procedure 43(c), all direct witness testimony must be submitted by affidavit in advance of the hearing, and live testimony at the hearing will be limited to cross-examination and redirect examination. Both sides' witness affidavits, to the extent not already in the record, must be filed electronically no later than 1:00 p.m. on April 21, 2023;

The parties must exchange with each other and file with the Court exhibit and witness lists no later than 1:00 p.m. on April 21, 2023. Copies of all exhibits must be submitted by email to Domenico_Chambers@cod.uscourts.gov as attachments or via secure download link. Except for any video or audio exhibits, the exhibits must be in PDF file format. The file name for each exhibit must include the exhibit number and description (*e.g.*, "Exhibit 1 – Smith Affidavit"). Consult DDD Civ. P.S. II(C) regarding numbering of exhibits. The parties' witness lists must include an estimate of the time required for their cross-examination of each of the opposing side's witnesses. Exhibit and

- 7 -

witness list forms can be found at http://www.cod.uscourts.gov/Judicial Officers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

At the hearing, each side will be allotted time for an opening statement, cross-examination and redirect examination of witnesses, and closing argument. The parties are advised that the Court may set time limits for each side. Counsel should be prepared to answer questions from the Court during closing arguments; and

Any motions affecting the hearing must be filed by 1:00 p.m. on April 20, 2023, with responses due by 1:00 p.m. on April 21, 2023. No replies will be permitted without leave of Court.

DATED: April 15, 2023
       at 12:29 a.m.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge