IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

BELLA HEALTH AND WELLNESS et al.

    *Plaintiffs*

    v.                                             Civil Action No. 1:23-cv-00939

PHIL WEISER, in his official capacity as
Attorney General of Colorado, et al;

    *Defendants*

RESPONSE TO MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

JOHN KELLNER, 18TH JUDICIAL DISTRICT ATTORNEY

JOHN KELLNER, District Attorney for the 18th Judicial District, by and through his duly appointed Chief Deputy District Attorney, Ann B. Tomsic, files this Response taking no position on the Plaintiff's Motion for Preliminary Injunction and providing no objection.

**INTRODUCTION**

The Plaintiffs' Complaint alleges multiple violations of the First Amendment and other rights of their practitioners and/or patients which will result from the enforcement of SB 23-190. These alleged violations include Free Exercise Clause, Counts I and II, Free Speech Clause, Counts III and IV, Due Process, Count V, and Equal Protection Clause, Counts VI and VII. [ECF 1 at ¶¶ 180-258]. Plaintiffs sought and obtained a Temporary Restraining Order and this Court has taken under advisement the Plaintiffs' simultaneous Motion for a Preliminary Injunction. [ECF 7] This Court ordered the Defendants to file a written response concerning the preliminary injunction no later than 5:00 pm on April 20, 2023. [ECF 8].

1

Plaintiffs identified John Kellner, the District Attorney for the 18th Judicial District, [hereafter DA Kellner] as a Defendant because the Plaintiffs' primary medical campus is located in Arapahoe County which is part of the 18th Judicial District[1]. [ECF1at ¶ 30]. DA Kellner is an Official Capacity Defendant only.

The Plaintiffs note that SB 23-190 operates in part through the Colorado Consumer Protection Act, *see* Complaint at ¶¶ 145-146, and that a district attorney has "authority to investigate and enforce the Colorado Consumer Protection Act. *See id.* at §§ 6-1-103, 6-1-107." [ECF 1 at ¶ 30]. The Plaintiffs do not attribute enforcement authority for any other aspects of SB 23-190 to district attorneys.

## LEGAL STANDARD FOR PRELIMINARY INJUNCTION

Preliminary injunctions are considered an extraordinary remedy and the right to such relief must be "clear and unequivocal." Fed. R. Civ. Pro. 65(b); *Petrella v. Brownback*, 787 F. 3d 1242, 1256 (10th Cir. 2015). The party seeking the preliminary injunction must satisfy the following four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in the movant's favor; and (4) the injunction is in the public interest". *Id.* 1257.

A preliminary injunction has as its primary goal the preservation of the status quo, meaning the status existing prior to the controversy. *Shrier v. Univ. of Colo.*, 427 F. 3d 1253, 1260 (10th Cir. 2005). Thus, preliminary injunctions which alter the status quo, or require the non-moving party to take an affirmative action, or give the moving party all the relief they are entitled to are

---

[1] The 18th Judicial District is comprised of Arapahoe County, Douglas County, Elbert County, and Lincoln County.

viewed with disfavor. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). The determination of whether to grant a preliminary injunction rests with the sound discretion of the trial court. *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp*., 269 F. 3d 1149, 1153 (10th Cir. 2001).

## DISTRICT ATTORNEY AND CCPA

The Colorado Consumer Protection Act (CCPA) provides that "the attorney general and the district attorneys of the several districts of this state are concurrently responsible for the enforcement." C.R.S. § 6-1-103. However, traditionally enforcement of the CCPA has been pursued by the Attorney General. DA Kellner's Office has not enforced the civil remedies available for deceptive trade practices under the CCPA. Unlike the Colorado Attorney General's Office which has both a Consumer Protection Section and a Civil Litigation Section[2], DA Kellner's Office is focused on the enforcement of the criminal laws. DA Kellner has not been asked to enforce a deceptive trade practice case under the CCPA. As such, DA Kellner would be unaffected by a preliminary injunction, if granted.

SB 23-190 is divided into three sections. The only provisions potentially enforceable by DA Kellner are those pertaining to the CCPA, sections 1(3), a legislative declaration, and section 2, creating C.R.S. § 6-1-734.

Plaintiffs seek relief from the entirety of SB 23-190, however, Plaintiffs do not express any concern about SB 23-190 section 2, enacting C.R.S.§ 6-1-734. This added section prohibits the knowing advertising of abortion and emergency contraception or referrals for such care when the

---

[2] Office Sections - Colorado Attorney General | Colorado Attorney General (coag.gov); *see also* C.R.S. § 24-31-102.

person does not provide such care or referrals as a deceptive trade practice. C.R.S. §6-1-734(2). From the exhibits provided, it does not appear that the Plaintiffs advertise that they provide abortions, emergency contraception or referrals for these procedures. Therefore, injunctive relief regarding enforcement of C.R.S. § 6-1-734 is unnecessary and would not prevent a harm to the Plaintiff.

C.R.S. § 6-1-105(1)(e), however, describes a violation of the CCPA as a deceptive trade practice if: "Either knowingly or recklessly makes a false representation as to the… benefits…of services…" or as stated in §§ (1)(rrr): "Either knowingly or recklessly engages in any unfair, unconscionable, deceptive or deliberately misleading, false, or fraudulent act or practice." These statutes predate the controversy. The legislative declaration in SB 23-190 section 1, (3)(b), however, provides: "This prohibition on deceptive trade practice applies to disseminating…offering to provide or make available medication abortion reversal." This appears to create a potential exposure for Plaintiffs under the CCPA prior to the resolution—by the various medical boards identified in SB 23-190 section 3—of whether "medical abortion reversal" is a "generally accepted standard of practice."

## FIRST AMENDMENT AND CCPA ENFORCEMENT

Given the express concerns and documentation regarding the content-based restrictions of SB 23-190, Plaintiffs may have a colorable claim under the First Amendment. *National Institute of Family and Life Advocates v. Becerra*, 138 S. Ct. 2361, 2366-74 (2018), (application of strict scrutiny and stressing the danger of content-based regulations in the fields of medicine.) *Masterpiece Cakeshop, Ltd v. Colo. C.R. Comm'n*, 138 S. Ct. 1719, 1731 (Colo. 2018), ("The Free Exercise Clause bars even 'subtle departures from neutrality' on matters of religion.")

The authorities granted under the CCPA empower the attorney general and district attorney to engage in investigative procedures (e.g. seeking under oath statements, the examination of property, books, accounts or papers and other measures, C.R.S. § 6-1-107). Where prosecutors engage in investigations, as distinguished from advocacy, absolute immunity—enjoyed in the advocate role, may be lost. *Mink v. Knox*, 616 F. 3d 995, 999 (10th Cir 2010). Thus, an action under the CCPA knowing that there are pending First Amendment claims potentially exposes the district attorneys to liability under 42 USC §1983. For this reason, DA Kellner takes no position on the preliminary injunction, and welcomes any clarification by this Court regarding the merits of the complaint.

## DISTRICT ATTORNEYS HAVE NO AUTHORITY TO ENFORCE UNPROFESSIONAL HEALTH CARE CONDUCT UNDER TITLE 12

DA Kellner has no authority to enforce violations of Health-Care Professionals and Occupations under title 12 of the Colorado Revised Statutes. As such, DA Kellner will not enforce the provisions of C.R.S. § 12-30-120 regardless of the determination of various boards on whether "medical abortion reversal" is a "generally accepted standard of practice" or not (SB 23-190 section 3), even while the general assembly has now preemptively declared that such services are unprofessional conduct SB 23-190 section 1, (2)(b).

## THE COLORADO ATTORNEY GENERAL HAS A PRIMARY ROLE IN FUTURE ENFORCEMENT OF SB 23-190

The Attorney General serves as the legal advisor to the Colorado Medical Board, the State Board of Pharmacy, and the State Board of Nursing. See C.R.S. §§ 24-31-101 and 24-31-111. As

5

such, the Attorney General's Office has an existing relationship with regulators and access to medical expertise for enforcement investigations, standards of practice, and expert testimony.

DA Kellner would not have a primary role in the enforcement of any potential action created by SB 23-190. DA Kellner is not in a position to evaluate the medical feasibility or practice of medical abortion reversal. The focus of DA Kellner's Office is the prosecution of the Colorado Criminal Code. Criminal prosecution will take precedence over this type of civil enforcement as the district attorney's appearance in criminal actions is mandatory. C.R.S. § 21-1-102.

## CONCLUSION AND REQUEST FOR RELIEF

As DA Kellner will not be affected by a preliminary injunction, he takes no position or objection to the Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. [ECF 7].

Dated this 20th day of April, 2023.

Respectfully submitted,
John Kellner, in his official capacity,
District Attorney,

By */s/ Ann B. Tomsic*
Ann B. Tomsic Reg. #19393
Chief Deputy District Attorney
18th Judicial District Attorney's Office
6450 S. Revere Parkway
Centennial, CO 80111
Phone: 720-874-8500
Email atomsic@da18.state.co .us
Attorney and counsel of record for
Defendant John Kellner

**Certificate of Service**

This is to certify that on this 20th day of April 2023, I served the foregoing with the Clerk of the Court and using the electronic filing system and send notification of the filing to counsel for all parties:

PLAINTIFFS:
BELLA HEALTH AND WELLNESS -
REBEKAH PERRRY RICKETTS, MARK LEONARD RIENZI, LAURA WOLK SLAVIS, DANIEL MATTHEW VITAGLIANO

DEFENDANTS:
PHIL WEISER - MICHAEL T. KOTLARCZYK, GRANT T. SULLIVAN
ROLAND FLORES
AMANDA MIXON
JENNIFER BLAIR
BECKETT CZARNECKI
ROBERT M. MAULITZ
SAUGHAR SAMALI
ALAN E. SHACKELFORD
KIELY M. SCHULTZ
AMY E. COLEN
ANITA KUMAR
DONALD LEFKOWITS
MAIDUL MEHMUD
KIAN MODANLOU
SCOTT C. STRAUSS
CHRISTOPHER A. BATES
JULIE ANN HARPER
HIEN H. LY
JOSEPH FRANTA
LORI RAE HAMILTON
KARRIE TOMLIN
LENNY ROTHERMUND
HAYLEY HITCHCOCK
ALISSA M. SHELTON
PHYLLIS GRAHAM-DICKERSON
BRANDY VALDEZ MURPHY
DIANE REINHARD
NICHELE BRATTON
AECIAN PENDLETON
MICHAEL DOUGHERTY - DAVID HUGHES, CATHERINE RUHLAND
BETH McCANN - ANDREW D. RINGEL