EXHIBIT 1



SENATE BILL 23-190

BY SENATOR(S) Winter F. and Marchman, Cutter, Gonzales, Jaquez Lewis, Moreno, Buckner, Coleman, Danielson, Fields, Ginal, Hinrichsen, Kolker, Sullivan, Fenberg;
also REPRESENTATIVE(S) McCormick and Epps, Froelich, Titone, Amabile, Bacon, Bird, Boesenecker, Brown, Daugherty, deGruy Kennedy, Dickson, Garcia, Gonzales-Gutierrez, Herod, Joseph, Kipp, Lieder, Lindsay, Lindstedt, Lukens, Mabrey, McLachlan, Parenti, Ricks, Sharbini, Sirota, Story, Valdez, Velasco, Vigil, Willford, Woodrow, McCluskie, Michaelson Jenet.

CONCERNING POLICIES TO MAKE PUNISHABLE DECEPTIVE ACTIONS REGARDING PREGNANCY-RELATED SERVICES.

*Be it enacted by the General Assembly of the State of Colorado:*

**SECTION 1. Legislative declaration.** (1) The general assembly finds and declares that:

(a) In Colorado, a pregnant individual has a fundamental right to continue a pregnancy or to terminate a pregnancy by abortion;

(b) Pregnant individuals need timely and accurate information from

---

*Capital letters or bold & italic numbers indicate new material added to existing law; dashes through words or numbers indicate deletions from existing law and such material is not part of the act.*

qualified medical professionals to make informed decisions about their health and well-being;

(c) According to the American Medical Association's Journal of Ethics, anti-abortion centers, also known as "crisis pregnancy centers", aim "to prevent abortions by persuading people that adoption or parenting is a better option";

(d) Anti-abortion centers are the ground-level presence of a well-coordinated anti-choice movement;

(e) Some anti-abortion centers use deceptive advertising tactics to target and acquire clients from historically marginalized groups, including Black, Indigenous, and other people of color; those who live in rural areas; LGBTQ+ communities; students; people with lower incomes; and people for whom English is not their first language;

(f) Some anti-abortion centers go so far as to advertise medication abortion reversal, a dangerous and deceptive practice that is not supported by science or clinical standards, according to the American College of Obstetricians and Gynecologists, or by the United States food and drug administration;

(g) The American Medical Association states, "[Physicians] do not and cannot, without misleading them, tell their patients that it may be possible to reverse a medication abortion";

(h) Time is a critical factor for individuals seeking abortion care; and

(i) No one should be deceived, manipulated, or face unnecessary delays when seeking support or health care during pregnancy.

(2) Therefore, the general assembly finds and declares that it is imperative that Colorado stop deceptive trade practices and unprofessional conduct with respect to the provision of abortion services and medication abortion reversal, and accordingly, the following issues are matters of statewide concern:

(a) Stopping deceptive trade practices relating to access to timely

abortion and emergency contraceptives, as described in section 6-1-734, Colorado Revised Statutes, and medication abortion reversal; and

(b) Declaring that it is unprofessional conduct for a person regulated pursuant to title 12, Colorado Revised Statutes, to provide, prescribe, administer, or attempt medication abortion reversal, as described in section 12-30-120, Colorado Revised Statutes.

(3) The general assembly further finds and declares that:

(a) Section 6-1-105 (1)(e) and (1)(rrr), Colorado Revised Statutes, declare, in part, that it is a deceptive trade practice to knowingly or recklessly make a false representation as to the characteristics, uses, or benefits of products or services or to knowingly or recklessly engage in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice; and

(b) This prohibition on deceptive trade practices applies to disseminating or causing to be disseminated false advertising relating to the provision of abortion or emergency contraceptive services, or referrals for those services, and advertising for or providing or offering to provide or make available medication abortion reversal.

**SECTION 2.** In Colorado Revised Statutes, **add** 6-1-734 as follows:

**6-1-734. Access to abortion services and emergency contraception - deceptive trade practice - definitions.** (1) AS USED IN THIS SECTION, UNLESS THE CONTEXT OTHERWISE REQUIRES:

(a) "ABORTION" HAS THE MEANING SET FORTH IN SECTION 25-6-402 (1).

(b) "EMERGENCY CONTRACEPTIVE" MEANS A DRUG OR DEVICE APPROVED BY THE FOOD AND DRUG ADMINISTRATION TO SIGNIFICANTLY REDUCE THE RISK OF PREGNANCY IF TAKEN OR ADMINISTERED WITHIN A SPECIFIED PERIOD OF TIME AFTER SEXUAL INTERCOURSE, INCLUDING EMERGENCY CONTRACEPTIVE PILLS AND INTRAUTERINE DEVICES.

(c) "FOOD AND DRUG ADMINISTRATION" MEANS THE FOOD AND DRUG

ADMINISTRATION IN THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, OR ANY SUCCESSOR ENTITY.

(2) A PERSON ENGAGES IN A DECEPTIVE TRADE PRACTICE WHEN THE PERSON MAKES OR DISSEMINATES TO THE PUBLIC OR CAUSES TO BE MADE OR DISSEMINATED TO THE PUBLIC ANY ADVERTISEMENT THAT INDICATES THAT THE PERSON PROVIDES ABORTIONS OR EMERGENCY CONTRACEPTIVES, OR REFERRALS FOR ABORTIONS OR EMERGENCY CONTRACEPTIVES, WHEN THE PERSON KNOWS OR REASONABLY SHOULD HAVE KNOWN, AT THE TIME OF PUBLICATION OR DISSEMINATION TO THE PUBLIC OF THE ADVERTISEMENT, THAT THE PERSON DOES NOT PROVIDE THOSE SPECIFIC SERVICES.

**SECTION 3.** In Colorado Revised Statutes, **add** 12-30-120 as follows:

**12-30-120. Unprofessional conduct - grounds for discipline - offering medication abortion reversal - definitions.** (1) AS USED IN THIS SECTION:

(a) "ABORTION" HAS THE MEANING SET FORTH IN SECTION 25-6-402 (1).

(b) "MEDICATION ABORTION" MEANS AN ABORTION CONDUCTED SOLELY THROUGH THE USE OF ONE OR MORE PRESCRIPTION DRUGS.

(c) "MEDICATION ABORTION REVERSAL" MEANS ADMINISTERING, DISPENSING, DISTRIBUTING, OR DELIVERING A DRUG WITH THE INTENT TO INTERFERE WITH, REVERSE, OR HALT A MEDICATION ABORTION.

(2) (a) A LICENSEE, REGISTRANT, OR CERTIFICANT ENGAGES IN UNPROFESSIONAL CONDUCT OR IS SUBJECT TO DISCIPLINE PURSUANT TO THIS TITLE 12 IF THE LICENSEE, REGISTRANT, OR CERTIFICANT PROVIDES, PRESCRIBES, ADMINISTERS, OR ATTEMPTS MEDICATION ABORTION REVERSAL IN THIS STATE, UNLESS THE COLORADO MEDICAL BOARD CREATED IN SECTION 12-240-105 (1), THE STATE BOARD OF PHARMACY CREATED IN SECTION 12-280-104 (1), AND THE STATE BOARD OF NURSING CREATED IN SECTION 12-255-105 (1), IN CONSULTATION WITH EACH OTHER, EACH HAVE IN EFFECT RULES FINDING THAT IT IS A GENERALLY ACCEPTED STANDARD OF PRACTICE TO ENGAGE IN MEDICATION ABORTION REVERSAL.

(b) THE BOARDS SPECIFIED IN SUBSECTION (2)(a) OF THIS SECTION SHALL PROMULGATE APPLICABLE RULES NO LATER THAN OCTOBER 1, 2023, IN CONSULTATION WITH EACH OTHER, CONCERNING WHETHER ENGAGING IN MEDICATION ABORTION REVERSAL IS A GENERALLY ACCEPTED STANDARD OF PRACTICE.

**SECTION 4. Safety clause.** The general assembly hereby finds, determines, and declares that this act is necessary for the immediate preservation of the public peace, health, or safety.

_____
Steve Fenberg
PRESIDENT OF
THE SENATE

_____
Julie McCluskie
SPEAKER OF THE HOUSE
OF REPRESENTATIVES

_____
Cindi L. Markwell
SECRETARY OF
THE SENATE

_____
Robin Jones
CHIEF CLERK OF THE HOUSE
OF REPRESENTATIVES

APPROVED Friday April 14th 2023 at 2:05 pm
(Date and Time)

_____
Jared S. Polis
GOVERNOR OF THE STATE OF COLORADO

PAGE 5-SENATE BILL 23-190