> **EXHIBIT 4**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-939-DDD-SKC

BELLA HEALTH AND WELLNESS, et al.,
    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,
    Defendants.

## DECLARATION OF MICHAEL T. DOUGHERTY

I, Michael T. Dougherty, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am the district attorney for 20th Judicial District of Colorado. Pursuant to § 6-1-103, C.R.S., Colorado's district attorneys and its attorney general have concurrent authority to enforce the Colorado Consumer Protection Act ("CCPA"), which is set forth in Article 1 of Title 6 of the Colorado Revised Statutes. My responsibilities as district attorney therefore include approving or rejecting recommendations for CCPA enforcement actions. I have served in this role since being appointed by the governor in March 2018.

2. The statements in this declaration are all based on my own personal knowledge or information.

3. I recently became aware of the above-captioned lawsuit challenging the constitutionality of SB 23-190.

4.  I have reviewed the plaintiffs' Complaint in this action. It is my understanding the plaintiffs operate a medical center that, among other services, provides progesterone in the context of abortion pill reversal therapy.

5.  I am also aware that SB 23-190, signed into law on April 14, 2023, added § 6-1-734, C.R.S., which clarifies that it is a deceptive trade practice under the CCPA for a person to advertise abortion or emergency contraception services if that person does not actually offer those services.

6.  In my review of SB 23-190, I note that the bill also includes a legislative declaration stating that the General Assembly "finds and declares" that the CCPA's "prohibition on *deceptive* trade practices" in Sections 6-1-105 (1)(e) and (rrr), C.R.S. (emphasis added), "applies to disseminating or causing to be disseminated false advertising relating to the provision of abortion or emergency contraceptive services, or referrals for those services, and advertising for or providing or offering to provide or make available medication abortion reversal." SB 23-190, § 1(3)(b).

### SB 23-190's Amendment to Colorado's Consumer Protection Act

7.  Based on my review of SB 23-190, the only amendment the bill makes to the CCPA is clarifying in § 6-1-734 that it is a deceptive trade practice to advertise abortion or emergency contraceptive services when one does not offer those services.

2

8. The reason I call this amendment a clarification is because the CCPA has always included a prohibition on advertising services one does not actually offer. Section 6-1-105(1)(e) of the CCPA, for example, has long prohibited making false representations as to the characteristics of a service. Similarly, section 6-1-105(1)(i) of the CCPA prohibits the advertisement of services "with intent not to sell them as advertised." Knowingly advertising a service one does not offer would misrepresent the characteristics of a service and would advertise a service with the intent not to sell that service as advertised.

9. It is my position that section 1 of SB 23-190 does not amend the CCPA. Based on my review of the statute, section 1 is a legislative declaration, not a statutory amendment.

10. For this reason, it is my position that the bill does not make advertising or offering an abortion pill reversal treatment a violation of subsection 105(1)(e) of the CCPA unless that offer or advertisement contains a knowing or reckless "false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities" of the treatment "or a false representation as to the sponsorship, approval, status, affiliation, or connection of a person therewith." § 6-1-105(1)(e), C.R.S.

11. Similarly, section 1 of SB 23-190 does not create a new violation of subsection 105(1)(rrr) of the CCPA; it is my position that a person does not violate the CCPA by advertising or offering an abortion pill reversal treatment under

subsection (1)(rrr) unless making that advertisement or offer "knowingly or recklessly engages in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice" under existing law. § 6-1-105(1)(rrr), C.R.S.

12. I do not understand SB 23-190 to create a *per se* violation of the CCPA for advertising or offering abortion pill reversal treatment. If this Court disagrees, I can attest that my office will not bring an enforcement action that treats Bella Health's progesterone treatment for abortion pill reversal as a *per se* violation of the CCPA unless and until the relevant medical boards conclude their rulemaking on this treatment as contemplated by SB 23-190. Any enforcement decision would certainly take into account the outcome of that rulemaking.

**Enforcement of SB 23-190**

13. I will base any enforcement decisions relating to abortion pill reversal treatment on the understanding of the law described in paragraphs 7 through 12.

14. Based solely on Bella Health's Complaint and Motion for Preliminary Injunction, I understand that Bella Health asserts that its advertisements and offer of abortion pill reversal treatment do not violate §§ 6-1-105(1)(e) or (rrr) as those statutes existed directly prior to the passage of SB 23-190.

15. If these assertions are true, my office would not bring a CCPA enforcement action under §§ 6-1-105(1)(e) or (rrr) on the grounds that Bella Health's abortion pill reversal treatment is deceptive.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of April, 2023.

_____
Michael T. Dougherty
District Attorney