# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BELLA HEALTH AND WELLNESS et al., | Case No. 1:23-cv-939 |
| *Plaintiffs*, | |
| v. | |
| PHIL WEISER, in his official capacity as Attorney General of Colorado, et al., | |
| *Defendants*. | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION
## FOR A PRELIMINARY INJUNCTION

Mark L. Rienzi
Rebekah P. Ricketts*
Laura W. Slavis
Daniel M. Vitagliano**
The Becket Fund for Religious Liberty
 1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
mrienzi@becketlaw.org

*Admitted only in Texas. Supervised by a member of the D.C. Bar.

**Admitted only in New York. Practice limited to cases in federal court. Supervised by a member of the D.C. Bar.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.   Plaintiffs have standing.................................................................................................... 2

    II.  "Prudential ripeness" does not bar Plaintiffs' claims. ...................................... 7

    III. *Burford* abstention isn't applicable. ................................................................... 9

    IV. Defendants have conceded the merits............................................................... 11

CONCLUSION........................................................................................................................ 11

CERTIFICATE OF COMPLIANCE............................................................................................. 13

CERTICATE OF SERVICE......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*303 Creative LLC v. Elenis,*
   6 F.4th 1160 (10th Cir. 2021) ........................................................................ 5, 6, 7

*Aid for Women v. Foulston,*
   441 F.3d 1101 (10th Cir. 2006) ........................................................................ 6-7

*Already, LLC v. Nike, Inc.,*
   568 U.S. 85, 91 (2013) ......................................................................................... 4

*Appalachian Power Co. v. EPA,*
   208 F.3d 1015 (D.C. Cir. 2000).............................................................................. 6

*Awad v. Ziriax,*
   670 F.3d 1111 (10th Cir. 2012) .............................................................................. 8

*Axon Enter., Inc. v. FTC,*
   2023 WL 2938328 (U.S. Apr. 14, 2023) ............................................................... 11

*Burford v. Sun Oil Co.,*
   319 U.S. 315 (1943) ......................................................................................... 9, 10

*D.L.S. v. Utah,*
   374 F.3d 971 (10th Cir. 2004) ................................................................................ 3

*Grimes v. Crown Life Ins. Co.,*
   857 F.2d 699 (10th Cir. 1988) ........................................................................... 9, 10

*Johnson v. Rodrigues,*
   226 F.3d 1103 (10th Cir. 2000) ............................................................................. 10

*Kennecott Utah Copper Corp. v. U.S. Dep't of Interior,*
   88 F.3d 1191 (D.C. Cir. 1996) ................................................................................ 5

*Lehman v. City of Louisville,*
   967 F.2d 1474 (10th Cir. 1992) ............................................................................... 9

*Merit Energy Co., LLC v. Haaland,*
   2022 WL 17844513 (10th Cir. Dec. 22, 2022).................................................... 8, 9

ii

*Miller v. Bonta,*
   2022 WL 17363887 (S.D. Cal. Dec. 1, 2022) ........................................................... 3

*Mink v. Suthers,*
   482 F.3d 1244 (10th Cir. 2007) ....................................................................... 1, 3

*Nat'l Park Hosp. Ass'n v. Dep't of Interior,*
   538 U.S. 803 (2003) ........................................................................................ 8

*Olson v. Hart,*
   965 F.2d 940 (10th Cir. 1992) ..................................................................... 10-11

*Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Servs.,*
   529 F. App'x 886 (10th Cir. 2013) .................................................................... 9

*Peck v. McCann,*
   43 F.4th 1116 (10th Cir. 2022) ................................................................ 2, 4, 5

*Penn. Psych. Soc'y v. Green Spring Health Servs., Inc.,*
   280 F.3d 278 (3d Cir. 2002) ............................................................................ 7

*People v. McKinney,*
   99 P.3d 1038 (Colo. 2004) ............................................................................... 5

*Planned Parenthood of Rocky Mountains Servs., Corp. v. Owens,*
   287 F.3d 910 (10th Cir. 2002) ......................................................................... 6

*Rio Grande Found. v. Oliver,*
   57 F.4th 1147 (10th Cir. 2023) .................................................................... 2, 6

*Roman Catholic Diocese of Brooklyn v. Cuomo,*
   141 S.Ct. 63 (2020) ........................................................................................ 4

*Seals v. McBee,* 898 F.3d 587
   (5th Cir. 2018) ............................................................................................... 2

*Stamp v. Vail Corp.,*
   172 P.3d 437 (Colo. 2007) ............................................................................... 5

*Susan B. Anthony List v. Driehaus,*
   573 U.S. 149 (2014) ................................................................................. 2, 4, 7

*United Food & Com. Workers Int'l Union v. IBP, Inc.,*
   857 F.2d 422 (8th Cir. 1988) ..................................................................... 1, 3, 4

*United States v. Cabral,*
    926 F.3d 687 (10th Cir. 2019) ...................................................................... 8

*Winsness v. Yocom,*
    433 F.3d 727 (10th Cir. 2006) ...................................................................... 3

*Winter v. Wolnitzek,*
    834 F.3d 681 (6th Cir. 2016) ........................................................................ 7

*Wyoming v. Zinke,*
    871 F.3d 1133 (10th Cir. 2017) ................................................................... 8

**Statutes**

42 U.S.C. §1983............................................................................................ 11

Colo. Rev. Stat. §6-1-103 ............................................................................... 4

Colo. Rev. Stat. §6-1-103 ............................................................................... 4

Colo. Rev. Stat. §6-1-113 ............................................................................... 4

Colo. Rev. Stat. §12-240-125.......................................................................... 4

Colo. Rev. Stat. §12-240-102.......................................................................... 5

Colo. Rev. Stat. §12-255-119.......................................................................... 4

Colo. Rev. Stat. §24-4-106 ........................................................................... 10

**Other Authorities**

Colo. Office of Legis. Legal Servs., *Colorado Legislative Drafting*
    *Manual* §2.7.3 (2023)............................................................................. 5, 6

Governor Jared Polis, SB 23-190 Signing Statement (Apr. 14, 2023)...................... 7-8

S.B. 23-190, 74th Gen. Assemb., Reg. Sess. (Colo. 2023)..................................*passim*

iv

**INTRODUCTION**

Defendants don't even attempt to defend SB 23-190 on the merits. They don't deny that the law targets religious actors, treats religious conduct worse than comparable secular conduct, regulates speech based on its content and viewpoint, forces women to continue abortions they wish to stop, and fails strict scrutiny.

Instead, they contest only justiciability. But even there, Defendants don't dispute that Plaintiffs' conduct is illegal *right now*.

Rather, they offer a temporary, conditional period of non-enforcement—claiming this "defeats any credible threat of prosecution." Resp.9. But by Defendants' own admission, this non-enforcement period is limited to no more than 163 days and is revocable any time for any reason. And they admit that after this non-enforcement period expires, Plaintiffs can escape liability *only if* three different medical boards promulgate *new* regulations, *all* agreeing to change the law and approve of abortion pill reversal.

That sort of speculation doesn't defeat standing. As the Tenth Circuit has explained, governments can defeat standing if they adopt "an *unequivocal* position" that a law "*cannot* be constitutionally enforced" and Plaintiffs "would not be prosecuted under the statute *now or in the future*." *Mink v. Suthers*, 482 F.3d 1244, 1255-57 (10th Cir. 2007) (emphasis added). But Defendants have offered only a "qualified, equivocal and discretionary present intention not to prosecute"—which has never been held to defeat standing. *United Food v. IBP, Inc.*, 857 F.2d 422, 429 (8th Cir. 1988).

1

Absent relief from this Court, Plaintiffs' conduct remains illegal *now*. They continue to accrue liability *now*, as they treat not just one, but now two patients seeking abortion pill reversal. And a brief non-enforcement period, combined with speculation that the law *might* change in the future, changes nothing. Plaintiffs are "not required to live under the specter of prosecution for violating a potentially unconstitutional law with nothing more than a non-committal promise as protection." *Seals v. McBee*, 898 F.3d 587, 593 (5th Cir. 2018). Given this irreparable harm, and Defendants' failure to offer any response on the merits, a preliminary injunction is required.

## ARGUMENT

### I.  Plaintiffs have standing.

A pre-enforcement plaintiff shows injury in fact when she alleges (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest" that is (2) "arguably proscribed" by statute and (3) there exists a "credible threat of enforcement." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160, 162, 167 (2014). Defendants contest only credible threat. Resp.7-9. But their objections fail.

***Abortion Pill Reversal.*** In the First Amendment context, credible threat is not "a difficult bar for plaintiffs to clear." *Peck v. McCann*, 43 F.4th 1116, 1133 (10th Cir. 2022) (collecting cases). Courts "assum[e] a state will enforce its own laws in the absence of evidence to the contrary." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1164-65 (10th Cir. 2023).

Here, Defendants' "evidence" consists of an emergency meeting held by the Medical and Nursing Boards—after Plaintiffs sued—culminating in a sui generis offer of temporary non-enforcement until they finish SB 23-190's required rulemaking. Resp.5-6. But this falls far short of the binding, permanent disavowal necessary to defeat standing. Defendants claim "disavowal of enforcement defeats any credible threat of prosecution." Resp.9. But Defendants' cases involved permanent determinations that a law "could not be constitutionally enforced" because of "controlling Supreme Court precedent." *Mink*, 482 F.3d at 1255-56; *see also D.L.S. v. Utah*, 374 F.3d 971, 975 (10th Cir. 2004) (no credible threat where Supreme Court invalidated analogous sodomy law in *Lawrence v. Texas*); *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006) (no prosecution under flag abuse statute after *Texas v. Johnson*).

These cases bear no resemblance to Defendants' temporary and conditional decision not to enforce SB 23-190 solely to "avoid creating divergent tracks of administrative enforcement," and only "until" rulemaking is complete. Resp.5, 9. Rather, when "the [Defendants'] only disclaimer of enforcement does not by its terms apply to future [conduct]," the Defendants "are free to return to their old ways," which "prevents a finding of nonjusticiability." *United Food*, 857 F.2d at 430; *see also Miller v. Bonta*, 2022 WL 17363887, at \*2, \*4-5 (S.D. Cal. Dec. 1, 2022) ("announcement of non-enforcement" that was "conditional" and "not irrevocable" did not defeat justiciability).

What Defendants really seek to do is moot this case through their own voluntary cessation in response to litigation. But that would require them to carry their

"formidable burden of showing that it is absolutely clear the allegedly wrongful be-havior could not reasonably be expected to recur." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). And given the statute—which makes Plaintiffs' behavior illegal right now—and Defendants' own professed agnosticism as to their own future actions, they cannot meet that standard. Defendants' position is thus even weaker than similar efforts rejected in other courts. *See, e.g., Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63, 67-69 (2020) (enjoining COVID-19 classification that was actu-ally revoked during litigation because "the applicants remain under a constant threat that the area in question will be reclassified"); *United Food*, 857 F.2d at 429.

A credible threat is also present because, as Defendants acknowledge, Resp.8-9, "authority to initiate charges" is "not limited to a prosecutor or an agency," but lies with "any person." *Peck*, 43 F.4th at 1132; *see* Colo. Rev. Stat. §§12-240-125(4)(a)(I), 12-255-119(3)(a)(II). Temporary non-enforcement or no, "the universe of potential complainants is not restricted to state officials who are constrained by explicit guide-lines or ethical obligations"—which further "bolster[s]" the credible threat here. *Driehaus*, 573 U.S. at 164.

***Publicizing Abortion Pill Reversal.*** Defendants try a different tack for publi-cizing abortion pill reversal, claiming SB 23-190 doesn't proscribe this speech at all. Resp.15-17. This is wrong.[1]

---

[1] Defendants' no-credible-threat argument for advertising fails for the same reasons described above. *See* Colo. Rev. Stat. §§6-1-103, 6-1-113(1)(a).

Pre-enforcement standing only requires that Plaintiffs' conduct is "at least 'argu-ably' … proscribed by [the] statute." *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1172-73 (10th Cir. 2021). Here, SB 23-190 *actually* proscribes Plaintiffs' speech, stating prohibited "deceptive trade practices" include "advertising for … medication abortion reversal." §1(3).

Defendants ask this Court to ignore that prohibition altogether because it appears in a "legislative declaration." Resp.15-18. But "in determining the *scope* and intent of a statute," the "legislative declaration" "is often" "the best guide." *People v. McKinney*, 99 P.3d 1038, 1043 (Colo. 2004) (emphasis added); *cf. Peck*, 43 F.4th at 1127-29 ("leg-islative history" informing arguable proscription); *accord* Resp.3 (relying on legisla-tive declaration at Colo. Rev. Stat. §12-240-102). That is true whether or not the dec-laration is codified, Resp.17, since the Colorado Supreme Court has held that codified and uncodified legislative declarations are "equal in authority." *Stamp v. Vail Corp.*, 172 P.3d 437, 443 n.7 (Colo. 2007) (en banc).

Defendants try to distinguish "legislative declarations" from "substantive law," Resp.15, but they ignore that Colorado courts "have construed legislative declara-tion … statements" as imposing substantive requirements. Colo. Office of Legis. Le-gal Servs., *Colorado Legislative Drafting Manual* §2.7.3 (2023). The question isn't the label but whether the language evinces an "intention to bind … regulated parties." *Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1222-23 (D.C. Cir. 1996) ("preamble" to agency rule may have "independent legal effect"); *see also*

*Drafting Manual, supra* ("Drafters should be very cautious about including state-ments that could be viewed as creating a substantive right or a promise that the state will do something."). And here, the language "reads like a ukase"—"[i]t commands, it requires, it orders, it dictates." *Appalachian Power Co. v. EPA*, 208 F.3d 1015, 1023 (D.C. Cir. 2000). *See also* Kellner Br.4 (noting the legislative declaration "appears to create a potential exposure for Plaintiffs … prior to the [boards'] resolution").

This Court need not "decide" whether section 1's proscription is binding. *303 Creative*, 6 F.4th at 1173. It need only conclude that its unequivocal language makes it more than "plausible" that "a reasonable person in [Plaintiffs'] position" would be "deterred" from advertising abortion pill reversal. *Rio Grande Found.*, 57 F.4th at 1158, 1164-65. Plaintiffs' own actions demonstrate that chill. Supp. Decl. ¶¶2-6 (removing website information and social media posts before preliminary relief and restoring them afterward).

In short, when a state passes a law expressly stating that certain conduct is unlawful, it's at least "arguable" that readers will take the state at its word and understand the conduct is proscribed. And the contrary view of "the Colorado Attorney General … is not to be taken as authoritative or to have controlling weight." *Planned Parenthood of Rocky Mountains Servs., Corp. v. Owens*, 287 F.3d 910, 925 n.16 (10th Cir. 2002).[2]

---

[2]    This Court questioned Plaintiffs' standing to sue on their patients' behalf. ECF 8 at 4. Though Defendants did not dispute this in their brief, third-party standing is permissible where "the party

## II.  "Prudential ripeness" does not bar Plaintiffs' claims.

Defendants next claim "prudential ripeness" bars this suit. Resp.11-15. But after *Driehaus*, "[t]he line between Article III standing and ripeness" has "evaporated" in pre-enforcement First Amendment challenges, because both inquiries "come to the same question" of credible threat. *Winter v. Wolnitzek*, 834 F.3d 681, 687 (6th Cir. 2016); *see also 303 Creative*, 6 F.4th at 1175-76 ("[F]or the same reasons Appellants have established standing, we are satisfied that this case is ripe.").

In any event, this case is fit for review. Defendants suggest SB 23-190 is a nullity unless and until the three boards promulgate rules deeming abortion pill reversal unprofessional conduct. §3(2)(a)-(b); Resp.13-14. But Defendants have it backwards: SB 23-190 prohibits providing and advertising abortion pill reversal today, *until and unless* three separate boards "each have in effect rules" specifying otherwise. §3(2)(a)-(b). The statute states that abortion pill reversal "*is subject* to discipline"—present tense—and "this act is necessary for the *immediate preservation* of the public peace, health, or safety," §§3(2)(a), 4 (emphasis added).[3]

---

asserting the right has a 'close' relationship with the person who possesses the right," and "there is a 'hindrance' to the possessor's ability to protect his own interests." *Aid for Women v. Foulston*, 441 F.3d 1101, 1111-12 (10th Cir. 2006). Courts routinely find both criteria satisfied in the doctor-patient relationship. *See id.* at 1112-14. And both are met here. Plaintiffs' relationships with their patients are as "inherent[ly] close[]" and "intimate" as any other relationship, *Penn. Psych. Soc'y v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 289 (3d Cir. 2002), and their patients could not feasibly seek recourse from a court in the short timeframe where abortion pill reversal is available. Bella's two most recent abortion-pill-reversal patients illustrate this point—Bella did not know these patients until they asked for help, and the patients had no opportunity to seek judicial relief. Compl. ¶175; Supp. Decl. ¶¶12-13.

[3]    Governor Polis agrees, describing SB 23-190 as "mak[ing] it unprofessional conduct for licensed providers to prescribe or administer" abortion pill reversal "until" the boards reach a contrary decision.

So the questions before the Court do not depend on "contingent future events." Resp.11. No factual development or implementing regulations are necessary to know what is prohibited today. The only issues are "purely legal"—what does the law prohibit, and does that prohibition violate Plaintiffs' constitutional rights. *Merit Energy Co. v. Haaland*, 2022 WL 17844513, at \*5 (10th Cir. Dec. 22, 2022). Accordingly, "[t]his matter is fit for judicial review." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

Defendants cite *Wyoming v. Zinke* and *National Park,* Resp.11, but those cases are inapposite. The Boards here have not taken any position on the statute, much less "issued notice of [a] proposed rule to entirely rescind" the prohibition. *Wyoming*, 871 F.3d 1133, 1142 (10th Cir. 2017); *accord Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003). Indeed, *National Park* and *Wyoming* recognized that "a substantive rule which as a practical matter requires the plaintiff to adjust his conduct immediately" *would* be prudentially ripe. *Nat'l Park*, 538 U.S. at 807-08; *Wyoming*, 871 F.3d at 1143. Here, Plaintiffs are "challenging the already-realized" prohibition—meaning the case is ripe. *United States v. Cabral*, 926 F.3d 687, 696 (10th Cir. 2019).

The hardship inquiry "ask[s] 'whether the challenged action creates a direct and immediate dilemma for the parties.'" *Awad*, 670 F.3d at 1125. Here, it unquestionably

---

Governor Jared Polis, SB 23-190 Signing Statement (Apr. 14, 2023), available at https://perma.cc/W2FP-LN4Y.

has. The day SB 23-190 was enacted, Plaintiffs faced the stark choice between abandoning a current patient or risking their licenses. Compl. ¶175. Days later, a second abortion-pill-reversal patient sought Bella's care. Supp. Decl. ¶¶12-13. "[A]bsent judicial review and while the [case] is pending," Plaintiffs must choose between violating the law or abandoning these patients. *Merit Energy*, 2022 WL 17844513, at *7. This case is plainly ripe.

### III. *Burford* **abstention isn't applicable.**

In search of another offramp, Defendants claim this case is "perfectly suited" for abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Resp.19. Not so.

*Burford* abstention only applies "when a federal district court faces issues that involve complicated state regulatory schemes." *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992). Under the Tenth Circuit's four-factor test, courts consider whether: (1) the suit involves an "exclusively federal" cause of action; (2) the court must "determine issues which are directly relevant to … the regulation of the [relevant] industry"; (3) "state procedures indicate a desire to create special state forums to regulate and adjudicate these issues"; and (4) "difficult or unusual state laws are at issue." *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 704-05 (10th Cir. 1988); *see also Oklahoma ex rel. Doak v. Acrisure Bus. Outsourcing Servs.*, 529 F. App'x 886, 896-97 (10th Cir. 2013) (noting the Supreme Court "narrowed" *Burford* abstention post-*Grimes*). Even assuming *Grimes*' broader test still applies, Defendants' argument fails.

The first, second, and fourth factors do not apply because Plaintiffs raise exclusively federal constitutional claims that can be resolved without reaching any licensing board determinations about abortion pill reversal and thus do not involve any "difficult or unusual state law[]." *Grimes*, 857 F.2d at 705. This case presents straightforward constitutional questions about the scope and application of SB 23-190. This Court need only "act within its area of expertise" to "determine whether a [Colorado] statute violates Plaintiff[s'] federal constitutional rights." *Johnson v. Rodrigues*, 226 F.3d 1103, 1112 (10th Cir. 2000). Defendants also claim that an injunction "would disrupt the upcoming rulemaking" process. Resp.20. Not so. An injunction would simply prevent Defendants from punishing Plaintiffs under the law as it currently stands, leaving Defendants free to conduct their rulemaking process and adopt new rules should they choose to do so.

The remaining factor is also inapplicable because there is no "special state forum[] to regulate and adjudicate" SB 23-190's constitutionality. *Grimes*, 857 F.2d at 704-05. As Defendants state, the boards' expertise lies in reviewing the "rulemaking and any licensure action," not constitutional challenges. Resp.20 (citing Colo. Rev. Stat. §24-4-106); *cf. Burford*, 319 U.S. at 325-27 (describing specialized oil tribunals sufficient to adjudicate a permit to drill wells). If the mere existence of a general administrative tribunal were "special[ized]" enough to invoke *Burford*, then federal courts could never hear the majority of federal constitutional claims arising from state law, and the exception would subsume the rule. *Olson v. Hart*, 965 F.2d 940, 943 (10th

10

Cir. 1992) ("Absent compelling reasons, a federal court should not abstain from hear-ing claims of deprivation of constitutional rights."), *superseded on other grounds by* 42 U.S.C. §1983; *see also Axon Enter., Inc. v. FTC*, 2023 WL 2938328, at \*10 (U.S. Apr. 14, 2023) (jurisdiction over constitutional questions was proper because "[t]he Commission knows a good deal about competition policy, but nothing special about the separation of powers").[4]

## IV. Defendants have conceded the merits.

Defendants raise no argument against Plaintiffs' constitutional claims. And with good reason—their professed agnosticism about the safety and efficacy of abortion pill reversal means that the law could not pass rational basis review, let alone strict scrutiny.

## CONCLUSION

The Court should grant Plaintiffs' requested preliminary injunction.

---

[4]   Because Defendants' irreparable harm argument hinges on this Court accepting their erroneous jurisdictional claims, Resp.20-22, it also fails. Nor do Defendants explain how they would possibly be harmed by an injunction binding them to their promise.

Dated: April 21, 2023

Respectfully submitted,

/s/ Mark L. Rienzi

Mark L. Rienzi
Rebekah P. Ricketts*
Laura W. Slavis
Daniel M. Vitagliano**
The Becket Fund for Religious Liberty
   1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
mrienzi@becketlaw.org

*Admitted only in Texas. Supervised by a member of the D.C. Bar.

**Admitted only in New York. Practice limited to cases in federal court. Supervised by a member of the D.C. Bar.

12

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing reply complies with the type-volume limitation

set forth in Judge Domenico's Civil Practice Standard III.A.1.


/s/ Mark L. Rienzi
Mark L. Rienzi

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing reply on all Defendants

by e-filing with the CM/ECF system maintained by the Court.


/s/ Mark L. Rienzi
Mark L. Rienzi

13