THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al,

Defendants.

**MICHAEL DOUGHERTY'S ANSWER TO VERIFIED COMPLAINT**

Defendant Michael Dougherty, in his official capacity as District Attorney for the Twentieth Judicial District ("Defendant Dougherty") answers the Verified Complaint [Doc. No. 1] as follows:

1. Defendant Dougherty admits the allegations in paragraphs 19, 20, 21, 27, 30, 31, 32, 72, 106, 108, 109, 113, 115, 116, 117, 118, 119, 130, 131, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143, 144, 146, 149, 150, 181, 182, 183, 193, 194, 195, 196, 197, 198, 207, 208, 209, 210, 221, 222, 230, 231, 241, 248, 249, and 250.

2. Defendant Dougherty denies the allegations in paragraphs 1, 2, 16, 132, 145, 147, 148, 173, 174, 177, 185, 188, 191, 199, 200, 202, 203, 205, 212, 213, 218, 219, 223, 224, 228, 239, 246, 251, 252, 253, 254, 255, 256, 257, and 258.

3. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 22, 23, 24, 25, 26, 28, 29, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51,

52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 107, 110, 111, 112, 114, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 184, 186, 189, 190, 204, 211, 215, 216, 217, 225, 226, 227, 232, 233, 234, 235, 236, 237, 238, 242, 243, 244, and 245.

4. In response to paragraph 18, Defendant Dougherty denies that Plaintiffs face severe financial penalties merely for publicizing their willingness to help. Defendant Dougherty affirmatively alleges that SB 23-190 does not make advertising or offering an abortion pill reversal treatment a violation of subsection 105(1)(e) or (rrr) of the CCPA unless that offer of advertisement contains a knowing or reckless false representation as further specified in §§6-1-105(1)(e) and (rrr). Defendant Dougherty affirmatively alleges that he does not understand SB 23-190 to create a per se violation of the CCPA for advertising or offering abortion pill reversal treatment and that his office will not bring an enforcement action that treats Bella Health and Wellness' ("Bella") progesterone treatment for abortion pill reversal as a per se violation of the CCPA unless and until the relevant medical boards conclude their rulemaking on this treatment as contemplated by SB 23-190. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 18.

5. In response to paragraph 140, Defendant Dougherty denies that the bill declares anti-abortion centers stand in the way of that fundamental right. Defendant Dougherty admits the remaining allegations in paragraph 140.

6. In response to paragraph 175, Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of whether Bella received a call from a woman seeking assistance in reversing the effects of mifepristone to maintain her pregnancy. Defendant Dougherty denies the remaining allegations in paragraph 175.

7. In response to paragraph 176, Defendant Dougherty denies that Bella's providers are facing ruinous fines. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 176.

8. In response to paragraph 178, Defendant Dougherty denies that Bella has been forced to remove information about abortion pill reversal from its website and social media accounts. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 178.

9. In response to paragraph 179, Defendant Dougherty denies that Bella has been forced to remain silent about abortion pill reversal. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 179.

10. Defendant Dougherty incorporates his prior responses to the paragraphs that are realleged in paragraphs 180, 192, 206, 220, 229, 240, and 247.

11. In response to paragraph 187, Defendant Dougherty admits that SB 23-190 does not regulate or prohibit off-label use of progesterone in other circumstances. Defendant Dougherty denies the remaining allegations in paragraph 187.

12. In response to paragraph 201, Defendant Dougherty admits that SB 23-190 does not contain a religious exemption. Defendant Dougherty is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 201.

13. In response to paragraph 214, Defendant Dougherty admits that Colorado does not have a compelling interest in targeting the speech of life-affirming OB-GYN medical providers and pro-life pregnancy centers but is without sufficient knowledge and information to form a belief about the truth of whether Colorado has targeted the speech of life-affirming OB-GYN medical providers and pro-life pregnancy centers.

14. In response to all allegations that refer to the conduct, burdens, legal obligations, and actions of "Defendants" generally, Defendant Dougherty takes no position regarding Section 3 of SB 23-190, and specifically §12-13-120(2)(a). Defendant Dougherty is not charged with enforcement of that provision.

15. Any allegation not specifically admitted is denied.

**Affirmative Defenses**

1. Plaintiffs lack standing.

2. Plaintiffs' claims are not ripe.

3. The Court should decline jurisdiction under the prudential ripeness doctrine.

4. Defendant Dougherty is entitled to immunity under the Eleventh Amendment for any claim for damages.

Dated at Boulder, Colorado this 30th day of May 2023.

                                        Respectfully submitted,

                                        BOULDER COUNTY ATTORNEY

By:  */s/ David Hughes*
       David Hughes
       Deputy County Attorney
       Catherine "Trina" Ruhland
       Deputy County Attorney
       P.O. Box 471
       Boulder, CO 80306
       (303) 441-3190
       dhughes@boulercounty.org
       truhland@bouldercounty.org

       *Counsels for the Twentieth Judicial District Attorney*