IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, *et. al.*

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et. al.

    Defendants.

_____

## MOTION TO DISMISS FROM DEFENDANT BETH MCCANN
_____

Defendant Beth McCann, in her official capacity as District Attorney of the Second Judicial District of Colorado, by and through her counsel, Andrew D. Ringel, Esq., of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(b)(1), hereby respectfully submits this Motion to Dismiss, as follows:[1]

## INTRODUCTION

Defendant Beth McCann is the elected District Attorney for the Second Judicial District of Colorado. Plaintiffs challenge the constitutionality of the amendment to the Colorado Consumer Protection Act ("CCPA"), and specifically C.R.S. § 6-1-734, based on SB 23-190. District Attorney McCann, in the attached Second Declaration of Beth McCann, disclaims any intent to enforce the amended CCPA against Plaintiffs or anyone

---

[1] Pursuant to DDD Civ. P.S. 111(D)(1), prior to filing this Motion, the undersigned counsel for Defendant conferred with counsel for the Plaintiffs, Rebekah P. Ricketts, Esq. Ms. Ricketts indicated the Motion is opposed.

else. As a result, there is no credible threat of prosecution of the Plaintiffs and Plaintiffs therefore lack standing to pursue their claims against District Attorney McCann.

## **STATEMENT OF FACTS**

District Attorney McCann submits the Second Declaration of Beth McCann with this Motion. In pertinent part, the Second Declaration states:

1. This Second Declaration supplements the Declaration dated April 20, 2023, filed in this matter [ECF 32-5] and the Declaration of Robert M. Russel dated April 21, 2023, also filed in this matter. [ECF 35].

2. I am the elected District Attorney for the Second Judicial District of Colorado. I have previously articulated my review of SB 23-190 and how it amended the Colorado Consumer Protection Act ("CCPA") and specifically C.R.S. § 6-1-734. [*See* Declaration of Beth McCann, ¶¶ 5-12, ECF 32-5].

3. As a District Attorney, my primary responsibility, and the responsibility of all the prosecutors in my Office, is to enforce Colorado criminal law. While District Attorneys have the ability to enforce the CCPA civilly under Colorado law, since I became District Attorney on January 10, 2017, my office has not initiated a civil proceeding to enforce the CCPA. In addition, while I have heard anecdotally prior to my becoming the District Attorney the Office may have initiated a civil CCPA action at some point in the past, I am not aware of one the Office has in fact specifically pursued.

4. Because my office focuses on criminal actions, I do not believe that it would be an appropriate use of public resources to enforce SB 23-90 through a civil action under the CCPA. Instead, were my office to receive a complaint of a CCPA violation for the activities covered by SB 23-190, I would refer that complaint to the Office of the Attorney General.

5. In sum, I have no intent to investigate or prosecute an action under the CCPA for the purpose of enforcing SB 23-190, either against the Plaintiffs or anyone else.

[*See* Second Declaration of Beth McCann, ¶¶ 1-5, attached as Exhibit A].

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO PURSUE CLAIMS AGAINST DISTRICT ATTORNEY MCCANN

"Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." ***Lujan v. Defenders of Wildlife,*** 504 U.S. 555, 560 (1992). "Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" ***Id.*** at 560-61 (internal citations omitted). Plaintiffs bear the burden of establishing these elements. ***Id.*** at 561.

To obtain prospective relief, a plaintiff must show "a credible threat of future prosecution." ***Dias v. City & Cnty. of Denver,*** 567 F.3d 1169, 1176 (10th Cir. 2009). "In the First Amendment context, two types of injuries may confer Article III standing to seek prospective relief." ***Ward v. Utah,*** 321 F.3d 1263, 1267 (10th Cir. 2003). "First, a plaintiff generally has standing if he or she alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists

3

a credible threat of prosecution thereunder.'" **Id.** (citing **Phelps v. Hamilton,** 122 F.3d 1309, 1326 (10th Cir. 1997)).  Second, "a First Amendment plaintiff who faces a credible threat of future prosecution suffers from an 'ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights." **Id.**  However, a "subjective chill" is inadequate. **Id.** (citing **Laird v. Tatum,** 408 U.S. 1, 13-14 (1972).  "In other words, to satisfy Article III, the plaintiff's expressive activities must be inhibited by 'an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences from the statute's enforcement." **Winsness v. Yocom,** 433 F.3d 727, 732 (10th Cir. 2006) (internal quotations omitted).

"Where a plaintiff only seeks prospective relief, standing is defeated when there is evidence the government will not enforce the challenged statute against the plaintiff." **Mink v. Suthers,** 482 F.3d 1244, 1255 (10th Cir. 2007).  An assurance by a government official not to prosecute is sufficient to defeat standing.  **Baker v. USD 229 Blue Valley,** 979 F.3d 866, 873 (10th Cir. 2020); *cf.* **Peck v. McCann,** 43 F. 4th 1116, 1132-33 (10th Cir. 2022).  Standing must exist throughout the litigation.  **Qwest Communications Int'l, Inc. v. F.C.C.,** 240 F.3d 886, 891 (10th Cir. 2001).  Standing must be established "for each claim."  **Defenders of Wildlife v. Everson,** 984 F.3d 918, 945 (10th Cir. 2020); **Davis v. Fed. Election Comm'n,** 554 U.S. 724, 734 (2008).  Standing must also be established for each defendant.  **Hernandez v. Grisham,** 494 F.Supp.3d 1044, 1133 (D.N.M. 2020) (citing **Mahon v. Ticor Title Ins. Co.,** 683 F.3d 59, 65-66 (2d Cir. 2012) and **Reinger v. Hyundai Motor Am.,** 122 F.Supp.3d 888, 895 (N.D. Cal. 2015)).

4

Application of these principles here demonstrates Plaintiffs lack standing to pursue their claims against District Attorney McCann.  District Attorney McCann's Second Declaration disclaims any intent by her Office to enforce the amendment to the CCPA challenged by Plaintiffs through investigation or a civil action.  As a result, there is simply no credible threat of any investigation or civil action under the CCPA initiated by District Attorney McCann against the Plaintiffs or anyone else for violating the amended CCPA.  The lack of any credible threat of prosecution by District Attorney McCann against Plaintiffs means they lack standing to pursue their claims against District Attorney McCann.  The existence of other claims against other Defendants for which Plaintiffs may or may not have standing does not create standing against District Attorney McCann.  *Mahon,* 683 F.3d at 65-66 ("a plaintiff's injury resulting from the conduct of one defendant should have no bearing on her Article III standing to sue other defendants"); ***Krohnengold v. N.Y. Life Ins. Co.,*** 2022 U.S. Dist. LEXIS 143029, at *13 (S.D.N.Y. Aug. 9, 2022) ("It is well established that a plaintiff must demonstrate standing for each claim he or she seeks to press against each defendant."; citations and internal quotation and alteration marks omitted).

WHEREFORE, for all the foregoing reasons, Defendant Beth McCann respectfully requests this Court dismiss Plaintiffs' claims against her for lack of standing, and for all other and further relief as this Court deems just and appropriate.

Dated this 30th day of May, 2023,

Respectfully submitted,

*/s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-293-3220
Fax:     303-628-3368
ringela@hallevans.com

**ATTORNEY FOR DEFENDANT
BETH MCCANN**

I hereby certify that the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) as it contains 1,461 words.

**CERTIFICATE OF SERVICE (CM/ECF)**

      I HEREBY CERTIFY that on the 30th day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to via email to all counsel of record in this matter.

                                      */s/ Nicole Marion*, Legal Assistant of
                                      Andrew D. Ringel