## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-939-DDD-SKC

BELLA HEALTH AND WELLNESS, et al.,

      Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al,

      Defendants.

---

### DEFENDANT BOARD MEMBERS' MOTION TO STAY PROCEEDINGS PENDING RULEMAKING

Defendants, Roland Flores, Amanda Mixon, Jennifer Blair, Beckett Czarnecki, Robert M. Maulitz, Saughar Samali, Alan E. Shackelford, Kiely M. Schultz, Amy E. Colen, Anita Kumar, Donald Lefkowits, Maidel Mehmud, Kian Modanlou, Scott C. Strauss, Christopher A. Bates, Julie Ann Harper, and Hien H. Ly, in their official capacity as members of the Colorado Medical Board; Bernard Joseph Franta, Lori Rae Hamilton, Karrie Tomlin, Lenny Rothermund, Hayley Hitchcock, Alissa M. Shelton, Phyllis Graham-Dickerson, Brandy Valdez Murphy, Diane Reinhard, Nichele Bratton, and Aecian Pendleton, in their official capacity as members of the Colorado State Board of Nursing, by and through their undersigned counsel, respectfully request that this court stay discovery and all other proceedings or actions in this litigation against Defendants until the Colorado Medical Board, the State Board of Pharmacy, and the State Board of Nursing finalize the rules required by SB23-190 regarding whether medication abortion reversal therapy

meets the generally accepted standards of practice, and as grounds for their request, Defendants state as follows:

### CERTIFICATE OF COMPLIANCE WITH D.COLO.LCIVR. 7.1(A)

The undersigned conferred with counsel for Plaintiffs. Plaintiffs oppose a stay of this action for the identified Defendants.

### I.    LEGAL STANDARD

This Court has discretion to stay discovery while a dispositive motion is pending. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)). So too here, the Court has discretion to stay discovery while dispositive rulemaking, akin to a motion, is pending, particularly here where the rulemaking is contemplated by the recently adopted statute and will impact the underlying litigation.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and

2

effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In determining whether to stay civil proceedings, courts engage in a case-by-case, fact-specific inquiry, balancing the burden of proceeding with cases simultaneously against the harm to the plaintiffs if a stay were granted. *Hilda M. v. Brown*, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010).

## II.    BACKGROUND & PROCEDURAL HISTORY

On April 14, 2023, Colorado Governor Jared Polis signed into law Senate Bill 23-190 ("SB 23-190"), which went into effect immediately. Doc. 32-1. The bill contains three sections.

Relevant to this motion, section 3 of SB 23-190 declares that it is unprofessional conduct for a licensed medical professional to provide or attempt to provide "medication abortion reversal," which is defined as providing "a drug with the intent to interfere with, reverse, or halt a medication abortion," *unless* the Colorado Medical Board, the State Board of Pharmacy and the State Board of Nursing "in consultation with each other, each have in effect rules finding that it is a generally accepted standard of practice to engage in medication abortion reversal." Doc. 32-1 at 4 § 3.

The Plaintiffs are Bella Health and Wellness ("Bella Health"), a nonprofit medical clinic, and three medical professionals who, among other things, provide so-called "abortion pill reversal" in the form of progesterone prescribed to patients who have taken mifepristone but then wish to try to maintain their pregnancies. In their Complaint, the Plaintiffs allege that if they offer progesterone to help their patients reverse an abortion, they will be "subject to discipline" by their respective licensing Boards. Doc. 1 at 3 ¶ 7. The Plaintiffs acknowledge that SB 23-190's prohibitions can be undone if the Colorado Medical Board, the State Board of Pharmacy, and the State Board of Nursing each have in effect rules finding that it is a generally accepted standard of practice to engage in the medication abortion reversal treatment that Bella Health offers by October 1, 2023. Doc. 1 at 37 ¶ 148.

On April 14, 2023, before SB 23-190 took effect, the Plaintiffs provided progesterone to a new patient who wished to try to continue her pregnancy after taking mifepristone. Doc 48 at 2. After the bill was signed, the Plaintiffs moved for a temporary restraining order and preliminary injunction to prevent its enforcement. *Id.* On April 15, 2023, this Court granted the motion for a temporary restraining order that was set to expire on April 29, 2023. *Id.* at 3.

On April 20, 2023, Defendants, members of the Colorado Medical Board and Colorado State Board of Nursing, filed a response to the Plaintiffs' motion, declaring that they would "not enforce the new Colorado law against any licensee" until the Medical, Pharmacy and Nursing Boards ["Boards"] underwent a rulemaking process

to determine whether provision of medication abortion reversal treatment is a generally accepted standard of practice. Doc. 48 at 3. On April 24, 2023, the parties appeared before the Court at a preliminary injunction hearing. On April 28, 2023, this Court denied the Plaintiffs' preliminary injunction because the Defendants showed that they were treating SB23-190 as if it were not yet in effect and had not changed the preexisting law. Doc. 48 at 4. Under the status quo, the Plaintiffs did not face an irreparable injury in the immediate future. *Id.*

For the same reasons the Court denied the preliminary injunction, the Defendants seek a stay of all discovery and all other proceedings or actions in this litigation pending the adoption of rules by the Boards. The Boards' determinations of whether medication abortion reversal is within the generally accepted standards of practice could be dispositive of Plaintiffs' claims against the Medical and Nursing Boards. Furthermore, the relevant *String Cheese Incident* factors weigh in favor of staying discovery and all other proceedings or actions pending the official rulemaking by the Boards required to be completed by October 1, 2023.

### III.   ARGUMENT

When considering a Motion to Stay, Colorado courts consider the following factors: (1) the interest of the Plaintiff in proceeding expeditiously with discovery and the potential prejudice to the Plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying

5

discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *See Cimino v. State Farm Fire & Cas. Co.*, 2022 WL 227238 (D. Colo. Jan. 26, 2022); *Colorado Access v. Atl. Specialty Ins. Co.*, 2022 WL 3716518 (D. Colo. Aug. 29, 2022). These factors are known as the *String Cheese Incident* factors. *Id.* Here, the *String Cheese Incident* factors all weigh in favor of staying litigation.

The first factor weighs in favor of the stay. The potential prejudice to Plaintiffs due to delay is minimal. The requested stay is not indefinite—the Boards are required to promulgate rules within the next four months. Doc. 32 at 5. Additionally, this Court ordered the Defendants to file status reports within two business days of any material action that occurs in the rulemaking process. Doc. 48 at 6. As a result, this Court can quickly lift the stay if Plaintiffs' claims become ripe. Defendants filed a status report on May 22, 2023, informing the Court and Plaintiffs that the stakeholder engagement meetings have been scheduled for June and August of this year. Doc. 56 at 1.

Second, requiring the parties to proceed with discovery would impose an unduly heavy burden on Defendants in light of the Boards' pending rulemaking. In addition to the burdensome nature of collecting previously existing discovery, the Boards will be forced to continuously monitor, collect, and disclose newly discoverable material as the rulemaking record develops. It is a foreseeable

possibility that one or all three of the Boards issue rules that change the disciplinary landscape and trigger necessary revisions to the complaint that would require yet another answer and potentially different discovery obligations. This is an onerous burden that could be avoided if the Court grants the Motion to stay the proceedings until the rulemaking is complete.

Third, efficiency weighs in favor of a stay. The Plaintiffs' claims could be mooted depending on the outcome of the Boards' rulemaking. Case law supports the Court staying this matter until it is clear what claims can move forward after the rulemaking. *Davidson v. Bank of America N.A.*, 2015 WL 5444308, *2 (D. Colo. Sept. 2015) ("[I]t is more convenient for the court to stay discovery until it is clear that the case will proceed").

Considering the interests at stake in this case, the fourth and fifth *String Cheese* factors combined as nonparties and the general public, likely will have analogous interest. Nonparties, such as licensees other than the Plaintiffs, need clarity on the question of whether they will be subject to discipline related to SB23-190. Similarly, the general public has an interest in knowing whether this practice is part of the standards of care within Colorado. This question cannot be definitively answered until the Boards complete the rulemaking process. A court decision, the Defendants' Answers, interrogatory responses, and deposition answers given prior to the completion of rulemaking cannot and will not accurately reflect the Boards' final position on the questions at the heart of this case. A stay pending the

completion of rulemaking poses no harm to nonparties and the public and will be necessarily brief based on publicly noticed events and publicly disseminated Board rules.

## IV. CONCLUSION

The upcoming rulemaking will resolve or modify the critical issues underlying Plaintiffs' complaint, necessarily influencing the pending claims. The critical issue being whether the Boards find that it is within the generally accepted standard of practice to engage in medication abortion reversal. The Court should stay this case against Defendants pending disposition of the critical issue through the rulemaking. Moreover, a consideration of the *String Cheese Incident* factors favor a stay of all proceedings against Defendants until the rulemaking of the Boards is complete.

**WHEREFORE**, Defendant Board Members respectfully request a stay of this litigation until the completion of the three Boards' rulemaking.

Respectfully submitted this 20th day of June, 2023.

PHILIP J. WEISER
Attorney General

s/ Elizabeth Virginia Kenny
_____

*Elizabeth Virginia Kenny*
Assistant Attorney General
Nursing and Professional Boards Unit,
   Business and Licensing Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone:  720 508-6383
E-Mail:  elizabeth.kenny@coag.gov
*Attorneys for Defendant, the Colorado State*
   *Nursing Board*
      *Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, I served a true and complete copy of the foregoing **DEFENDANT BOARD MEMBERS' MOTION TO STAY PROCEEDINGS PENDING RULEMAKING,** upon all parties herein by e-filing with the CM/ECF system maintained by the court.

_s/ Xan Serocki_
*Xan Serocki*