IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, et al.

    Plaintiff(s),

v.

PHIL WEISER, in his official capacity as Attorney
General of Colorado, et al.

    Defendant(s).

---

### DEFENDANT JOHN KELLNER'S MOTION TO DISMISS

---

Defendant John Kellner, in his official capacity as District Attorney of the Eighteenth Judicial District of Colorado, through counsel, hereby respectfully submits this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1):[1]

### INTRODUCTION

Plaintiffs challenge the constitutionality of the amendment to the Colorado Consumer Protection Act ("CCPA"), and specifically C.R.S. § 6-1-734, based on SB 23-190. District Attorney Kellner, in the attached declaration, disavows any intent to enforce the amended CCPA—including against Plaintiffs. As a result, there is no credible threat of prosecution of the Plaintiffs and Plaintiffs therefore lack standing to pursue their claims against District Attorney Kellner.

---

[1] Pursuant to DDD Civ. P.S. 111(D)(1), prior to filing this Motion, the undersigned counsel for Defendant conferred with counsel for the Plaintiffs, Rebekah P. Ricketts. Ms. Ricketts indicated the Motion is opposed.

1

## STATEMENT OF FACTS

District Attorney Kellner submits the Declaration of John E. Kellner with this Motion. In pertinent part, the Declaration (attached as Exhibit A) states:

1. I am the elected District Attorney for the Eighteenth Judicial District of Colorado.

2. The Eighteenth Judicial District Attorney's Office is primarily focused on the prosecution of criminal offenses and has not historically enforced the CCPA. I am not aware of any current or former CCPA enforcement by this office. (Ex. A at ¶ 4.)

3. I understand that the Plaintiffs are asserting that SB 23-190 infringes on aspects of their First Amendment Rights including the guaranties of the Free Speech and Free Exercise clauses. As such, it is my intention to completely disavow any enforcement of SB 23-190 against the Plaintiffs until and unless this Court determines the statute does not violate their First Amendment rights. Further, I disavow enforcement during the pendency of any appeal of the above captioned case. *Id*. at ¶ 7.

4. As District Attorney my paramount obligation is the enforcement of the Colorado criminal laws. I will not enforce this civil penalty statute against these Plaintiffs. Further, any person who complains about an advertisement that is believed a violation of this statute will be advised to contact the Attorney General's Office. *Id*. at ¶ 8.

## ARGUMENT

I. **PLAINTIFFS LACK STANDING TO PURSUE CLAIMS AGAINST DISTRICT ATTORNEY KELLNER**

Article III of the United States Constitution restricts the jurisdiction of federal courts to the adjudication of "Cases" or "Controversies." U.S. CONST. art. III, § 2, cl. 1. "Though some

2

of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). "Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (internal citations omitted). *Noe v. Matevousian*, No. 19-cv-02148-DDD-STV, 2021 WL 4622054, at *4 (D. Colo. Oct. 7, 2021), *aff'd sub nom. Noe v. True*, 2022 WL 5080196 (10th Cir. Oct. 5, 2022) ("Standing has three elements: (1) injury in fact, (2) a causal connection between the injury and the conduct; and (3) a likelihood that the court can redress the alleged harm."). Plaintiffs bear the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

"[A] plaintiff cannot sustain a claim for prospective injunctive relief that is based on 'speculative future harm.'" *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1218 (10th Cir. 2006). Thus, to have standing to seek their injunction here, Plaintiffs must show "a credible threat of future prosecution." *Dias v. City & Cnty. of Denver,* 567 F.3d 1169, 1176 (10th Cir. 2009). "In the First Amendment context, two types of injuries may confer Article III standing to seek prospective relief." *Ward v. Utah,* 321

F.3d 1263, 1267 (10th Cir. 2003). "First, a plaintiff generally has standing if he or she alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (citing *Phelps v. Hamilton,* 122 F.3d 1309, 1326 (10th Cir. 1997)). Second, "a First Amendment plaintiff who faces a credible threat of future prosecution suffers from an 'ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights." *Id.* However, a "subjective chill" is inadequate. *Id.* (citing *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972). "In other words, to satisfy Article III, the plaintiff's expressive activities must be inhibited by 'an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences from the statute's enforcement." *Winsness v. Yocom,* 433 F.3d 727, 732 (10th Cir. 2006) (internal quotations omitted).

"Where a plaintiff only seeks prospective relief, standing is defeated when there is evidence the government will not enforce the challenged statute against the plaintiff." *Mink v. Suthers,* 482 F.3d 1244, 1255 (10th Cir. 2007). An assurance by a government official not to prosecute is sufficient to defeat standing. *Baker v. USD 229 Blue Valley,* 979 F.3d 866, 873 (10th Cir. 2020); *cf. Peck v. McCann,* 43 F. 4th 11 1116, 1132-33 (10th Cir. 2022). Standing must exist throughout the litigation. *Qwest Communications Int'l, Inc. v. F.C.C.,* 240 F.3d 886, 891 (10th Cir. 2001). Standing must be established "for each claim." *Defenders of Wildlife v. Everson,* 984 F.3d 918, 945 (10th Cir. 2020); *Davis v. Fed. Election Comm'n,* 554 U.S. 724, 734 (2008). Standing must also be established for each defendant against whom Plaintiffs seek relief. *Collins*, 916 F.3d at 1314 ("Plaintiffs have the burden to demonstrate standing for each form of relief sought.") (quoting *Lippoldt*, 468 F.3d at 1216); *see Hernandez v. Grisham,* 494 F.Supp.3d 1044,

4

1133 (D.N.M. 2020) (citing *Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 65-66 (2d Cir. 2012) and *Reinger v. Hyundai Motor Am.,* 122 F.Supp.3d 888, 895 (N.D. Cal. 2015)).

Application of these principles here demonstrates that Plaintiffs lack standing to pursue their claims against District Attorney Kellner. District Attorney Kellner's Declaration disavows any intent to enforce the amendment to the CCPA against these Plaintiffs. *See Citizens for Const. Integrity v. United States*, 57 F.4th 750, 760 (10th Cir. 2023) (Court may consider declarations in determining jurisdictional facts.) As a result, there is simply no credible threat of any investigation or civil action under the CCPA initiated by District Attorney Kellner against the Plaintiffs or anyone else for violating the amended CCPA for purposes of satisfying the injury in fact element of the standing analysis. The lack of any credible threat of prosecution by District Attorney Kellner against Plaintiffs means they lack standing to pursue their claims against him. The existence of other claims against other Defendants for which Plaintiffs may or may not have standing does not create standing against District Attorney Kellner. *Mahon,* 683 F.3d at 65-66 ("a plaintiff's injury resulting from the conduct of one defendant should have no bearing on her Article III standing to sue other defendants"); *Krohnengold v. N.Y. Life Ins. Co.,* 2022 U.S. Dist. LEXIS 143029, at *13 (S.D.N.Y. Aug. 9, 2022) ("It is well established that a plaintiff must demonstrate standing for each claim he or she seeks to press against each defendant.") (citations, internal quotations and alterations omitted).

WHEREFORE, for all the foregoing reasons, Defendant John Kellner respectfully requests this Court dismiss Plaintiffs' claims against him for lack of standing, and for all other and further relief as this Court deems just and appropriate.

Respectfully submitted this 20th day of June, 2023.

                                          BERG HILL GREENLEAF RUSCITTI LLP

                                        *s/ Geoffrey C. Klingsporn*
                                        _____
                                        Josh A. Marks
                                        Geoffrey C. Klingsporn
                                        1712 Pearl Street
                                        Boulder, CO  80302
                                        Phone:  (303) 402-1600
                                        Fax:  (303) 402-1601
                                        jam@bhgrlaw.com
                                        geoff.klingsporn@bhgrlaw.com

                                        *Attorneys for Defendant John Kellner,*
                                        *District Attorney for the 18th Judicial District*

## CERTIFICATE OF COMPLIANCE

      I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), containing 1,636 words, inclusive of footnotes.

                                        *s/ Geoffrey C. Klingsporn*
                                        _____
                                        Geoffrey C. Klingsporn

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of June, 2023, I electronically filed the foregoing **DEFENDANT JOHN KELLNER'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Daniel M. Vitagliano
Laura W. Slavis
Rebekah P. Ricketts
Mark L. Rienzi
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
dvitagliano@becketlaw.org
lwolk@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org

Ann Tomsic
18th Judicial District Attorney's Office
Appeals Unit
6450 S. Revere Parkway
Centennial, CO  80111
atomsic@da18.state.co.us

Catherine R. Ruhland
David E. Hughes
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO  80302
truhland@bouldercounty.org
dhughes@bouldercounty.org

Abigail M. Hinchcliff
Grant T. Sullivan
Michael T. Kotlarczyk
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO  80203
abigail.hinchcliff@coag.gov
grant.sullivan@coag.gov
mike.kotlarczyk@coag.gov

Brian J. Urankar
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO  80203
brian.urankar@coag.gov

Elizabeth V. Kenny
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO  80203
elizabeth.kenny@coag.gov

Andrew Ringel
Hall & Evans LLC
1001 - 17th Street, Suite 300
Denver, CO  80202
ringela@hallevans.com

                                     *s/ Geoffrey C. Klingsporn*
                                     _____
                                     Geoffrey C. Klingsporn