# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BELLA HEALTH AND WELLNESS et al., | Case No. 1:23-cv-939-DDD-SKC |
| *Plaintiffs*, | |
| v. | |
| PHIL WEISER, in his official capacity as Attorney General of Colorado, et al., | |
| *Defendants*. | |

### PLAINTIFFS' RESPONSE TO DEFENDANT BOARD MEMBERS' MOTION TO STAY PROCEEDINGS PENDING RULEMAKING

Mark L. Rienzi
Rebekah P. Ricketts*
Laura W. Slavis
Daniel M. Vitagliano**
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
mrienzi@becketlaw.org

*Admitted only in Texas. Supervised by a member of the D.C. Bar.

**Admitted only in New York. Supervised by a member of the D.C. Bar.

# INTRODUCTION

On July 26—the day after this motion is fully submitted—the Board of Nursing will convene to discuss rulemaking related to SB 23-190. Nine days later, on August 4, the Medical, Nursing, and Pharmacy Boards will convene a joint stakeholder meeting. Less than two weeks after that, on August 17, the Medical Board will conduct its final rulemaking hearing. The Nursing Board will conduct its final rulemaking hearing a month later, on September 20.

These are not circumstances where a formal stay of proceedings is necessary or efficient for the Court or the parties. The rulemaking process is well underway, and the Boards are facing a statutory deadline—October 1—that is now just around the corner. This Court has ample alternatives to manage its docket—including, if necessary, extending the Boards' answer deadline or setting a discovery schedule that accounts for the statutory deadline—that do not involve putting this entire case on ice.

Importantly, the existence of a live case has already prompted significant concessions by the State in open court. Dkt.48 at 1-2. It has also resulted in meaningful reporting requirements that have generated two status reports so far. *Id.* at 6; *see* Dkts.56, 64. At a bare minimum, Plaintiffs need that ongoing protection—because the status quo, unless and until the Boards decide otherwise, is that abortion pill reversal *is* unprofessional conduct subject to discipline. SB 23-190 §3(2)(a).

1

Because it makes no sense to formally stay this case on these facts, and because Plaintiffs have a significant interest in this Court's ongoing supervision, the motion to stay should be denied.

## BACKGROUND

Plaintiffs hereby incorporate by reference the factual background in their response to the pending motions to dismiss. Dkt.71 at 1-5.

***Procedural History.*** Hours after SB 23-190 was signed into law, Plaintiffs sued and moved for emergency relief. Dkt.7. This Court entered a TRO that night. Dkt.8. After a hearing, the Court declined to enter a preliminary injunction given the State's agreement "to suspend any enforcement that would affect the plaintiffs" and to "not enforce the new Colorado law against any licensee" pending the rulemaking process. Dkt.48 at 1, 3; *see also id.* at 4 (emphasizing State's representation that "they are treating SB 23-190 as if it were not yet in effect").

This Court ordered Defendants to file a status report within two business days of any "material action" in the SB 23-190 rulemaking process. *Id.* at 6. This requirement has generated two joint status reports so far. On May 22, the Medical and Nursing Boards filed a joint status report disclosing plans for two "joint stakeholder meeting[s]" related to SB 23-190. Dkt.56. The first meeting took place on June 5; the second is scheduled for August 4. On June 8, the Boards filed a second joint status report announcing that the Pharmacy Board and the Nursing Board will discuss rulemaking on July 20 and July 26, respectively. Dkt.64. The report further disclosed that the

2

Medical Board will conduct its final rulemaking hearing on August 17, and the Nursing Board will conduct its final rulemaking hearing on September 20. *Id.*

The Attorney General and District Attorneys Kellner and McCann moved to dismiss. Dkts.58, 67, 68. DA Dougherty answered. Dkt.57. And the Defendant Board members moved to stay the case pending the conclusion of the SB 23-190 rulemaking process. Dkt.65.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits the court to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). And it is well established that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Nonetheless, the Tenth Circuit has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "Stays of all proceedings in a case are thus generally disfavored in this District and are considered to be the exception rather than the rule." *Colo. Fire Sprinkler, Inc. v. Nat'l Automatic Sprinkler Indus. Pension Fund*, No. 21-cv-2707-PAB-KMT, 2022 WL 4467034, at *3 (D. Colo. Sept. 26, 2022) (cleaned up) (denying motion to stay pending rulemaking).

3

## ARGUMENT

In determining whether to grant or deny a stay, courts in this District consider the following factors (the "*String Cheese Incident*" factors):

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-1934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). A balance of these factors weighs against granting a stay in this case.

***Plaintiffs' Interests.*** Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v. City & County of Denver*, No. 19-cv-2437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). While "virtually all plaintiffs" have a "general" interest in proceeding quickly, *see Edwards v. Zenimax Media, Inc.*, No. 12-cv-411-WYD-KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012), Plaintiffs' interest is especially pressing. That is because the law currently on the books makes it "unprofessional conduct" to provide abortion pill reversal, SB 23-190 §3(2)(a)—treatment that Bella and its providers actively offer, as their religious convictions compel them to do, Compl., Dkt.1 ¶98.

It is only the existence of a live case that has prompted Defendants to make significant concessions in open court. *Supra* p.2. This Court has also required Defendants to submit status reports about any "material action" in the rulemaking process, which has already produced two status reports indicating that the process is well

4

underway. *See* Dkts.56, 64. At minimum, Plaintiffs need that ongoing protection—and this Court's active supervision—to ensure that their rights are protected. This factor weighs against a stay.

***Burden on Defendants.*** "The ordinary burdens associated with litigating a case do not constitute undue burden[s]." *Collins v. Ace Mortgage Funding, LLC*, No. 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008). "Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure." *Webb v. Brandon Exp. Inc.*, No. 09-cv-792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009); *see also Chavez v. Young Am. Ins. Co.*, No. 06-cv-2419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("Defendants always are burdened when they are sued.").

Defendants insist that they will be unduly burdened if the case proceeds before the rulemaking process is complete. Mot.6-7. But these concerns can be addressed by extending the Boards' answer deadline or, if necessary, setting a discovery schedule that accounts for the October 1 rulemaking deadline. A formal stay is not required. This factor is at most neutral.

***Convenience to the Court.*** "[S]tays—and the delay that comes with them—are usually not convenient." *McGinn v. El Paso County*, 2022 WL 16924058, at *4 (D. Colo. Nov. 14, 2022). "[C]ases that linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-1084-WJM-NYW,

5

2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "[t]he Court has an interest in managing its docket by having the cases on its docket proceed expeditiously," *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-1153-MSK-KLM, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014).

Defendants argue that "efficiency weighs in favor of a stay" because "[i]t is more convenient for the court to stay discovery until it is clear that the case will proceed." Mot.7 (citing *Davidson v. Bank of Am. N.A.*, No. 14-cv-1578-CMA-KMT, 2015 WL 5444308, at *2 (D. Colo. Sept. 16, 2015)). That may be true where resolving the pending motion would "resolve the case," with "no need for further proceedings." *Davidson*, 2015 WL 54444308, at *2 (cleaned up); *see also Colo. Access v. Atl. Specialty Ins. Co.*, No. 21-cv-2913-NYW, 2022 WL 3716518, at *3 (D. Colo. Aug. 29, 2022) (finding stay appropriate where "a pending dispositive motion could completely resolve the case").

Here, the Board rulemaking—regardless of outcome—will not "resolve th[is] case" in its entirety. *Davidson*, 2015 WL 5444308, at *2. The rulemaking process relates only to Section 3 of SB 23-190, and Plaintiffs have independently challenged the other statutory sections too. Moreover, there is no guarantee that the outcome of the rulemaking will resolve—or even affect—Plaintiffs' Section 3 claims. And "the mere possibility that discovery could be narrowed by a pending dispositive motion"—or in this case, a pending rulemaking proceeding—is "insufficient to justify a stay." *Mullen v. Bd. of Comm'rs*, No. 21-cv-2398-RM-NYW, 2022 WL 12028866, at *4 (D. Colo. Feb. 25, 2022). This factor weighs against a stay.

6

*Interests of Non-Parties and the Public Interest.* Finally, both the interests of non-parties—namely, current and future abortion pill reversal patients and other providers who may be subject to SB 23-190—and the public interest cut against a stay. "While the public indeed has an interest in avoiding wasteful efforts by the court and the litigants, it also has an interest in moving matters forward," as well as a "more substantial interest" in ensuring that the government is "operating within the bounds of the law." *McGinn*, 2022 WL 16924058, at *4 (cleaned up). And Bella's abortion pill reversal patients—including several who remain under Bella's care—as well as other pro-life providers in Colorado certainly share an interest in the timely vindication of the constitutional rights at issue in this case. This factor cuts against a stay.

In sum, the *String Cheese Incident* factors taken as a whole cut against a formal stay of this case pending the outcome of the rulemaking proceedings. But Plaintiffs have no objection to an extension of the Boards' answer deadline or to a discovery schedule that accounts for the statutory rulemaking deadline.

## CONCLUSION

The Court should deny the motion to stay.

7

Dated: July 11, 2023

Respectfully submitted,

/s/ Mark L. Rienzi

Mark L. Rienzi
Rebekah P. Ricketts*
Laura W. Slavis
Daniel M. Vitagliano**
The Becket Fund for Religious Liberty
  1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
mrienzi@becketlaw.org

*Admitted only in Texas. Supervised by a member of the D.C. Bar.

**Admitted only in New York. Supervised by a member of the D.C. Bar.

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing response complies with the type-volume limitation set forth in Judge Domenico's Civil Practice Standard III.A.1.

/s/ Mark L. Rienzi
Mark L. Rienzi

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically filed the above response with the Clerk of Court via CM/ECF, which will provide electronic copies to counsel of record.

/s/ Mark L. Rienzi
Mark L. Rienzi
