IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-939-DDD-SKC

BELLA HEALTH AND WELLNESS, et al.,
    Plaintiffs,
v.
PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,
    Defendants.

**DEFENDANT BOARD MEMBERS' REPLY TO THE PLAINTIFFS' RESPONSE [DOC. 72] TO THE MOTION TO STAY PROCEEDINGS**

Senate Bill 23-190 declares that it is unprofessional conduct for a licensed medical professional to provide or attempt to provide "medication abortion reversal," unless the Colorado Medical Board, the State Board of Pharmacy and the State Board of Nursing "*each* have in effect rules finding that [this treatment] is a generally accepted standard of practice[.]" Doc. 32-1 at 4 § 3; § 3(2)(a)-(b) (emphasis added). When Plaintiffs filed their Complaint, no Board rules had been noticed, considered, or adopted—meaning that the ultimate status of abortion reversal treatment in Colorado was not yet known. Doc. 57. As the rule making process is ongoing, the ultimate status of abortion reversal treatment in Colorado is still unknown. The Defendant Board members therefore moved to stay the case pending the conclusion of the SB 23-190 rulemaking process.

Although a formal stay of proceedings is generally disfavored by the courts, such a measure is called for here. Prior to the outcome of the rulemaking process the parties can have no certainty about the facts and claims in this case—because

1

the actual status of abortion pill reversal remains undecided. Also uncertain is the status of the other Defendants in this case. A brief stay will avoid waste and inefficiency for both the parties and this Court. And Plaintiffs will not lose their "ongoing protection" from this Court in the interim and will therefore suffer no harm from a stay. Doc. 72 at 1.

## I.   Legal Standard

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (analyzes four factor test for considering motions to stay).

## II.   Argument

### A. A stay of proceedings is the best option for the court to manage its docket until the rulemaking concludes in the near future.

A short stay of proceedings is the most equitable and efficient way for this Court to manage its docket. The Plaintiffs suggest instead extending an answer deadline or setting a discovery schedule that accounts for the statutory rulemaking deadlines. These alternatives are insufficient, because until the Board rules are final, neither party can be certain the complaint will stand unamended (or

2

dismissed) and thus Defendants cannot in good faith agree to a new answer and discovery deadline.

A cursory review of the Colorado Medical Board's recently published 'Proposed Rule 1.32' on July 14, 2023, demonstrates the possibility that Plaintiffs may seek to amend their complaint. *See* Exhibit 1, Proposed Rule 1.32. The draft rule addresses specific aspects of patient-provider communication about abortion pill reversal which are not addressed in the statute. Under the Medical Board's proposed rule, informed consent requires, for example, "information about the risks, benefits, likelihood of intended outcome of the proposed treatment[.]" *Id*.

The Boards cannot predict whether this rule (or if revised, the Board rules that are adopted), and the other portions of the rulemaking will resolve Plaintiffs' legal concerns or raise new ones. A stay allows an opportunity for Plaintiffs to see the final rules, analyze potential issues (or resolutions) and respond accordingly prior to the Boards' answers—thereby avoiding an unnecessary round robin of answers, amendments, and further answers.

**B. The Plaintiffs will not suffer the harm they allege in their complaint if a stay is granted.**

Plaintiffs' concerns about delay ignore two related facts. First, proceedings against several Defendants are paused pending a ruling from the Court on the Motions to Dismiss. Docs. 58, 67, 68. Second, the pending rulemaking means that the most important fact in this case—the status of abortion pill reversal in Colorado—is uncertain. The parties in this case and the territory they dispute will

3

not be known until the motions are decided and the rulemaking concludes. A brief delay ensures that the arguments and facts marshalled by the parties do not march right past each other. Keeping the Board Defendants on a similar schedule creates substantial efficiencies for the parties and the Court. Plaintiffs implicitly recognize these efficiencies in their offer to extend the deadline for the Boards' answers.

Next, Plaintiffs argue against a stay because they require "ongoing protection" and the Court's supervision to ensure that their "rights are protected." Doc. 72 at 5. Plaintiffs' concerns are unfounded. The Court retains jurisdiction over stayed matters. And the Boards have complied with the Court's Order to submit notice to this Court within two business days of any rulemaking event to keep this Court fully informed of the rulemaking process. Most critically, the Boards have promised not to enforce SB 23-190 during the rulemaking process. The Boards' affidavit from Sam Delp is a broad promise of non-enforcement against all licensees, not just Plaintiffs. *See* Doc. 32-2. The Boards have kept their word on non-enforcement during the proceedings and continue to act in the good faith effort noted by the Court's May Order. Plaintiffs face no imminent threat and need no special protection from this Court while the Boards conduct the rulemaking that SB 23-190 requires.

## CONCLUSION

The Board Defendants anticipate the Medical Board will conduct final rule making on August 17 and the Board of Nursing on September 20, 2023. The Board

4

Defendants respectfully request the Court stay the matter pending conclusion of the rulemaking contemplated by SB 23-190.

Respectfully submitted this 25th day of July, 2023.

>PHILIP J. WEISER
>Attorney General
>
>s/ Brian Urankar
>
>*Brian Urankar*, Assistant Attorney General
>Counsel to the Colorado Medical Board
>*Elizabeth Kenny*, Assistant Attorney General
>Counsel to the Colorado State Board of Nursing
>
>1300 Broadway
>Denver, Colorado 80203
>Telephone: (720) 508-6407
>Email: brian.urankar@coag.gov
>elizabeth.kenny@coag.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

5

## CERTIFICATE OF SERVICE

   I hereby certify that on July 25, 2023, I served a true and complete copy of the foregoing **DEFENDANT BOARD MEMBERS' REPLY TO THE PLAINTIFFS' RESPONSE [DOC. 72] TO THE MOTION TO STAY PROCEEDINGS** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email.

                *s/* Xan Serocki
                *Xan Serocki*