IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, et al.

    Plaintiff(s),

v.

PHIL WEISER, in his official capacity as Attorney
General of Colorado, et al.

    Defendant(s).

___

**DEFENDANTS JOHN KELLNER'S AND BETH MCCANN'S
REPLY IN SUPPORT OF MOTIONS TO DISMISS**
___

Defendants John Kellner and Beth McCann, in their official capacities as District Attorneys of the Eighteenth Judicial District of Colorado and the Second Judicial District of Colorado, by and through their respective undersigned counsel, submit this Reply in Support of their Motions to Dismiss [Docs. #58 & #67].

## ARGUMENT

District Attorney Kellner and District Attorney McCann have disavowed any intent to enforce the amended CCPA against Plaintiffs or anyone else. Under settled Tenth Circuit law, this deprives Plaintiffs of standing. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 873 & n.4 (10th Cir. 2020) ("We have found such 'assurances' from a government official sufficient to defeat standing.") (citing cases). Plaintiffs concede this question turns on "whether the DAs' affidavits succeed in mooting the claims against them." [Doc. #71 at 20.] Relying primarily on out-of-circuit caselaw, Plaintiffs assert the assurances of the District Attorneys are insufficient because "nothing

prevents [the DAs] from changing their minds." *Id*. at 21. But sheer speculation about future decisions does not satisfy Article III standing, and the District Attorneys should be dismissed.

As an initial matter, Plaintiffs distinguish between standing (at the time suit is brought) and mootness (by subsequent events). [Doc. #71 at 20.] But this is a red herring. In *Mink v. Suthers,* the Tenth Circuit held disavowals of prosecution are sufficient to deprive a plaintiff of standing even if issued after the complaint is filed. *Mink v. Suthers*, 482 F.3d 1244, 1254-55 (10th Cir. 2007) ("By jumping the gun and filing a complaint for prospective relief, a plaintiff cannot retain standing where the prosecutor immediately concludes the statute cannot be constitutionally enforced."). Whether analyzed under standing or mootness, the Declarations here require the District Attorneys' dismissal.

District Attorney Kellner's Declaration unequivocally states "I will not enforce this civil penalty statute against these Plaintiffs." [Doc. #67-1 at ¶ 8.] District Attorney McCann similarly declares, "I have no intent to investigate or prosecute an action under the CCPA for the purpose of enforcing SB 23-190, either against the Plaintiffs or anyone else." [Doc. #58-1 at ¶ 5.] But Plaintiffs maintain their claims against the DAs should survive because "neither DA takes the position—much less the unequivocal position—that SB 23-190 cannot be constitutionally applied to Plaintiffs…. [a]nd neither purports to bind himself and his [*sic*] successors." [Doc. #71 at 21 (citations, quotations, alterations omitted).] For Plaintiffs, only "a consent judgment binding [the DAs'] offices not to prosecute Plaintiffs" could possibly suffice. [*Id*.] That theory, mostly based

on an inapposite case from a California federal district court,[1] is inconsistent with the law in the Tenth Circuit.

The Tenth Circuit has repeatedly relied on assurances of non-enforcement like those submitted by the DAs here to dismiss pre-enforcement claims. In *Winsness v. Yocom*, the Tenth Circuit determined the plaintiff had no credible threat of prosecution, and thus no standing, where "he ha[d] received assurances from the District Attorney that the flag-abuse statute will not be enforced against him or anyone else." *Winsness v. Yocom*, 433 F.3d 727, 733 (10th Cir. 2006). There, as here, the plaintiff fought this conclusion by arguing that "[the DA's] political successors might repudiate [his] policy." *Id*. The Tenth Circuit refused to allow standing based on such speculation, holding "it is not necessary for defendants in such cases to refute and eliminate all possible risk that the statute might be enforced." *Id*.

*Winsness* relied in part on *D.L.S. v. Utah*, 374 F.3d 971 (10th Cir. 2004), where the Tenth Circuit held standing did not exist where one county prosecutor stated in an affidavit it was "doubtful" the prosecutor would bring sodomy charges against the plaintiff, and a city attorney attested "he will not file charges against D.L.S." *D.L.S.*, 374 F.3d at 974 (10th Cir. 2004); *see Winsness*, 433 F.3d at 732. Likewise, in *Mink*, the Tenth Circuit surveyed its precedent and concluded "the possibility of future enforcement need not be reduced to zero to defeat standing." *Mink*, 482 F.3d at 1255 (cleaned up) (holding that a district attorney's promise not to prosecute

---

[1] Plaintiffs cite *Miller v. Bonta*, No. 22CV1446-BEN (JLB), 2022 WL 17363887 (S.D. Cal. Dec. 1, 2022), but that case discussed ripeness, not standing; more importantly, the District Court there found as a factual matter the statute in question "is presently tending to insulate California firearm regulations from constitutional review." *Id*. at *4.

3

defeated standing even though "the 'No File' letter conceivably might not bind other district attorneys").

In short, "the affirmative assurances of non-prosecution from a governmental actor responsible for enforcing the challenged statute prevents a 'threat' of prosecution from maturing into a 'credible' one." *Bronson v. Swensen*, 500 F.3d 1099, 1108 (10th Cir. 2007) (collecting cases). Plaintiffs here cannot show a credible threat of prosecution by District Attorney Kellner or District Attorney McCann, who have both specifically disavowed any prosecution of Plaintiffs under the amended CCPA.

The District Attorneys showed in their Motions and accompanying Declarations that standing must be established for each claim and for each defendant against whom Plaintiffs seek relief. [Doc. #67 at 4-5.] Plaintiffs do not contest this principle, but direct the bulk of the arguments in their Response to their claims against the Attorney General. Such arguments cannot create standing separately against the District Attorneys, and Defendants Kellner and McCann should be dismissed.

WHEREFORE, for all the foregoing reasons, as well as based on the arguments and authorities contained in their Motions to Dismiss, Defendants John Kellner and Beth McCann respectfully request this Court dismiss Plaintiffs' claims against them for lack of standing, and for all other and further relief as this Court deems just and appropriate.

Respectfully submitted this 25th day of July 2023.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ Geoffrey C. Klingsporn*

Josh A. Marks
Geoffrey C. Klingsporn
1712 Pearl Street
Boulder, CO  80302
Phone:  (303) 402-1600
Fax:  (303) 402-1601
jam@bhgrlaw.com
geoff.klingsporn@bhgrlaw.com

*Attorneys for Defendant John Kellner,*
*District Attorney for the 18th Judicial District*

HALL & EVANS, LLC

*s/ Andrew D. Ringel*

Andrew D. Ringel
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  (303) 628-3300
Fax:  (303) 628-3368
ringela@hallevans.com

*Attorney for Defendant Beth McCann*
*District Attorney for the 2nd Judicial District*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), containing 941 words, inclusive of footnotes.

*s/ Geoffrey C. Klingsporn*

Geoffrey C. Klingsporn

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2023, I electronically filed the foregoing **DEFENDANT JOHN KELLNER'S REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Daniel M. Vitagliano
Laura W. Slavis
Rebekah P. Ricketts
Mark L. Rienzi
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
dvitagliano@becketlaw.org
lwolk@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org

Ann Tomsic
18th Judicial District Attorney's Office
Appeals Unit
6450 S. Revere Parkway
Centennial, CO 80111
atomsic@da18.state.co.us

Catherine R. Ruhland
David E. Hughes
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO 80302
truhland@bouldercounty.org
dhughes@bouldercounty.org

Abigail M. Hinchcliff
Grant T. Sullivan
Michael T. Kotlarczyk
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
abigail.hinchcliff@coag.gov
grant.sullivan@coag.gov
mike.kotlarczyk@coag.gov

Brian J. Urankar
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO 80203
brian.urankar@coag.gov

Elizabeth V. Kenny
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO 80203
elizabeth.kenny@coag.gov

Andrew Ringel
Hall & Evans LLC
1001 - 17th Street, Suite 300
Denver, CO 80202
ringela@hallevans.com

*s/ Cheryl Stasiak*
_____
Cheryl Stasiak