# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BELLA HEALTH AND WELLNESS et al., | Case No. 1:23-cv-939-DDD-SKC |
| *Plaintiffs*, | |
| v. | **JOINT STATUS REPORT** |
| PHIL WEISER, in his official capacity as Attorney General of Colorado, et al., | |
| *Defendants*. | |

Plaintiffs and Defendants in this case, by their undersigned counsel, hereby submit this joint status report pursuant to this Court's order dated August 25, 2023. Dkt. 81.

***Rulemaking status.*** The Medical Board has now adopted final rules implementing SB 23-190 on a permanent and emergency basis. Dkt. 78. The Medical Board rules are effective on October 1, 2023. *Id.* The Nursing Board is scheduled to conduct its hearing on the proposed rules on September 20, 2023. Dkt. 77. The Pharmacy Board is scheduled to conduct its hearing on the proposed rules on September 21, 2023. *Id.*

1. ***Pending motions.***

*Plaintiffs' position:* Plaintiffs intend to amend their complaint and renew their motion for preliminary injunction at the conclusion of the rulemaking process contemplated by SB 23-190. Plaintiffs anticipate amending the claims raised in their complaint in ways that include, but are not limited to, addressing the ongoing

.
.

rulemaking process, and are also considering potential new claims. Plaintiffs' view is that there is no need for the Court to expend time or resources ruling on the pending motions given that Plaintiffs' amendments may significantly affect the claims before the Court and the defenses that might be asserted to those claims. The Attorney General's pending 12(b)(6) motion argues that Bella has failed to state a claim for relief. It does not make sense for the Court to opine on the sufficiency of soon-to-be-superseded pleadings when new pleadings are coming soon. The positions taken in the District Attorneys' motions concerned the law as it stood this past spring and do not address either the law now or the plans and commitments of those offices in light of their respective upcoming elections and District Attorney McCann's decision not to seek re-election.[1] Plaintiffs believe the best course is for Defendants to set forth their positions in response to the amended complaint, which Plaintiffs anticipate filing the day after the rulemaking is complete.

*Defendants' positions:*

<u>The Medical Board</u>: The Medical Board agrees that the Court does not need to rule on its pending motion to stay because Plaintiffs intend to amend their complaint.

---

[1] Primary elections will take place on June 25, 2024, and the general elections will occur on November 5, 2024. *See* Secretary of State, *2024 Election Calendar* at 1, https://www.sos.state.co.us/pubs/elections/calendars/2024ElectionCalendar.pdf; *see also* Denver District Att'y Office, *Denver District Attorney Beth McCann Announces She Will Not Seek Re-Election*, July 20, 2023, https://www.denverda.org/news-release/denver-district-attorney-beth-mccann-announces-she-will-not-seek-re-election-in-2024/.

<u>The Board of Nursing</u>: The Board of Nursing also agrees that the Court does not need to rule on its pending motion to stay because Plaintiffs intend to amend their complaint.

<u>The Attorney General</u>: The Attorney General believes that Plaintiffs' forthcoming amended complaint will not affect the defenses or arguments raised in the Attorney General's fully briefed motion to dismiss, none of which turns on the rulemaking. Dkt. 68. The Attorney General therefore requests that the Court proceed to address his pending motion and dismiss him from this case before his motion is mooted by the filing of an amended complaint.

<u>District Attorneys Kellner and McCann</u>: District Attorney Kellner and District Attorney McCann disagree that any amended complaint would moot their pending motions to dismiss, which turn on issues of standing and mootness that are specific to each DA. While Plaintiffs have not conferred with the District Attorneys regarding their proposed amendments, none of the facts underlying the DAs' pending motions have changed nor could be altered by amendment. The DAs respectfully request that the Court consider and grant their motions to dismiss.

<u>District Attorney Dougherty</u>: District Attorney Dougherty has no pending motions but agrees with the State and the DAs that the issues raised in pending motions to dismiss will likely not be mooted by an amended complaint and the Court should rule on the motions.

3

2. *Amended complaint and preliminary injunction.*

*Plaintiffs' position:* Plaintiffs intend to seek leave to amend their complaint and file a renewed motion for preliminary injunction as soon as all three Boards have completed the rulemaking process.

To facilitate an orderly briefing process on the renewed preliminary injunction motion, and in an effort to avoid emergency briefing, Plaintiffs have requested that all Defendants agree not to enforce SB 23-190 or its implementing Board rules against any licensee for any activity during the period of three (3) weeks after the effective date of October 1, 2023. This period would expire on **October 23, 2023**.[2]

Should the Defendants approve the proposed three-week period of non-enforcement, Plaintiffs would propose the following schedule:

- Plaintiffs shall amend their complaint and file their renewed motion for preliminary injunction no later than **September 22**, the day after the rulemaking is complete.

- Defendants shall respond to the motion for preliminary injunction no later than **October 3**.

- Plaintiffs shall file any reply in support of the motion for preliminary injunction no later than **October 9**.

Plaintiffs would respectfully request that the Court convene a preliminary injunction hearing on or about **October 11**. Plaintiffs would respectfully request a ruling on the preliminary injunction motion no later than **October 23**.

---

[2] The sole purpose of this temporary period of non-enforcement would be to ensure an orderly briefing and decision process. This period is in no way intended, and shall not be invoked by any party, as a reason to grant or deny the motion for preliminary injunction.

Should the Defendants decline to approve the proposed three-week period of non-enforcement, Plaintiffs would be forced to seek emergency relief in advance of the rule's October 1 effective date. In that circumstance, Plaintiffs would propose the following schedule:

- Plaintiffs shall amend their complaint and file their renewed motion for temporary restraining order and preliminary injunction no later than **September 22**, the day after the rulemaking is complete.
- Defendants shall respond to the motion for temporary restraining order and preliminary injunction no later than **September 26**.
- Plaintiffs shall file any reply in support of the motion for temporary restraining order and preliminary injunction no later than **September 28**.

Plaintiffs would respectfully request a ruling on the motion for temporary restraining order and preliminary injunction no later than **October 1**.

Plaintiffs disagree that the District Attorneys should be exempt from the upcoming preliminary injunction briefing based on their pending motions to dismiss, which do not address either the constitutionality of the law or the plans or commitments of their offices in light of their respective upcoming elections. The District Attorneys' participation in preliminary injunction briefing would be unnecessary if they were to agree to an injunction.

*Defendants' positions:*

The Medical Board: Counsel anticipates conducting an emergency Board meeting on September 6 to consider Plaintiffs' request for a period of non-enforcement. Counsel will file a status report within two business days of the Board's vote. Counsel has no objection to Plaintiffs' proposed briefing schedules.

The Board of Nursing: Counsel intends to address Plaintiffs' request for a period of non-enforcement with the Board during its September 20, 2023 rulemaking hearing. Counsel for the Board will file a status report within two business days of that meeting. Counsel has no objection to Plaintiffs' proposed briefing schedules.

The Attorney General: Because the Attorney General only brings professional licensure actions involving doctors or nurses when matters are referred to him by the respective licensing boards, if the Boards vote to adopt a three-week period of non-enforcement, that will necessarily cover the Attorney General's role in licensure actions as well. Accordingly, provided the Boards adopt a three-week period of non-enforcement, the Attorney General agrees not to enforce the statute or rules during that three-week period as well. Counsel has no objection to Plaintiffs' proposed briefing schedules.

District Attorneys Kellner and McCann: As set forth in their motions to dismiss, District Attorney Kellner and District Attorney McCann have already informed the Court that they will not enforce the statute at issue against these Plaintiffs. For this reason, no injunctive relief is necessary against the DAs, and no purpose would be served by having the DAs file separate (and potentially duplicative) briefs opposing a preliminary injunction or participate in an evidentiary hearing.

District Attorney Dougherty: District Attorney Dougherty does not have the authority to enforce the implementing Board rules of SB 23-190 against any licensee

6

and therefore does not intend to enforce them. DA Dougherty will agree not to bring a CCPA claim against Plaintiffs before October 23, 2023.

   **3.** ***Any other matters.*** There are no other matters to bring to the Court's attention at this time.

Dated: September 1, 2023

/s/ Michael T. Kotlarczyk
Michael T. Kotlarczyk
Grant T. Sullivan
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
(720) 508-6205
mike.kotlarczyk@coag.gov

***Counsel for Defendant***
***Philip J. Weiser***

Respectfully submitted,

/s/ Mark L. Rienzi
Mark L. Rienzi
Rebekah P. Ricketts*
Laura W. Slavis
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave, N.W.
  Suite 400
Washington, D.C. 20006
(202) 955-0095
mrienzi@becketlaw.org

*Admitted only in Texas; supervised by a member of the D.C. Bar.

***Counsel for Plaintiffs***

<table>
<tr><td>

/s/ Brian J. Urankar

Brian J. Urankar
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO 80203
(720) 508-6407
brian.urankar@coag.gov

***Counsel for Defendants***
***Colorado Medical Board Members***

</td><td>

/s/ Elizabeth V. Kenny

Elizabeth V. Kenny
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO 80203
(303) 508-6383
elizabeth.kenny@coag.gov

***Counsel for Defendants***
***Colorado State Board of Nursing Members***

</td></tr>
<tr><td>

/s/ Andrew David Ringel

Andrew David Ringel
Hall & Evans LLC
1001 Seventeenth Street
  Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com

***Counsel for Defendant***
***Beth McCann***

</td><td>

/s/ Geoffrey C. Klingsporn

Geoffrey C. Klingsporn
Josh A. Marks
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
geoff.klingsporn@bhgrlaw.com

***Counsel for Defendant***
***John Kellner***

</td></tr>
</table>

/s/ David Evan Hughes

David Evan Hughes
Catherine R. Ruhland
Boulder County Attorney's Office
  P.O. Box 471
Boulder, CO 80306
(303) 441-4794
truhland@bouldercounty.org

***Counsel for Defendant***
***Michael Dougherty***

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically filed the above joint status report with the Clerk of Court via CM/ECF, which will provide electronic copies to counsel of record.

s/ Mark L. Rienzi  
Mark L. Rienzi