THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al,

    Defendants.

---

### DISTRICT ATTORNEY MICHAEL DOUGHERTY'S MOTION TO DISMISS AMENDED COMPLAINT

---

Defendant Michael Dougherty, in his official capacity as District Attorney for the Twentieth Judicial District moves to dismiss Plaintiffs' First Amended Verified Complaint pursuant to Fed.R.Civ.P. 12(b)(1). In support, District Attorney Dougherty states as follows:

### I.    CONFERRAL

In accordance with DDD Civ. P.S. III(D)(1), counsel conferred with Plaintiffs' counsel on September 27, 2023, regarding this Motion. Plaintiffs oppose.

### II.    INTRODUCTION

In its First Amended Verified Complaint [ECF 94], Bella Health alleges that it closed its Lafayette location—the only location within the Twentieth Judicial District--on or about July 27, 2023. *See* First Amended Verified Complaint, [ECF 94 ¶¶ 30, 39, 46]. Because Bella Health is no longer within District Attorney Dougherty's jurisdiction, Bella Health cannot meet its burden of showing that it faces a credible threat of prosecution by District Attorney Dougherty. As a result, Plaintiffs lack standing to pursue their claims against District Attorney

Dougherty.

### III.   STATEMENT OF THE FACTS

Plaintiffs filed their initial complaint and motion for preliminary injunction on April 14, 2023. [ECF 1 and 7]. In response to the preliminary injunction motion, District Attorney Dougherty submitted a Declaration stating in part that he did not interpret the amended Colorado Consumer Protection Act ("CCPA") to establish that progesterone treatment for abortion pill reversal was a *per se* violation of the CCPA "unless and until the relevant medical boards conclude their rulemaking on this treatment as contemplated by SB 23-190." [ECF 32-4 ¶ 12]. This Court denied Plaintiffs' motion for preliminary injunction, finding that in part that Defendants have "made it clear to the Court that the plaintiffs' current and planned activities do not subject them to the threat of enforcement in the imminent future." [ECF 48 at 6].

Bella Health closed its Lafayette facility on July 27, 2023, prior to the Colorado Medical Board's completion of its rulemaking on August 17, 2023. [ECF 94 ¶¶ 13, 30, 39, 46]. Accordingly, Bella Health did not operate a facility in the Twentieth Judicial District that was subject to the rules adopted by the Colorado Medical Board.

### IV.   ARGUMENT

**PLAINTIFFS LACK STANDING TO PURSUE CLAIMS AGAINST DISTRICT ATTORNEY DOUGHERTY**

Bella Health no longer operates in the Twentieth Judicial District, and District Attorney Dougherty has determined and confirmed that Bella Health did not violate the CCPA prior to the facility's closure.  (Exhibit 1, District Attorney Dougherty's Second Declaration ¶¶

5, 8). Accordingly, Plaintiffs' claims against District Attorney Dougherty should be dismissed for lack of standing. Standing is an essential part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The constitutional minimum requirements of standing are: "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (internal citations omitted). Plaintiffs bear the burden of establishing these elements. *Id.* at 561.

To obtain prospective relief, a plaintiff must show "a credible threat of future prosecution." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009). "In the First Amendment context, two types of injuries may confer Article III standing to seek prospective relief." *Ward v. Utah,* 321 F.3d 1263, 1267 (10th Cir. 2003). "First, a plaintiff generally has standing if he or she alleges 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder.'" *Id.* (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997)). Second, "a First Amendment plaintiff who faces a credible threat of future prosecution suffers from an 'ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights." *Id.* However, a "subjective chill" is

3

inadequate. *Id.* (citing *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)). "In other words, to satisfy Article III, the plaintiff's expressive activities must be inhibited by 'an objectively justified fear of real consequences, which can be satisfied by showing a credible threat of prosecution or other consequences from the statute's enforcement." *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006) (internal quotations omitted).

"Where a plaintiff only seeks prospective relief, standing is defeated when there is evidence the government will not enforce the challenged statute against the plaintiff." *Mink v. Suthers*, 482 F.3d 1244, 1255 (10th Cir. 2007). An assurance by a government official not to prosecute is sufficient to defeat standing. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 873 (10th Cir. 2020). Standing must be established for each claim, *Defenders of Wildlife v. Everson*, 984 F.3d 918, 945 (10th Cir. 2020), and for each defendant. *Hernandez v. Grisham*, 494 F.Supp.3d 1044, 1133 (D.N.M. 2020).

By closing its only location within the Twentieth Judicial District, Bella Health has removed any credible threat of prosecution by District Attorney Dougherty. *See Dias*, 567 F.3d at 1176 ("there is no credible threat of future enforcement because none of the plaintiffs currently resides in [the jurisdiction] and none has alleged an intent to return."); *see also Brown v. Buhman,* 822 F.3d 1151, 1173 (10th Cir. 2016) *cert. denied* 580 U.S. 1098 (2017). Even if Plaintiffs initially established standing, closure of the Lafayette clinic mooted the claims against District Attorney Dougherty. *See Mink,* 482 F.3d at 1256 ("When 'intervening acts destroy a party's legally cognizable interest' in the lawsuit, the federal courts are deprived of jurisdiction.") (quotations omitted). "Only by alleging a continuing injury can a plaintiff seeking prospective relief establish an injury in fact." *Dias,* 567 F.3d. at 1177; *see Qwest*

*Communs. Int'l, Inc. v. F.C.C.*, 240 F.3d 886, 891 (10th Cir. 2001) ("Standing must exist throughout the litigation.")

Regarding Bella Health's past actions within the Twentieth Judicial District, District Attorney Dougherty previously determined no violation of the CCPA occurred and therefore he would not prosecute Bella Health for its actions prior to the rulemaking by the medical boards. [ECF 32-4 ¶ 12]. Further, District Attorney Dougherty's Second Declaration once again disclaims any intent by his office to enforce the amendment to the CCPA challenged by Plaintiffs through investigation or a civil action. (Ex. 1). As a result, no credible threat of any investigation or civil action under the CCPA initiated by District Attorney Dougherty exists against the Plaintiffs for a past violation of the amended CCPA. The lack of any credible threat of prosecution by District Attorney Dougherty against Plaintiffs means they lack standing to pursue their claims against District Attorney Dougherty.

In response to motions filed by District Attorney Kellner and District Attorney McCann, Plaintiffs argued that their declarations were insufficient to defeat standing because "nothing prevents [the District Attorneys] from changing their minds." [ECF 71 at 21]. The 10th Circuit rejected a similar argument: "[Plaintiff] seemingly thinks she should have standing because the District hypothetically could change its mind . . . [s]he has not cited any case law recognizing an injury in fact on such a basis." *Baker*, 979 F.3d at 874. Likewise, Plaintiffs cannot demonstrate District Attorney Dougherty is likely to change his mind regarding Bella Health's prior conduct. In his first Declaration, District Attorney Dougherty reasonably interpreted SB 23-190 by determining that it did not establish that progesterone treatment for abortion pill reversal was a *per se* violation of the CCPA "unless and until the

relevant medical boards conclude their rulemaking on this treatment as contemplated by SB 23-190." [ECF 32-4 ¶ 12]. Especially because District Attorney Dougherty's interpretation was the same as the Colorado Attorney General's [See ECF 32-3 ¶ 12] and District Attorney Beth McCann's [See ECF 32-5 ¶ 12], Plaintiffs cannot show an "objectively justified fear" District Attorney Dougherty will reverse his prior reasoning and initiate a CCPA action against Bella Health. *Winsness*, 433 F.3d at 732.

WHEREFORE, Defendant District Attorney Dougherty respectfully requests this Court dismiss Plaintiffs' claims against him for lack of standing.

Dated at Boulder, Colorado this 2nd day of October 2023.

Respectfully submitted,

BOULDER COUNTY ATTORNEY

By:  /s/ David Hughes
David Hughes
Deputy County Attorney
Catherine "Trina" Ruhland
Deputy County Attorney
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dhughes@bouldercounty.org
truhland@bouldercounty.org

*Counsels for the Twentieth Judicial District Attorney*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the applicable type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing via email to all counsel of record in this matter.

                                                       */s/ David Hughes*