THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al,

    Defendants.

---

**DISTRICT ATTORNEYS' RESPONSE TO PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION**

---

Defendants John Kellner, Beth McCann, and Michael Dougherty, in their official capacities as District Attorneys of the Eighteenth Judicial District of Colorado, the Second Judicial District of Colorado, and the Twentieth Judicial District of Colorado, (collectively, the "District Attorneys"), by and through their respective undersigned counsel, hereby respectfully respond in opposition to Plaintiffs' Motion for a Preliminary Injunction [ECF 92] as follows:

## I.    INTRODUCTION

Although the medical boards at issue have completed their rulemaking and Plaintiffs have amended their complaint, the status quo is no different with respect to the District Attorneys than it was when this Court denied Plaintiffs' prior motion for a preliminary injunction. At that time, the Court found in part that Defendants have "made it clear to the Court that the plaintiffs' current and planned activities do not subject them to the threat of enforcement in the imminent future." [ECF 48 at 6].  Accordingly, the Court found that

"[u]nder that status quo, the plaintiffs do not face an irreparable injury in the immediate future, so they do not meet the standard required to obtain the extraordinary measure of a preliminary injunction." *Id.* at 5. Since that time, each of the District Attorneys has filed motions to dismiss based on lack of standing because of Plaintiffs' inability to prove a credible threat of prosecution or the filing of a civil action by any of the District Attorneys. [ECF 58, 67, and 95]. Accordingly, for essentially the same reason the Court denied Plaintiffs' prior preliminary injunction motion, it should deny this one as to the District Attorneys.

## II.     STATEMENT OF THE FACTS

Plaintiffs filed their initial complaint and motion for preliminary injunction on April 14, 2023. [ECF 1 and 7]. In response to the preliminary injunction motion, District Attorney Dougherty and District Attorney McCann submitted declarations stating in part that they did not interpret the amended Colorado Consumer Protection Act ("CCPA") to establish that progesterone treatment for abortion pill reversal was a *per se* violation of the CCPA "unless and until the relevant medical boards conclude their rulemaking on this treatment as contemplated by SB 23-190." [ECF 32-4 ¶ 12; 32-5 ¶12]. District Attorney Kellner submitted a reply indicating his priority was criminal cases rather than bringing actions under the CCPA. [ECF 30]. After a hearing, this Court denied Plaintiffs' motion for preliminary injunction. [ECF 48 at 6].

Subsequently, District Attorney McCann and District Attorney Kellner filed motions to dismiss the original complaint. Both submitted declarations stating, in essence, that that they did not intend to pursue an action under the CCPA for the purpose of enforcing SB 23-190. [ECF 58-1 ¶ 5 and 67-1 ¶ 7]. District Attorney Dougherty answered the original complaint.

2

[ECF 57]. However, in Plaintiffs' First Amended Verified Complaint, Plaintiffs state that Bella Health closed its Lafayette facility on July 27, 2023, prior to the Colorado Medical Board's final rulemaking on August 17, 2023. [ECF 94 ¶¶ 13, 30, 39, 46]. Because Bella Health no longer operates in the Twentieth Judicial District, and District Attorney Dougherty has determined and confirmed that Bella Health did not violate the CCPA prior to the facility's closure, District Attorney Dougherty filed a motion to dismiss Plaintiffs' amended complaint for lack of standing. [ECF 95].

Plaintiffs filed a second motion for preliminary injunction on September 22, 2023, seeking to enjoin the Defendants, including the District Attorneys, from enforcing, among other provisions, the portions of the CCPA adopted by SB 23-190 against Plaintiffs. [ECF 92 at 40]. The motion contains no facts or arguments related to the actions of the District Attorneys, and it fails to address the standing issue raised by District Attorneys McCann and Kellner in their pending motions to dismiss. In fact, the words "district attorneys" appears only once in the entire 48-page Motion.

## III.    ARGUMENT

A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the movant is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). Plaintiffs seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) that they will suffer irreparable injury if the preliminary injunction is denied; (3) the threatened injury outweighs the injury caused by the injunction; and

(4) the injunction is not adverse to the public interest. *Id.* at 20. Plaintiffs cannot meet any of these factors with respect to the District Attorneys.

First, and most importantly, Plaintiffs cannot succeed on the merits because they cannot establish the Court has jurisdiction to consider the merits of Plaintiffs' claims against the District Attorneys. The briefing on the motions to dismiss [ECF 58, 67, 75, 95], which the District Attorneys incorporate into this Response, amply demonstrate that Plaintiffs' claims against the District Attorneys should be dismissed for lack of standing. *See also Brown v. Buhman,* 822 F.3d 1151 (10th Cir. 2016) (overturning district court's decision not to dismiss the county attorney for lack of standing after the county attorney amended its policy to indicate it would not prosecute bigamy cases unless accompanied by additional crimes.) In the prior preliminary injunction proceeding, Plaintiffs took issue with the wording of the declarations at issue, claiming they did not provide for adequate protection against future prosecution. In rejecting this argument, this Court characterized this as "lawyerly quibbling with some of the language in defendants' declarations." [ECF 48 at 4]. Once again, this Court should deny a preliminary injunction even considering Plaintiffs' efforts to quibble with the District Attorneys' declarations. [*See* ECF 75 at 1-3 (District Attorneys' Reply addressing similar arguments).]

Further, while Plaintiffs will undoubtedly remark on the District Attorneys' decision not to address the merits of Plaintiffs' constitutional claims, such an argument would be a red herring. Under the circumstances of this case, the Court is required to resolve the jurisdictional issue of standing prior to deciding the merits. *See Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie,* 654 F.3d 1058, 1068-69 (10th Cir. 2011). Thus, the District Attorneys have no obligation to argue the merits and the Court need not address them. Moreover, as a practical

matter, it would be a waste of taxpayer resources for the District Attorneys to delve into the complex First Amendment issues raised by Plaintiffs when the District Attorneys have stated they do not intend to enforce the challenged legislative provisions against Plaintiffs. Especially because Plaintiffs' arguments focus on actions of the state legislature and state boards over which the District Attorneys have no control, the District Attorneys wish to concentrate their limited resources on prosecuting crimes within their jurisdictions.

Plaintiffs also cannot prove they meet the second criteria for injunctive relief. Although Plaintiffs had ample opportunity to do so in prior briefing or in their Motion, they have not pointed to any facts indicating the District Attorneys, contrary to their declarations, will imminently initiate CCPA civil enforcement actions against them. As a result, Plaintiffs cannot meet their burden of proving their right to injunctive relief is "clear and unequivocal." *N.M. Dep't of Game & Fish v. United States DOI*, 854 F.3d 1236, 1246 (10th Cir. 2017). As noted by the Court in its prior order denying Plaintiffs' preliminary injunction, "To constitute an injury, a chilling effect 'must arise from an *objectively justified* fear of real consequences, which can be satisfied by showing a *credible* threat of prosecution . . .'" [ECF 48 at 5] (emphasis added) *quoting D.L.S. v. Utah*, 374 F.3d 971, 975 (10th Cir. 2004).   Regardless of whether Plaintiffs can establish a credible threat of prosecution against the other Defendants, they have not and cannot against the District Attorneys and therefore Plaintiffs' Motion should be denied at least respecting the three District Attorneys.  *See Hernandez v. Grisham,* 494 F.Supp.3d 1044, 1133 (D.N.M. 2020) (standing must be established for each defendant *citing Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 65-66 (2d Cir. 2012) and *Reniger v. Hyundai Motor Am.,* 122 F.Supp.3d 888, 895 (N.D. Cal. 2015)).

Given Plaintiffs' inability to identify a credible threat of prosecution, the last two injunctive relief factors also weigh in favor of the District Attorneys.  Here, the Plaintiffs' injunction against the District Attorneys serves no legitimate purpose given the District Attorneys' determinations not to enforce the challenged law against the Plaintiffs.  Under such circumstances, it is an injury to the public interest to force the District Attorneys to expend public resources for the purpose of participating in litigation in which they have nothing at stake. *See New Motor Vehicle Bd. v. Orrin W. Fox Co*., 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers) ("It also seems to me that any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."). Ultimately, should Plaintiffs succeed with their claim the amended CCPA is unconstitutional in their litigation against the Attorney General, the District Attorneys who are Defendants in this matter, all other District Attorneys in Colorado, and any private party seeking to enforce the CCPA will be precluded from doing so upon any finding of unconstitutionality or any injunctive relief entered by this Court.  Requiring the District Attorneys to remain parties to a case in which they have unequivocally disclaimed any intent to enforce the challenged statute makes no sense whatsoever under these circumstances based on that inescapable reality.

## IV.    CONCLUSION

The Court should deny Plaintiffs Motion for Preliminary Injunction as applied to the District Attorneys and enter any other and further relief as this Court deems just and appropriate.

Dated at Boulder, Colorado this 3rd day of October 2023.

Respectfully submitted,

 /s/ David Hughes
David Evan Hughes
Catherine R. Ruhland
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO 80306
(303) 441-4794
truhland@bouldercounty.org

**Counsel for Defendant**
**Michael Dougherty**

 /s/ Andrew D. Ringel
Andrew D. Ringel
Hall & Evans LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com

**Counsel for Defendant**
**Beth McCann**

 /s/ Josh Marks
Geoffrey C. Klingsporn
Josh A. Marks
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
geoff.klingsporn@bhgrlaw.com

**Counsel for Defendant**
**John Kellner**


## CERTIFICATE OF COMPLIANCE


We hereby certify that the foregoing pleading complies with the applicable type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing via email to all counsel of record in this matter.

/s/ David Hughes