IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, *et. al.*

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et. al.

    Defendants.

_____

## SUPPLEMENT TO MOTION TO DISMISS FROM DEFENDANT BETH MCCANN
_____

    Defendant Beth McCann, in her official capacity as District Attorney of the Second Judicial District of Colorado, by and through her counsel, Andrew D. Ringel, Esq., of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(b)(1), hereby respectfully submits this Supplement to Motion to Dismiss, as follows:

    1.    Plaintiffs challenge the constitutionality of the amendment to the Colorado Consumer Protection Act ("CCPA"), and specifically C.R.S. § 6-1-734, based on SB 23-190.  Defendant Beth McCann, the elected District Attorney for the Second Judicial District of Colorado, filed a Motion to Dismiss on May 30, 2023, along with the Second Declaration of Beth McCann, disclaiming any intent to enforce the amended CCPA against Plaintiffs or anyone else and argued that, because there was no credible threat of prosecution of the Plaintiffs, the Plaintiffs therefore lack standing to pursue their claims against District Attorney McCann.  [ECF 58].

2. On July 11, 2023, Plaintiffs responded to the Motions to Dismiss filed by Defendants Phil Weiser, Beth McCann, and John Kellner. In their response, Plaintiffs raised only a brief argument related to the Motions filed by the District Attorney Defendants. [ECF 71, at 20-21]. Defendants John Kellner and Beth McCann filed a Reply in Support of Motions to Dismiss on July 25, 2023. [ECF 75].

3. On September 26, 2023, this Court granted Plaintiffs' Unopposed Motion for Leave to Amend Complaint, accepted the Plaintiffs' First Amended Complaint, indicated the Court would consider the pending Motions to Dismiss as being addressed to the First Amended Complaint, and directed the Defendants to file any supplements to their Motions to Dismiss by October 3, 2023. [ECF 93]. Pursuant to this Court's Order, District Attorney McCann files this Supplement to her Motion to Dismiss.

4. Plaintiffs assert the First Amended Complaint changes the analysis: "The positions taken in the District Attorneys' motions concerned the law as it stood this past spring and do not address either the law now or the plans and commitments of those offices in light of their respective upcoming elections and District Attorney McCann's decision not to seek re-election." [ECF 85, at 2]. District Attorney McCann disagrees with Plaintiffs' analysis and conclusion. First, District Attorney McCann's commitment as filed with this Court in her Second Declaration not to enforce the amended CCPA remains intact. [ECF 58-1, ¶¶ 1-5]. Nothing has changed. Second, the change in the law related to the decisions of the Medical, Nursing, and Pharmacy Boards concerning how to enforce other provisions of SB 23-190. That change is irrelevant to Plaintiffs' claim against District Attorney McCann because District Attorneys have no enforcement

2

authority over those issues. Rather, the Medical, Nursing and Pharmacy Boards have sole enforcement authority. *See* C.R.S. § 12-240-125(5) (Medical Board); C.R.S. § 12-255-119(4) (Nursing Board); C.R.S. § 12-280-127 (Pharmacy Board). Nothing about the role of a District Attorney in Colorado allows District Attorney McCann to enforce professional misconduct by a physician, nurse or pharmacist.

5. Third, Plaintiffs' are mistaken in thinking that this Court's standing analysis is somehow impacted by District Attorney McCann's decision not to seek re-election. District Attorney McCann's term ends on January 2025, 15 months from now. Her commitment not to initiate a civil action to enforce the amended CCPA against Plaintiffs or anyone else is a binding decision by the Office of the District Attorney for the Second Judicial District at least until that time. Notably, no precedent exists to support Plaintiffs' theory that an upcoming election impacts the standing analysis, let alone any precedent suggesting standing would be influenced by an election 15 months away. Indeed, under Plaintiffs' logic, there could never be an effective disclaiming of an intent to prosecute by any elected official based on the eventuality of an election and the resulting potential for a change in policy on the issue. No precedent supports any such construction of standing law in this context.

WHEREFORE, for all the foregoing reasons, as well as based on the arguments and authorities previously presented to this Court, Defendant Beth McCann respectfully requests this Court dismiss Plaintiffs' claims against her for lack of standing, and for all other and further relief as this Court deems just and appropriate.

Dated this 3rd day of October, 2023,

Respectfully submitted,

*/s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-293-3220
Fax:     303-628-3368
ringela@hallevans.com

**ATTORNEY FOR DEFENDANT**
**BETH MCCANN**

I hereby certify that the foregoing Motion complies with the type-volume limitation set forth in the Court's September 26, 2023, Order as it contains 870 words.

4

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 3rd day of October, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to via email to all counsel of record in this matter.

*/s/ Nicole Marion*, Legal Assistant of
Andrew D. Ringel