IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, *et. al.*

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et. al.

    Defendants.

---

### SUPPLEMENT TO MOTION TO DISMISS FROM DEFENDANT JOHN KELLNER

---

Defendant John Kellner, in his official capacity as District Attorney of the Eighteenth Judicial District of Colorado ("DA Kellner"), by and through counsel and pursuant to Fed. R. Civ. P. 12(b)(1), respectfully submits this Supplement to Motion to Dismiss, as follows:

1. Plaintiffs challenge the constitutionality of the amendment to C.R.S. § 6-1-734, the Colorado Consumer Protection Act ("CCPA"), based on SB 23-190.

2. DA Kellner filed a Motion to Dismiss Plaintiffs' original complaint on June 20, 2023, along with a declaration from DA Kellner disclaiming any intent to enforce the amended CCPA against Plaintiffs or anyone else. [ECF 67, 67-1.] DA Kellner's declaration also explained that the policy in his office was that "any person who complains about an advertisement that is believed a violation of this statute will be advised to contact the Attorney General's Office," because his office "do[es] not have staff that specialize in this area of the law …[and] the focus of my office must remain violations of criminal law rather than civil enforcement actions." [ECF 67-1 at ¶ 8.]

3. In their combined response to all parties' motions to dismiss, Plaintiffs only briefly responded to the DAs' arguments. [ECF 71 at 20-21.] DA Kellner and DA McCann filed a joint reply in support of their motions to dismiss on July 25, 2023. [ECF 75.]

4. On September 26, 2023, this Court granted Plaintiffs' Unopposed Motion for Leave to Amend Complaint, accepted the Plaintiffs' First Amended Complaint, and directed the Defendants to file any supplements to their Motions to Dismiss by October 3, 2023. [ECF 93.]

5. DA Kellner's declaration as filed with this Court remains in force. [ECF 58-1.] Nothing in Plaintiffs' amended complaint alters the facts and commitments set forth in that declaration.

6. Plaintiffs maintain that the District Attorneys' declarations are insufficient to remove the credible threat of enforcement because they "do not address either the constitutionality of the law or the plans or commitments of their offices in light of their respective upcoming elections." [ECF 85 at 5; *see* ECF 88 at 3 (same).] Plaintiffs are incorrect as a matter of law. As DA Kellner previously explained, the Tenth Circuit has repeatedly held that a prosecutor's declaration disclaiming enforcement defeats standing even if it "conceivably might not bind" other district attorneys or "political successors might repudiate" its commitments. [*See* ECF 75 at 3-4 (quoting *Mink v. Suthers*, 482 F.3d 1244, 1255 (10th Cir. 2007) and *Winsness v. Yocom*, 433 F.3d 727, 733 (10th Cir. 2006)).]

7. DA Kellner has not merely committed to a specific exercise of prosecutorial discretion specific to Plaintiffs here. Rather, his declaration describes the general policy of his office that CCPA complaints are not enforced by the District Attorney's Office for the Eighteenth District but are referred to the Office of the Attorney General. *See Brown v. Buhman*, 822 F.3d

2

1151, 1171 (10th Cir. 2016) (no credible threat of prosecution where county attorney established "an office policy that would prevent prosecution of the [Plaintiffs] and others similarly situated in the future" that was also "contained in a declaration that was signed under penalty of perjury and submitted to the federal district court."). Accordingly, Plaintiffs have no injury in fact or threat of injury for criminal prosecutions in Colorado's Eighteenth Judicial District sufficient to demonstrate standing for their claims against DA Kellner.

8. Plaintiffs' new allegations in the amended complaint describing recent decisions of the Medical, Nursing, and Pharmacy Boards regarding provisions of SB 23-190 are irrelevant to Plaintiffs' claim against DA Kellner because he has no authority over violations of professional standards. Only the Boards have such enforcement authority. *See* C.R.S. § 12-240-125(5) (Medical Board); C.R.S. § 12-255-119(4) (Nursing Board); C.R.S. § 12-280-127 (Pharmacy Board). Even if these decisions amend or alter the scope of the CCPA, DA Kellner (as just described) does not prosecute CCPA complaints but instead refers them to the Attorney General. In analogous cases where there exists dual enforcement authority of a statute between local and state officials, courts find it appropriate to eliminate on standing or mootness grounds one set of defendants who vow not to enforce a challenged law. *See Brown v. Herbert,* 850 F.Supp.2d 1240, 1249-50 (D. Utah 2012) (dismissing Utah Governor and Attorney General where no threat of state prosecution existed but retaining constitutional claims against County Attorney due to potential for local prosecution of bigamy statute).

WHEREFORE, for all the foregoing reasons, as well as based on the arguments and authorities previously presented to this Court, Defendant John Kellner respectfully requests this Court dismiss Plaintiffs' claims against him for lack of standing, and for all other and further relief as this Court deems just and appropriate.

Dated this 3rd day of October 2023.

                                            BERG HILL GREENLEAF RUSCITTI LLP

                                            *s/ Geoffrey C. Klingsporn*

                                            Josh A. Marks
                                            Geoffrey C. Klingsporn
                                            1712 Pearl Street
                                            Boulder, CO  80302
                                            Phone:  (303) 402-1600
                                            Fax:  (303) 402-1601
                                            jam@bhgrlaw.com
                                            geoff.klingsporn@bhgrlaw.com

                                            *Attorneys for Defendant John Kellner,*
                                            *District Attorney for the 18th Judicial District*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), containing 785 words, inclusive of footnotes.

                                            *s/ Geoffrey C. Klingsporn*

                                            Geoffrey C. Klingsporn

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October 2023, I electronically filed the foregoing **SUPPLEMENT TO MOTION TO DISMISS FROM DEFENDANT JOHN KELLNER** with the Clerk of the Court using the CM/ECF system which will send notification to such filing to the following e-mail addresses,

Daniel M. Vitagliano
Laura W. Slavis
Rebekah P. Ricketts
Mark L. Rienzi
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
dvitagliano@becketlaw.org
lwolk@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org

Ann Tomsic
18th Judicial District Attorney's Office
Appeals Unit
6450 S. Revere Parkway
Centennial, CO  80111
atomsic@da18.state.co.us

Catherine R. Ruhland
David E. Hughes
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO  80302
truhland@bouldercounty.org
dhughes@bouldercounty.org

Abigail M. Hinchcliff
Grant T. Sullivan
Michael T. Kotlarczyk
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO  80203
abigail.hinchcliff@coag.gov
grant.sullivan@coag.gov
mike.kotlarczyk@coag.gov

Brian J. Urankar
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO  80203
brian.urankar@coag.gov

Elizabeth V. Kenny
Colorado Department of Law
1300 Broadway
Ralph Carr Judicial Center
Denver, CO  80203
elizabeth.kenny@coag.gov

Andrew Ringel
Hall & Evans LLC
1001 - 17th Street, Suite 300
Denver, CO  80202
ringela@hallevans.com

*s/ Cheryl Stasiak*

_____
Cheryl Stasiak