# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-939-DDD-SKC

BELLA HEALTH AND WELLNESS et al.,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for December 12, 2023, at 10:00 a.m. by telephone before Magistrate Judge S. Kato Crews. Appearing for the parties are:

| | |
|---|---|
| Mark L. Rienzi<br>Laura Wolk Slavis<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave, N.W.<br>  Suite 400<br>Washington, D.C. 20006<br>(202) 955-0095<br>mrienzi@becketlaw.org<br>***Counsel for Plaintiffs*** | Brady Jerome Grassmeyer<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>(720) 508-6205<br>brady.grassmeyer@coag.gov<br>***Counsel for Defendant***<br>***Philip J. Weiser***<br><br>Brian J. Urankar<br>Jennifer H. Hunt<br>Colorado Department of Law<br>1300 Broadway<br>Ralph Carr Judicial Center<br>Denver, CO 80203<br>(720) 508-6407<br>brian.urankar@coag.gov<br>jennifer.hunt@coag.gov<br>***Counsel for Defendants***<br>***Colorado Medical Board Members*** |

> Elizabeth V. Kenny
> Colorado Department of Law
> 1300 Broadway
> Ralph Carr Judicial Center
> Denver, CO 80203
> (303) 508-6383
> elizabeth.kenny@coag.gov
>
> ***Counsel for Defendants***
> ***Colorado State Board of Nursing Members***

## 2. STATEMENT OF JURISDICTION

This case presents questions arising under the United States Constitution. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiffs' Statement:*

Plaintiffs are Bella Health and Wellness, a nonprofit, faith-based medical clinic that offers life-affirming, dignified health care to men, women, and children from all backgrounds and faith traditions; its two co-founders, Denise Chism and Abby Sinnett; and a board-certified obstetrician and gynecologist at Bella, Kathleen Sander. Among other services, Bella publicizes and offers abortion pill reversal, which refers to the use of progesterone to counteract the effects of mifepristone—the first drug used in the two-drug abortion-pill regime. As a life-affirming healthcare practice, Bella is religiously compelled to assist any woman who has changed her mind after taking mifepristone and now wishes to continue her pregnancy. Defendants are Colorado Attorney General Phil Weiser and the members of the Colorado Medical Board and the Colorado State Board of Nursing.

On April 14, 2023, the Colorado legislature passed—and Governor Pollis signed—SB 23-190. Section 1 of SB 23-190, both on its own and through the Colorado Consumer Protection Act (CCPA), targets those who wish to publicize or provide abortion pill reversal. It "declare[s]" that Section 6-1-105(1)(e) and (1)(rrr)—two of the CCPA's prohibitions on deceptive trade practices—

"appl[y] to disseminating or causing to be disseminated false advertising relating to the provision of abortion or emergency contraceptive services, or referrals for those services, and *advertising for or providing or offering to provide or make available medication abortion reversal*." § 1(3) (emphasis added); s*ee* Colo. Rev. Stat. §§ 6-1-105(1)(e); 6-1-105(1)(rrr). Section 2 of SB 23-190 specially targets speech by those who do not provide or refer for abortion or emergency contraceptives. Specifically, it adds a new provision to the CCPA providing that it is a "deceptive trade practice" to "make[] or disseminate[] to the public … any advertisement that indicates that the person provides abortions or emergency contraceptives, or referrals for abortions or emergency contraceptives, when the person knows or reasonably should have known … that the person does not provide those specific services." § 2(2); *see* Colo. Rev. Stat. § 6-1-734. Finally, Section 3 of SB 23-190 bans abortion pill reversal treatment, making it "unprofessional conduct" for a licensee to "provide[], prescribe[], administer[], or attempt[] medication abortion reversal in this state." § 3(2); *see* Colo. Rev. Stat. § 12-30-120. That rule would remain intact unless the Colorado Medical Board, the State Board of Nursing, and the State Board of Pharmacy, "in consultation with each other," adopt "rules finding that it is a generally accepted standard of practice to engage in medication abortion reversal" by October 1, 2023. § 3(2)(a)-(b). None of the Boards determined that providing progesterone to counteract the effects of mifepristone amounted to a generally accepted standard of practice.

Plaintiffs challenge the law on numerous grounds on behalf of themselves and their patients.

First, SB 23-190 and its implementing regulations violate Bella's free exercise rights because Colorado (1) "treat[s] any comparable secular activity more favorably than religious exercise," *Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021) (per curiam); (2) contains "a formal mechanism for granting exceptions [that] invites the government to decide which reasons for not complying with the policy are worthy of solicitude," *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1879

(2021) (cleaned up); and (3) enacted SB 23-190 out of hostility toward faith-based entities who feel religiously compelled to offer abortion pill reversal to pregnant women, *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 138 S. Ct. 1719, 1731 (2018).

Second, SB 23-190 and its implementing regulations violate Bella's free speech rights because they are both content- and viewpoint-based. Section 1, both on its own and through the CCPA, and Section 2 are content-based because, "on [their] face," each "draws distinctions based on the message a speaker conveys" and "cannot be justified without reference to the content of the regulated speech, or [was] adopted by the government because of disagreement with the message the speech conveys." *Reed v. Town of Gilbert*, 576 U.S. 155, 163-64 (2015) (cleaned up). And Section 1, both on its own and through the CCPA, and Section 2 are also viewpoint-discriminatory because each "targets … particular views taken by speakers on a subject." *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

Third, the law violates numerous rights of Bella's patients, including their right to receive information under the First Amendment, *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 757 (1976); and their right to refuse "unwanted medical treatment" under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, *Cruzan ex rel. Cruzan v. Director*, 497 U.S. 261, 278 (1990).

Finally, Section 2 of SB 23-190 is void for vagueness "because its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

To remedy these violations, Plaintiffs seek permanent declaratory and injunctive relief, nominal damages, reasonable attorneys' fees and costs (including expert fees to the extent permitted by law), and "such other relief as the Court may deem equitable, just, and proper." *See* Dkt. 94. Plaintiffs also sought preliminary relief against the entire law and its implementing regulations, which the District Court granted on October 21, 2023. Dkt. 113.

b. ***Defendants' Statement:***

Defendants are Colorado Attorney General Phil Weiser and the members of the Colorado Medical Board and the Colorado State Board of Nursing. On April 14, 2023, Governor Polis signed SB 23-190 into law. Hours later, Plaintiffs filed suit against Defendants, alleging the law and its implementing regulations violate the First and Fourteenth Amendments. Defendants deny that the law or its implementing regulations are unconstitutional.

Section 1 of SB 23-190 does not violate any of Plaintiffs' rights because it is a legislative declaration, and legislative declarations are not substantive law. Legislative declarations are, at most, used to construe ambiguous statutes, but SB 23-190 is unambiguous. Nor can Section 1 be read to modify the CCPA because "[a] legislative statement 'cannot control the interpretation of an earlier enacted statute.'" *People v. Vigil*, 251 P.3d 442, 449 (Colo. App. 2010) (citations omitted).

Plaintiffs lack standing to challenge Section 2 because Plaintiffs have made it clear they do not advertise abortion services or emergency contraceptives, which are the only acts prohibited by Section 2. Moreover, Section 2 is facially neutral and viewpoint neutral because it is no more than a prohibition on false advertising. Specifically, Section 2 prohibits businesses from advertising that they provide abortion care services and emergency contraceptives when they do not.

Finally, Section 3 does not violate the free exercise clause because it is a neutral and generally applicable regulation of conduct that at most incidentally burdens religiously motivated conduct. The law and its implementing regulations do not treat any comparable secular activity more favorably than religious exercise because it is a blanket prohibition on a medical treatment regardless of the licensee's motivations. Nor do the law or its implementing regulations contain formal mechanisms for granting exceptions because the prohibition is unconditional with respect to using progesterone to attempt to reverse a medication abortion. The "case-by-case" language

5

contained with the Boards' rules is not an exception, but instead a reflection of the standard of care that pre-dates SB 23-190. Additionally, Plaintiffs' claimed injuries related to Section 3 are not redressable by this court because medication abortion reversal could be disciplined as a deviation from generally accepted standards of practice under §§ 24-240-121(1)(j) and 12-255-120(1)(f), C.R.S.

### 4. UNDISPUTED FACTS

The parties agree on the following undisputed facts:

1. Plaintiffs Denise Chism, Abby Sinnett, and Kathleen Sander are individuals and residents of the State of Colorado.

2. Defendant Phil Weiser is the Colorado Attorney General.

3. On April 14, 2023, Governor Jared Polis signed into law Senate Bill 23-190.

4. On August 17, 2023, the Colorado Medical Board adopted a rule stating in part that "the Board does not consider administering, dispensing, distributing, or delivering progesterone with the intent to interfere with, reverse, or halt a medication abortion undertaken through the use of mifepristone and/or misoprostol to meet generally accepted standards of medical practice under section 12-240-121(1)(j), C.R.S." *See* Dkt. 78.

5. On September 20, 2023, the Colorado State Board of Nursing adopted a rule stating in part that it will not treat "medication abortion reversal … as a *per se* act subjecting a licensee to discipline pursuant to Title 12, C.R.S. Rather, the Board will investigate all complaints related to medication abortion reversal in the same manner that it investigates other alleged deviations from generally accepted standards of nursing practice under section 12-255-120(1), C.R.S." *See* Dkt. 94-24.

6. On September 21, 2023, the Colorado State Board of Pharmacy adopted a rule mirroring the State Board of Nursing rule. *See* Dkt. 94-26.

## 5. COMPUTATION OF DAMAGES

Plaintiffs seek nominal damages in the amount of $1 for the harm inflicted upon them for the deprivation or threatened deprivation of their constitutional rights. Plaintiffs also seek attorneys' fees and the costs associated with this action, including expert witness fees, as allowed by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting: <u>November 21, 2023.</u>

b.  Names of each participant and party he/she represented: <u>Mark Rienzi, Laura Slavis, Colten Stanberry, and Kelly Oeltjenbruns represented Plaintiffs. Michael Kotlarczyk represented Defendant Philip J. Weiser; Brian Urankar and Jennifer Hunt represented the Colorado Medical Board members; and Elizabeth Kenny represented the Colorado State Board of Nursing members.</u>

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made: <u>All parties will make their Rule 26(a)(1) disclosures on or before January 5, 2024.</u>

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): <u>The parties have agreed to extend the time for initial disclosures to January 5, 2024 to accommodate the time needed to gather documents during the holiday season. No changes are made to the material required to be disclosed under Rule 26(a)(1).</u>

e.  Statement concerning any agreements to conduct informal discovery: <u>Not applicable.</u>

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: <u>The parties will agree on a numbering system that will avoid confusion and duplication, and that will allow the same exhibit number to be used for each exhibit for deposition and trial purposes. Documents produced by either party shall be bates-labeled. The parties agree to accept service of all documents by email. The parties will take all reasonable steps to reduce discovery and other litigation costs.</u>

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The Parties anticipate that discovery of their claims or defenses will involve some electronically stored information, and other documents stored in PDF or equivalent format. The Parties do not anticipate extensive discovery of native-format electronic files in this action. To the extent either party believes items need to be produced in native-format, the parties agree they will cooperate to reduce the burden of production.

The parties further agree to produce non-native format ESI in a unitized searchable PDF format and that documents will be produced separately and not in a combined "omnibus" PDF or similar format. Each document produced will be Bates labeled by the producing party.

The parties will further meet and confer regarding the search and review process(es) for ESI, including deduplication and the use of keyword searching.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have discussed settlement and do not believe it is an option at this time. The parties will report the result of any future settlement discussions to the Court as they deem necessary or useful.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge. Dkt. 121.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: The parties agree that each side should be afforded 25 interrogatories and ten (10) depositions, including depositions of the parties and experts (retained and non-retained).

8

b. Limitations which any party proposes on the length of depositions: <u>The parties agree that depositions are limited to one day of 7 hours per Fed. R. Civ. P. 30(d)(1).</u>

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: <u>The parties agree that each side is limited to 25 requests for production and 25 requests for admission.</u>

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: <u>July 15, 2024.</u>

e. Other Planning or Discovery Orders: <u>The parties have agreed to a stipulated order filed under Federal Rule of Evidence 502(d), which will be filed concurrently with this proposed scheduling order. The parties will work together to draft a stipulated protective order.</u>

## 9. CASE PLAN AND SCHEDULE

| Event | Deadline |
|---|---|
| Rule 26(f) Meeting | November 21, 2023 |
| Rule 16(b) Scheduling Conference | December 12, 2023 |
| Initial Disclosures | January 5, 2024 |
| Deadline for Joinder of Parties and Amendment of Pleadings | January 12, 2024 |
| Plaintiffs' Expert Report(s) | May 1, 2024 |
| Defendants' Expert Report(s) | May 31, 2024 |
| ~~Plaintiffs'~~ Expert Rebuttal Report(s) | July 1, 2024 |
| Last Day to Propound Written Discovery | July 15, 2024 |
| Close of Discovery | August 14, 2024 |
| Dispositive Motions Due | September 13, 2024 |

9

a. Deadline for Joinder of Parties and Amendment of Pleadings: <u>January 12, 2024.</u>

b. Discovery Cut-Off:<u> August 14, 2024.</u>

c. Dispositive Motion Deadline: <u>September 13, 2024.</u>

d. Expert Witness Disclosure:

   1. Anticipated Fields of Expert Testimony:

      ***Plaintiffs***:   Plaintiffs anticipate making expert witness disclosures in the field of medicine and obstetrics and gynecology, and any expert necessary to rebut an expert endorsed by Defendants.

      ***Defendants***:   Defendants Medical and Nursing Boards anticipate retaining experts in the fields of medicine and nursing, including but not limited to specialists in obstetrics and gynecology.

   2. Limitations proposed on the use or number of expert witnesses: <u>The parties agree that each side be limited to three (3) experts.</u>

   3. Plaintiffs' deadline to designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): <u>May 1, 2024.</u>

   4. Defendants' deadline to designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): <u>May 31, 2024.</u>

   5. Plaintiffs' deadline to designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): <u>July 1, 2024.</u>

e. Identification of Persons to Be Deposed:

   ***Plaintiffs***:   Rule 30(b)(6) designee of the Colorado Attorney General, the State Board of Nursing, the Colorado Medical Board, and the State Board of Pharmacy; any experts identified by Defendants; and other deponents to be identified after production of Defendant's documents.

*Defendants*:   Rule 30(b)(6) designee of Plaintiff Bella Health; each individual Plaintiff; any experts identified by Plaintiffs; and other deponents identified during discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.  **Joint Status Report shall be filed by March 6, 2024.  Counsel shall refer to Judge Crews' Practice Standards for the required content.**

b.  A final pretrial conference will be **set by Judge Domenico.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: <u>None.</u>

b.  Anticipated length of trial and whether trial is to the court or jury: <u>The parties anticipate a five-day bench trial.</u>

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: <u>None.</u>

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures

or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 12th day of December, 2023.

BY THE COURT:

*s/ S, Kato Crews*
Hon. S. Kato Crews
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Mark L. Rienzi<br>Mark L. Rienzi<br>Rebekah P. Ricketts*<br>Laura Wolk Slavis<br>Colten L. Stanberry<br>Kelly R. Oeltjenbruns<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave, N.W.<br>  Suite 400<br>Washington, D.C. 20006<br>(202) 955-0095<br>mrienzi@becketlaw.org<br>**Counsel for Plaintiffs**<br><br>*Admitted only in Texas. Supervised by a member of the D.C. Bar. | /s/ Brady Jerome Grassmeyer<br>Brady Jerome Grassmeyer<br>Michael T. Kotlarczyk<br>Grant T. Sullivan<br>Lauren Marie Dickey<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>(720) 508-6205<br>brady.grassmeyer@coag.gov<br>mike.kotlarczyk@coag.gov<br>grant.sullivan@coag.gov<br>lauren.dickey@coag.gov<br>**Counsel for Defendant**<br>**Philip J. Weiser**<br><br>/s/ Brian J. Urankar<br>Brian J. Urankar<br>Jennifer H. Hunt<br>Colorado Department of Law<br>1300 Broadway<br>Ralph Carr Judicial Center<br>Denver, CO 80203<br>(720) 508-6407<br>brian.urankar@coag.gov<br>jennifer.hunt@coag.gov<br>**Counsel for Defendants**<br>**Colorado Medical Board Members**<br><br>/s/ Elizabeth V. Kenny<br>Elizabeth V. Kenny<br>Colorado Department of Law<br>1300 Broadway<br>Ralph Carr Judicial Center<br>Denver, CO 80203<br>(303) 508-6383<br>elizabeth.kenny@coag.gov<br>**Counsel for Defendants**<br>**Colorado State Board of Nursing Members** |