IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-939-DDD-SKC

BELLA HEALTH AND WELLNESS
et al.,

    *Plaintiffs,*

  v.

PHIL WEISER, in his official capacity as
Attorney General of Colorado, et al.,

    *Defendants.*

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. A party may, in good faith and at any time, designate as CONFIDENTIAL and therefore subject to the protections and requirements of this Order, any document that the designating party reasonably believes contains confidential information, including personal or sensitive information not generally disclosed to the public. CONFIDENTIAL information and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely by the receiving party for the purpose of litigating in the above-captioned litigation, shall be and remain confidential, and shall not be used for any purpose other than litigating in the above-captioned litigation.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including the designated representatives for the entity defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, attached hereto as Appendix A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In the case of electronic documents produced in native format, such designation may be made by beginning the file name with "CONFIDENTIAL" and placing "CONFIDENTIAL" on a slipsheet accompanying the native file.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such

designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party at a later time from subsequently designating (or objecting to the designation of) such information or documents as CONFIDENTIAL. The parties understand and acknowledge that a party's failure to designate information or documents as CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made. Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents. All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. The parties are entering into this protective order prior to any discovery requests being exchanged. The parties may move the Court to modify this protective order at any time or in response to discovery requests for good cause shown following

notice to all parties and an opportunity for them to be heard. The parties agree to meet and confer prior to requesting the Court to modify the order.

**IT IS SO ORDERED.**

Date: January 9, 2024.

BY THE COURT:

_____
Hon. S. Kato Crews
United States Magistrate Judge

6

# APPENDIX A

## Certification

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated January ___, 2024 in *Bella Health and Wellness et al. v. Weiser et al.*, Civil No. 1:23-cv-939-DDD-SKC (D. Colo.).

I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information—including copies, notes or other transcriptions made therefrom—to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the Protective Order.

| | |
|---|---|
| _____ | _____ |
| Name | Title |
| | |
| _____ | _____ |
| Signature | Date |