IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SBP

BELLA HEALTH AND WELLNESS et al.,

    Plaintiffs,

v.

PHIL WEISER et al.,

    Defendants.

---

## ORDER GRANTING UNOPPOSED MOTION TO INTERVENE

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the unopposed motion of Chelsea Mynyk, M.S.N., C.N.M., to intervene as a Plaintiff. ECF No. 135. Consistent with Federal Rule of Civil Procedure 24(c), Ms. Mynyk attaches her proposed complaint. ECF No. 135-1. The motion is referred (ECF. No. 138), and the undersigned magistrate judge considers it under 28 U.S.C. § 636(b)(1)(A) as a nondispositive motion. *See, e.g.*, *Turner v. Efinancial, LLC*, No. 18-cv-292-CMA-GPG, 2018 WL 4219388, at *2 (D. Colo. Sept. 5, 2018) (reasoning that "granting [a] motion to intervene does not remove any claim or defense," and collecting cases); *Judicial Watch, Inc. v. Griswold*, No. 20-cv-2992-PAB-KMT, 2021 WL 4272719, at *2 (D. Colo. Sept. 20, 2021) (citing *Turner*).

Ms. Mynyk asserts that she "is a licensed advanced practice nurse and certified nurse midwife who provides reproductive health care services to women in Castle Rock, Colorado. Last month, she received a letter from the Colorado State Board of Nursing [(the "Board")]

notifying her that she is being investigated for a possible violation of the Nurse[] Practice Act because of a complaint about her provision of abortion pill reversal." ECF No. 135 at 5. Specifically, Ms. Mynyk is being investigated for possibly violating a provision of Colorado Senate Bill No. 23-190, which concerns "policies to make punishable deceptive actions regarding pregnancy-related services," including "medication abortion reversal." *Id.* (quoting SB 23-190). In her motion, Ms. Mynyk asserts that two provisions of SB 23-190 are relevant here.[1]

Section 1 of SB 23-190 declares the state legislature's intent that two subsections of Colorado's Consumer Protection Act (CCPA)—which prohibit deceptive trade practices— "appl[y] to disseminating or causing to be disseminated . . . advertising for or providing or offering to provide or make available medication abortion reversal." *Id.* § 1(3)(b) ("Advertising Prohibition"); *see also* Colo. Rev. Stat. § 6-1-105(1)(e), (rrr) (the sections made applicable to abortion pill reversal).

Section 3 of SB 23-190 provides that "[a] licensee, registrant, or certificant engages in unprofessional conduct or is subject to discipline pursuant to this title 12 if the licensee, registrant, or certificant provides, prescribes, administers, or attempts medication abortion reversal in this state, unless the Colorado medical board created in section 12-240-105 (1), the state board of pharmacy created in section 12-280-104 (1), and the state board of nursing created in section 12-255-105 (1), in consultation with each other, each have in effect rules finding that it is a generally accepted standard of practice to engage in medication abortion reversal." Colo.

---

[1] In her proposed complaint, Ms. Mynyk also includes Section 2 of SB 23-190, codified at Colo. Rev. Stat. § 6-1-734, in her claims. ECF No. 135-1 ¶ 139; Counts IV, VI. The existing Plaintiffs likewise challenge all three sections of SB 23-190, including Section 2. Am. Complt. ¶¶ 155, 221; Counts IV, VIII.

Rev. Stat. § 12-30-120(2)(a).

Ms. Mynyk further alleges that the Board implemented SB 23-190 in a regulation providing that it "will not treat medication abortion reversal provision, prescription, administration, or attempt at any of the preceding conduct with respect to medication abortion reversal as a *per se* act subjecting a licensee to discipline pursuant to Title 12, C.R.S." 3 Colo. Code Regs. § 716-1:1.35(D)(4).[2] The Board "will investigate all complaints related to medication abortion reversal in the same manner that it investigates other alleged deviations from generally accepted standards of nursing practice under [the Nurses Practice Act]." *Id.*; *see also* Colo. Rev. Stat. § 12-255-120(1). The Board "will evaluate the scope and nature of information exchanged between the licensee and patient." 3 Colo. Code Regs. § 716-1:1.35(D)(3). The Board further noted that "fully informed consent will include, at a minimum, information about the risks, benefits, likelihood of intended outcome of the proposed treatment, and likelihood of achieving the intended outcome without the proposed treatment." *Id*.

Ms. Mynyk alleges that the investigation by the Board remains pending and that if the Board finds that she violated the statute, she faces the "loss of her licenses, the loss of her malpractice insurance, and severe financial penalties." ECF No. 135-1 ¶¶ 20, 21, 38. She seeks to bring claims challenging SB 23-190 and its implementation in the Board's regulations as violating her rights under the First and Fourteenth Amendments. ECF No. 135-1 ¶¶ 204-280.

SB 23-190 and the Board's implementing regulations are the same laws whose constitutionality the existing Plaintiffs challenge in the same context of abortion pill reversal. *See*

---

[2] Title 12 of the Colorado Revised Statutes concerns Professions and Occupations, including the Nurse and Nurse Aid Practice Act, Colo. Rev. Stat. § 12-255-101 et seq., referred to here as the "Nurse Practice Act."

ECF No. 94 (Amended Complaint) *passim*. Ms. Mynyk further asserts that, "[l]ike the Plaintiffs, Mrs. Mynyk believes that she is religiously compelled to provide abortion pill reversal. Mrs. Mynyk's motion to intervene is timely, she has an interest in protecting her First and Fourteenth Amendment rights which this action may impair, and the existing parties do not adequately represent her interests." ECF No. 135 at 5.

Federal Rule of Civil Procedure 24 provides for intervention of right or by permission. Fed. R. Civ. P. 24(a), (b). Ms. Mynyk asserts that she meets the criteria for either, and no party opposes her motion. As for intervention as of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [her] interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Tenth Circuit translates this rule as mandating four factors for intervening as of right:

> [The movant] must establish (1) that the application is timely, (2) that [she] claims an interest relating to the property or transaction that is the subject of the action, (3) that the interest may as a practical matter be impaired or impeded, and (4) that the interest may not be adequately represented by the [existing party or parties with whom the movant would align].

*Kane Cnty. v. United States*, 94 F.4th 1017, 1029-30 (10th Cir. 2024).

Here, no party disputes any of the factors for intervention—either as of right or by permission—and this court concludes that Ms. Mynyk has shown she is entitled to intervene as of right.

First, Ms. Mynyk's motion is timely, based on the state's recent notification of its

4

investigation into her practices. She also filed the motion approximately five months before the close of discovery, and she states that she "does not intend to request that this Court 'reset or extend' 'any deadlines' in this case." ECF No. 135 at 10.

As for the second factor, Ms. Mynyk claims an interest in the Colorado statute at issue and its application. Ms. Mynyk argues that the Tenth Circuit "follow[s] a somewhat liberal line in allowing intervention," in which "[t]he central concern . . . is the practical effect of the litigation on the applicant." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019). More specifically:

> [C]ourts in this circuit have typically considered whether the proposed intervenor's interest is direct, substantial, and legally protectable. This inquiry is highly fact-specific. A protectable interest is one that would be impeded by the disposition of the action.

*Goodall v. Williams*, No. 18-cv-00980-PAB, 2018 WL 2008849, at *4 (D. Colo. Apr. 28, 2018) (cleaned up, quoting *Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840, 842 (10th Cir. 1996); *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017)).

Ms. Mynyk has a legally protectable interest in the constitutionality of SB 23-190 and the implementing regulations with respect to abortion pill reversal. She alleges that she is subject to a pending investigation under this statute concerning her provision of abortion pill reversal—the same subject as the existing Plaintiffs' claims.[3] She alleges a concrete, particularized injury in

---

[3] Ms. Mynyk further asserts that her proposed "legal claims are much like those brought by Bella Health." *Id*. at 16 (comparing the Amended Complaint ¶¶ 223-87, 307-19 and the Proposed Complaint ¶¶ 204-80). The factors for intervention do not directly focus on whether a proposed intervenor's claims would expand the legal theories or issues, but in some cases (involving

facing the potential loss of her licenses and professional insurance, and the potential imposition of financial penalties. ECF No. 135-1 ¶¶ 7, 20, 21, 38 (alleging the potential ramifications of the investigation and that it remains pending).

As to the third factor, practical impairment is not a high standard. Indeed, some court do not analyze this element separately from the protectable interest factor. *See, e.g.*, *Goodall*, 2018 WL 2008849, at *4 n.8 (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001)). The Tenth Circuit recognizes the question is only whether there is "*potential* impairment." *Kane County*, 94 F.4th at 1023 (citing *Kane Cnty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019), *cert. denied*, ---U.S.---, 141 S. Ct. 1283 (2021) (emphasis added)). Here, Ms. Mynyk's interest in the subject may as a practical matter be impaired or impeded if she is not permitted to join this lawsuit. Under the doctrine of stare decisis, any decision in this case may either apply to her in a future case that she could otherwise bring or could impose a high hurdle for her to overcome if she seeks a different outcome. *See* ECF No. 135 at 13.

Finally, concerning the fourth factor—whether the existing Plaintiffs would not adequately represent Ms. Mynyk's interest—Ms. Mynyk meets the legal standard:

---

*opposed* motions to intervene), courts have analyzed that question in determining whether the movant's interests are adequately protected. *See, e.g.*, *Goodall*, 2018 WL 2008849, at *7 (in denying intervention, finding "that the intervenors' arguments do not demonstrate inadequate representation so much as their desire to expand the scope of this lawsuit"). But in this case, (a) no one opposes Ms. Mynyk's motion to intervene; (b) she proposes to bring only claims under the same constitutional amendments as the existing Plaintiffs' claims; and (c) to the extent her legal theories or factual issues differ from those of the existing Plaintiffs, there are over four and a half months remaining before the discovery cutoff, and no trial date has been set. As no one opposes her motion to intervene, no party appears to be prejudiced—whether or not Ms. Mynyk's complaint somewhat expands the scope of issues.

> When a would-be intervenor's and the representative party's interests are identical, we presume adequate representation. But this presumption applies only when interests overlap fully. As the Supreme Court recently stated, [w]here the absentee's interest is similar to, but not identical with, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation.

*Kane County*, 94 F.4th at 1030 (cleaned up, citations omitted; citing *inter alia Berger v. N. Carolina State Com. of the NAACP*, 597 U.S. 179, 197 (2022); 7C Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1909 (3d ed. Supp. 2022)).

Here, Ms. Mynyk has the same or very similar interests as the existing Plaintiffs, but the existing Plaintiffs seek injunctive relief only as to "Plaintiffs and all those acting in concert with them." ECF No. 94 (Amended Complaint) at 70. Ms. Mynyk is not acting in concert with the existing Plaintiffs. Therefore, her interest is not identical to the interests of the existing Plaintiffs, and this court finds that her interests are not adequately represented for purposes of Rule 24(a).[4] Accordingly, she may intervene as of right pursuant to Rule 24(a)(2).

Ms. Mynyk's motion to intervene is therefore GRANTED. She shall detach and refile her proposed complaint (ECF No. 135-1) as a separate document in the docket within five (5) business days of the entry of this order.[5]

---

[4] In addition, even if Ms. Mynyk's interests were adequately represented by the existing Plaintiffs, she meets the qualifications to intervene permissively because she asserts that she "has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver

Case No. 1:23-cv-00939-DDD-SBP   Document 139   filed 04/08/24   USDC Colorado   pg 8 of 8

DATED: April 8, 2024           BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").