## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

CHELSEA M. MYNYK,

    Plaintiff-Intervenor

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

    Defendants.

---

## ATTORNEY GENERAL'S ANSWER TO COMPLAINT

On March 20, 2024, Plaintiff-Intervenor filed an unopposed motion to intervene as a plaintiff. (Doc. 135). On April 8, 2024, the court granted the motion to intervene and Plaintiff-Intervenor filed her complaint on April 10, 2024. (Doc. 140). In that Complaint, Plaintiff-Intervenor alleged claims against the Phil Weiser, the Attorney General of Colorado, in his official capacity. The Attorney General now answers the Complaint (Doc. 140), stating as follows:

### ANSWER TO NATURE OF THE ACTION

1.    The Attorney General denies the allegations in paragraph 1.

2.      The Attorney General admits that some of SB23-190's implementing regulations define medication abortion reversal as inconsistent with the standard of care in Colorado and denies all remaining allegations in paragraph 2.

3.      The Attorney General denies the allegations in paragraph 3.

4.      The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.      The Attorney General admits that Plaintiff-Intervenor is a licensed Nurse Practitioner but is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

7.      The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

8.      The Attorney General admits the allegations in the first sentence but denies the remaining allegations in paragraph 8.

9.      The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 9 and therefore denies them.

10.     The Attorney General denies the allegations in paragraph 10.

11.     The Attorney General admits that providing, prescribing, administering, or attempting a "medical abortion reversal," as defined by Senate Bill 23-190, may be considered unprofessional conduct. All remaining allegations in paragraph 11 are denied.

12.     The Attorney General admits that the Department of Regulatory Agencies noticed a draft rule for public comment that included a statement that it would investigate any complaints about abortion pill reversal on a case-by-case basis and that it received comments and testimony from state legislators on the proposed rules. The Attorney General denies the remaining allegations in paragraph 12.

13.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 13 and therefore denies them. The Attorney General also states that the Medical Board's rules speak for themselves.

14.     The Attorney General admits the first sentence of paragraph 14. All remaining allegations in paragraph 14 are denied. The Attorney General also states that the Nursing Board's rules speak for themselves.

15.     The Attorney General admits the first sentence of paragraph 15. All remaining allegations in paragraph 15 are denied. The Attorney General also states that the Pharmacy Board's rules speak for themselves.

16.     The Attorney General is without sufficient information to admit or deny allegations in Paragraph 16 and therefore denies them.

17.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 17, and therefore denies them.

18.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 18, and therefore denies them.

19.     The Attorney General denies the allegations in paragraph 19.

20.     The Attorney General denies the allegations in paragraph 20.

21.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 21, as he is not involved in the Board of Nursing's process relating to specific complaints.

22.     The Attorney General denies the allegations in paragraph 22.

23.     The Attorney General denies the allegations in paragraph 23.

24.     The Attorney General denies the allegations in paragraph 24.

25.     The Attorney General denies the allegations in paragraph 25.

26.     The Attorney General denies the allegations in paragraph 26.

4

## JURISDICTION AND VENUE

27.     To the extent Plaintiff-Intervenor has asserted cognizable and justiciable claims under the Constitution and the laws of the United States, this Court would have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

28.     To the extent Plaintiff-Intervenor has asserted cognizable and justiciable claims that would entitle them to declaratory or injunctive relief, this Court has authority to issue such relief under 28 U.S.C. §§ 2201 and 2202.

29.     To the extent Plaintiff-Intervenor has asserted cognizable and justiciable claims, venue would lie in this district under 28 U.S.C. § 1391(b)(1) and (2).

## THE PARTIES

### *Plaintiffs*

30.     The Attorney General admits the allegations in paragraph 30.

31.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 31, and therefore denies them.

32.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 32, and therefore denies them.

33.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 33, and therefore denies them.

34.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 34, and therefore denies them.

35.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 35, and therefore denies them.

36.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 36, and therefore denies them.

### *Defendants*

37.     The Attorney General admits that he is the Attorney General of the State of Colorado and that he is sued only in his official capacity. Regarding the remaining allegations, the Attorney General states that the statutes speak for themselves.

38.     The Attorney General admits that the individuals listed in paragraph 38 are members of the Colorado Board of Nursing but denies that Haley Hitchcock is a board member. The Attorney General admits that the Board of Nursing has

authority to regulate the practice of nursing pursuant to the Nurse and Nurse Aid Practice Act, §§ 12-255-101, *et seq.*, C.R.S.

## FACTUAL ALLEGATIONS

39.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 39, and therefore denies them.

40.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 40, and therefore denies them.

41.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 41, and therefore denies them.

42.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 42, and therefore denies them.

43.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 43, and therefore denies them.

44.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 44, and therefore denies them.

45.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 45, and therefore denies them.

46.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 46, and therefore denies them.

47.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 47, and therefore denies them.

48.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 48, and therefore denies them.

49.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 49, and therefore denies them.

50.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 50, and therefore denies them.

51.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 51, and therefore denies them.

52.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 52, and therefore denies them.

53.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 53, and therefore denies them.

54.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 54, and therefore denies them.

55.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 55, and therefore denies them.

56.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 56, and therefore denies them.

57.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 57, and therefore denies them.

### *Progesterone*

58.     The Attorney General admits the allegations in paragraph 58 but denies any allegations contained in the article cited in footnote 3.

59.     The Attorney General admits the allegations in paragraph 59 but denies any allegations contained in the article cited in footnote 4.

60.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 60 and footnote 5, and therefore denies them.

61.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 61 and its related footnote 6, and therefore denies them.

62.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 62 and its related footnote 7, and therefore denies them.

63.     The Attorney General admits the allegations in paragraph 63 but denies any allegations contained in the article cited in footnote 8.

64.     The Attorney General admits the allegations in paragraph 64 but denies any allegations contained in the article cited in footnote 9.

65.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 65, and therefore denies them.

66.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 66, and therefore denies them.

67.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 67 and the related footnote 11, and therefore denies them.

68.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 68 and its related footnote 12, and therefore denies them.

69.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 69 and its related footnote 13, and therefore denies them.

70.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 70, and therefore denies them.

71.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 71 and therefore denies them.

72.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegation in paragraph 72 and therefore denies it.

73.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 73, and its related footnote 14, and therefore denies them.

74.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 74, and its related footnote 15, and therefore denies them.

75.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 75, and its related footnote 16, and therefore denies them.

76.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 76, and its related footnote 17, and therefore denies them.

### The Abortion Pill

77.     The Attorney General admits that a "medication abortion" or "medical abortion" refers to the use of prescribed drugs to terminate a pregnancy. The Attorney General denies all remaining allegations of Paragraph 77.

78.     The Attorney General admits that a medication abortion can involve a two-drug regimen consisting of mifepristone and misoprostol. Any remaining allegations in paragraph 78 are denied.

79.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 79 and related footnote 18, and therefore denies them.

80.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 80 and its related footnote 19, and therefore denies them.

81.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 81 and its related footnote 20, and therefore denies them.

82.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 82 and its related footnote 21, and therefore denies them.

83.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 83 and its related footnote 22, and therefore denies them.

84.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 84, and therefore denies them.

85.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 85 and its related footnotes 23 and 24, and therefore denies them.

86.    The Attorney General admits the allegations in paragraph 86 and states that the FDA document cited in footnote 25 speaks for itself.

***Abortion Pill Reversal***

13

87.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 87, and therefore denies them.

88.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 88 and footnote 26, and therefore denies them.

89.     The Attorney General denies the allegations in paragraph 89.

90.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 90 and its related footnote 27, and therefore denies them.

91.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 91 and therefore denies them.

92.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 92 and therefore denies them.

93.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 93 and its related footnote 28, and therefore denies them.

94.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 94, and therefore denies them.

95.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 95 and its related footnotes 29 and 30, and therefore denies them.

96.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 96 and its related footnote 31, and therefore denies them.

97.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 97 and its related footnote 32, and therefore denies them.

98.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 98 and its related footnote 33, and therefore denies them.

99.     The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 99 and its related footnote 34, and therefore denies them.

100.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 100 and therefore denies them.

101.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 101 and its related footnotes 35 and 36, and therefore denies them.

### *Mrs. Mynyk's Experience with Progesterone Therapy and Abortion Pill Reversal*

102.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 102, and therefore denies them.

103.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 103, and therefore denies them.

104.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 104, and therefore denies them.

105.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 105, and therefore denies them.

106.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 106, and therefore denies them.

107. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 107, and therefore denies them.

108. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 108, and therefore denies them.

109. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 109, and therefore denies them.

110. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 110, and therefore denies them.

111. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 111, and therefore denies them.

112. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 112, and therefore denies them.

113. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 113, and therefore denies them.

17

114.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 114, and therefore denies them.

### Mrs. Mynyk's Speech About Her Services

115.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 115, and therefore denies them.

116.    The Attorney General admits the allegations in paragraph 116.

117.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 117, and therefore denies them.

### Reproductive Health Equity Act

118.    The Attorney General admits the allegations in paragraph 118.

119.    The Attorney General admits that the Reproductive Health Equity Act ("RHEA") contains the language quoted in paragraph 119, and further states that the statute speaks for itself.

120.    The Attorney General admits the allegations in paragraph 120.

121.    The Attorney General admits the allegations in paragraph 121 and further states that the statute speaks for itself.

122.    The allegations in paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, the Attorney General is

18

without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 122, and therefore denies them.

### *Colorado Nursing Licensing Regime*

123.   The Attorney General admits that the State Board of Nursing was created by the cited statutes, which speak for themselves. The Attorney General denies the remaining allegations in paragraph 123.

124.   The Attorney General admits the allegations in paragraph 124. The Attorney General also states that the cited statutes speak for themselves.

125.   The Attorney General admits the allegations in paragraph 125. The Attorney General also states that the cited statutes speak for themselves.

126.   The Attorney General admits the allegations in paragraph 126. The Attorney General also states that the cited statutes speak for themselves.

127.   The Attorney General admits that the State Board of Nursing has investigative and disciplinary authority as articulated in §12-255-119, C.R.S., which speaks for itself. The Attorney General denies all remaining allegations in paragraph 127.

128.   The Attorney General admits that initiation of complaints regarding a licensee's conduct is governed by the statutory authority governing each type of licensee, including but not limited to the cited statutes, which speak for themselves. The Attorney General denies all remaining allegations paragraph 128.

### *Colorado Consumer Protection Act*

129.    The Attorney General admits that the Colorado Consumer Protection Act contains the quoted portions in paragraph 129. The Attorney General also states that the statute speaks for itself.

130.    The allegations in paragraph 130 are legal conclusions for which no response is required. The Attorney General also states that the quoted case law in paragraph 130 speaks for itself.

131.    The Attorney General admits the allegations in paragraph 131. The Attorney General also states that the provisions of the Colorado Consumer Protection Act speak for themselves.

132.    The Attorney General admits that C.R.S. § 6-1-103 states that "[t]he attorney general and the district attorneys … are concurrently responsible for the enforcement of this article 1." The Attorney General also states that the provisions of the Colorado Consumer Protection Act speak for themselves.

133.    The Attorney General admits the allegations in paragraph 133. The Attorney General also states that the provisions of the Colorado Consumer Protection Act speak for themselves.

134.    The Attorney General admits that C.R.S. § 6-1-113(1)(a) states that "[a]n action under this section shall be available to any person who … [i]s an actual or potential consumer of the defendant's goods, services, or property and is injured as a result of such deceptive trade practice[.]"The Attorney General further admits

the allegations in the second sentence of paragraph 134, and also states that the provisions of the Colorado Consumer Protection Act speak for themselves.

### Colorado Senate Bill 23-190

135.    The Attorney General admits that Governor Polis signed Senate Bill 23-190 into law on April 14, 2023 and that the full text of SB 23-190 was attached to the Bella Health Plaintiffs' complaint as Exhibit H, but denies the remaining allegations in paragraph 135.

136.    The Attorney General admits the allegations in paragraph 136.

137.    The Attorney General admits that Senate Bill 23-190 includes the quoted language and further states that the bill includes other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 137 are denied.

138.    The Attorney General admits that Senate Bill 23-190 includes the language quoted in the second sentence of paragraph 138 and further states that the bill contains other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 138 are denied.

139.    The Attorney General admits that Senate Bill 23-190 includes the language quoted in the second sentence of paragraph 139 and further states that the bill contains other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 139 are denied.

140. The Attorney General admits that Senate Bill 23-190 includes the quoted language and further states that the bill contains other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 140 are denied.

141. The Attorney General admits that Senate Bill 23-190 includes the quoted language and further states that the bill contains other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 141 are denied.

142. The Attorney General admits that Senate Bill-23-190 includes the quoted language and further states that the bill contains other language that provides additional context. Senate Bill 23-190 speaks for itself. All remaining allegations in paragraph 142 are denied.

### Legislative Record

143. The Attorney General denies the allegations in paragraph 143.

144. The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 144, and therefore denies them.

145. The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended

Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 145, and therefore denies them.

146.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 146, and therefore denies them.

147.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 147, and therefore denies them.

148.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 148, and therefore denies them.

149.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and

information to form a belief about the allegations in paragraph 149, and therefore denies them.

150.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 150, and therefore denies them.

151.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 151, and therefore denies them.

152.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 152, and therefore denies them.

153.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and

information to form a belief about the allegations in paragraph 152, and therefore denies them.

154.   The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 154, and therefore denies them.

155.   The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 154, and therefore denies them.

156.   The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 156, and therefore denies them.

157.   The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 157, and therefore denies them.

158.   The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint,

but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 158, and therefore denies them.

159.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 159, and therefore denies them.

160.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 160, and therefore denies them.

161.    The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 161, and therefore denies them.

162.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 162, and therefore denies them.

163.    The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 163, and therefore denies them.

164.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 164, and therefore denies them.

165.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 165, and therefore denies them.

166.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 166, and therefore denies them.

167.    The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiffs' First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 167, and therefore denies them.

168.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 168, and therefore denies them.

169.    The Attorney General admits that the quoted language is reflected in the unverified transcripts to the Bella Health Plaintiff's First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 169, and therefore denies them.

*Procedural History*

170.   The Attorney General admits the allegations in paragraph 170.

171.   The Attorney General admits that the Court held a hearing on Plaintiff's preliminary injunction motion on April 24, 2023 and declined to enter a preliminary injunction at least in part based on the State's assurances about enforcement. Any remaining allegations in paragraph 171 are denied.

*Senate Bill 23-190 Rulemaking*

172.   The Attorney General admits the Department of Regulatory Agencies hosted a joint stakeholder meeting on behalf of the Medical Board, Board of Nursing, and Board of Pharmacy to gather feedback regarding the implementation of Senate Bill 23-190. Any remaining allegations in paragraph 172 are denied.

173.   The Attorney General admits that the Bella Health Plaintiffs submitted a public comment prior to the June 5 stakeholder meeting but is without sufficient knowledge and information to form a belief about the truth of any of the submitted comments and therefore denies the remaining allegations in paragraph 173.

174.   The Attorney General admits that some doctors and nurses submitted comments and oral statements at the June 5 stakeholder meeting, but denies that there is scientific evidence that abortion pill reversal is safe and effective. The Attorney General is without sufficient knowledge and information to form a belief

about the truth of the remaining allegations relating to submitted comments and oral statements, and therefore denies the remaining allegations in paragraph 174.

175.    The Attorney General admits that several women submitted comments at the June 5 stakeholder meeting to urge the Boards not to adopt a rule banning medical abortion reversal but is without sufficient knowledge and information to form a belief about the truth of any of the testimony and therefore denies the remaining allegations in paragraph 175.

176.    The Attorney General admits Dr. Mitchell Creinin submitted a comment but is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 176, and therefore denies them.

177.    The Attorney General admits the allegations in paragraph 177. The Attorney General also states that the proposed rule speaks for itself.

178.    The Attorney General admits the allegations in paragraph 178. The Attorney General also states that the proposed rule speaks for itself.

179.    The Attorney General admits that the sponsors of SB 23-190 submitted a written comment. The Attorney General states that the comment speaks for itself.

180.    The Attorney General admits that organizations submitted written comments and also states that those written comments speak for themselves. The Attorney General denies the remaining allegations in paragraph 180.

181.    The Attorney General admits that New Era Colorado submitted several written letters from community members during the rulemaking and states

that those comments speak for themselves. The Attorney General denies the remaining allegations in paragraph 181.

182.    The Attorney General admits that Bella Health and other individuals submitted comments requesting that the Boards conclude that abortion pill reversal is a generally accepted practice but denies all remaining allegations paragraph 182.

183.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 183, and therefore denies them.

184.    The Attorney General admits that Representative McCormick made the quoted public comments but lacks sufficient knowledge and information to form a belief about the context of or basis for those comments and therefore denies the remaining allegations in paragraph 184.

185.    The Attorney General admits that Senator Winter made the quoted public comments but lacks sufficient knowledge and information to form a belief about the context of or basis for those comments and, therefore, denies the remaining allegations in paragraph 185.

186.    The Attorney General admits the Medical Board adopted a revised rule at its rulemaking hearing on August 17, the text of which can be found at 3 CCR 713-1, Rule 1.32, and speaks for itself. The Attorney General denies the remaining allegations in Paragraph 186.

187.   The Attorney General admits that the State Board of Nursing proposed a draft rule in the form attached to the Bella Health Plaintiff's First Amended Complaint as Exhibit R, which speaks for itself. All remaining allegations in paragraph 187 are denied.

188.   The Attorney General admits the Board of Nursing held its final rulemaking hearing on September 20, 2023, but is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 188, and therefore denies them.

189.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 189, and therefore denies them.

190.   The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 190, and therefore denies them.

191.   The Attorney General admits that the quoted language is reflected in the unverified transcripts attached to the Bella Health Plaintiff's First Amended Complaint, but the Attorney General otherwise lacks sufficient knowledge and information to form a belief about the allegations in paragraph 191, and therefore denies them.

192.   The Attorney General admits the rules promulgated by the Board of Nursing and Medical Board were effective October 1, 2023, and that all Defendants

agreed to a non-enforcement period expiring at 12:00 A.M. on October 24. The Attorney General denies all remaining allegations in paragraph 192.

### *Harm to Mrs. Mynyk and her Patients*

193.    The Attorney General denies the allegations in paragraph 193.

194.    The Attorney General denies the allegations in paragraph 194.

195.    The Attorney General denies the allegations set forth in the first sentence of paragraph 195. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 195, and therefore denies them.

196.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 196, and therefore denies them.

197.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 197, and therefore denies them.

198.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 198, and therefore denies them.

199.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 199, and therefore denies them.

200.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 200, and therefore denies them.

201.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 201, and therefore denies them.

202.    The Attorney General denies that Section 1 of SB 23-190 expressly applies the CCPA prohibitions on deceptive practices to abortion pill reversal. The Attorney General is without sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 202, and therefore denies them.

203.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 203, and therefore denies them.

## CLAIMS FOR RELIEF

### Count I

**42 U.S.C. § 1983**
**Violation of U.S. Const. Amend. I: Free Exercise Clause**
**Not Generally Applicable**

204.    The Attorney General incorporates by reference its answers to all preceding paragraphs.

205.    The allegations in paragraph 205 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 205.

206.    The allegations in paragraph 206 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 206.

207.    The allegations in paragraph 207 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 207.

208.    The Attorney General is without sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 208, and therefore denies them.

209.    The Attorney General admits that the quoted language is contained in Senate Bill 23-190, which speaks for itself, but denies any remaining allegations in paragraph 209.

210.    The Attorney General denies the allegations in paragraph 210.

211.    The Attorney General denies the allegations in paragraph 211.

212.    The Attorney General denies the allegations in paragraph 212.

34

213.    The Attorney General denies the allegations in paragraph 213.

214.    The Attorney General denies the allegations in paragraph 214.

215.    The Attorney General denies the allegations in paragraph 215.

## Count II

### 42 U.S.C. § 1983
### Violation of U.S. Const. Amend. I: Free Exercise Clause
### Not Generally Applicable

216.    The Attorney General incorporates by reference its answers to all preceding paragraphs.

217.    The allegations in paragraph 217 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 217.

218.    The allegations in paragraph 218 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 218.

219.    The allegations in paragraph 219 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 219.

220.    The Attorney General denies the allegations in paragraph 220.

35

221.   The Attorney General states that the Nursing and Pharmacy Board regulations speak for themselves. The Attorney General is without sufficient knowledge and information to form a belief about the truth of any other allegations in paragraph 221, and therefore denies them.

222.   The Attorney General denies the allegations in paragraph 222.

223.   The Attorney General denies the allegations in paragraph 223.

224.   The Attorney General denies the allegations in paragraph 224.

225.   The Attorney General denies the allegations in paragraph 225.

### Count III

**42 U.S.C. § 1983**
**Violation of U.S. Const. Amend. I: Free Exercise Clause**
**Not Neutral**

226.   The Attorney General incorporates by reference its answers to all preceding paragraphs.

227.   The allegations in paragraph 227 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 227.

228.   The allegations in paragraph 228 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 228.

36

229.    The allegations in paragraph 229 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 229.

230.    The allegations in paragraph 230 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 230.

231.    The allegations in paragraph 231 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 231.

232.    The allegations in paragraph 232 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 232.

233.    The Attorney General denies the allegations in paragraph 233.

234.    The Attorney General denies the allegations in paragraph 234.

235.    The Attorney General admits Senate Bill 23-190 and its regulations lack an express religious exemption but deny all remaining allegations in paragraph 235.

236.    The Attorney General denies the allegations in paragraph 236.

237.    The Attorney General denies the allegations in paragraph 237.

238.    The Attorney General denies the allegations in paragraph 238.

239.    The Attorney General denies the allegations in paragraph 239.

## Count IV

### 42 U.S.C. § 1983
### Violation of U.S. Const. Amend. I: Free Exercise Clause
### Content and Viewpoint Discrimination

240.    The Attorney General incorporates by reference its answers to all preceding paragraphs.

241.    The allegations in paragraph 241 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 241.

242.    The allegations in paragraph 242 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 242.

243.    The allegations in paragraph 243 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 243.

244.    The allegations in paragraph 244 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 244.

245.    The allegations in paragraph 245 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 245.

246.    The Attorney General denies the allegations in paragraph 246.

247.    The Attorney General denies the allegations in paragraph 247.

248.    The Attorney General denies the allegations in paragraph 248.

249.    The Attorney General denies the allegations in paragraph 249.

250.    The Attorney General denies the allegations in paragraph 250.

251.    The Attorney General denies the allegations in paragraph 251.

252.    The Attorney General denies the allegations in paragraph 252.

253.    The Attorney General denies the allegations in paragraph 253.

254.    The Attorney General denies the allegations in paragraph 254.

255.    The Attorney General denies the allegations in paragraph 255.

256.    The Attorney General denies the allegations in paragraph 256.

257.    The Attorney General denies the allegations in paragraph 257.

**Count V**

**42 U.S.C. § 1983**
**Violation of U.S. Const. Amend. I: Free Speech Clause**
**Patients' Right to Receive Information**

258.    The Attorney General incorporates by reference its answers to all preceding paragraphs.

259.    The allegations in paragraph 259 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 259.

260.    The allegations in paragraph 260 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 260.

261.    The Attorney General denies the allegations in paragraph 261.

262.    The Attorney General denies the allegations in paragraph 262.

263.    The Attorney General denies the allegations in paragraph 263.

264.    The Attorney General denies the allegations in paragraph 264.

265.    The Attorney General denies the allegations in paragraph 265.

266.    The Attorney General denies the allegations in paragraph 266.

267.    The Attorney General denies the allegations in paragraph 267.

## Count VI

### 42 U.S.C. § 1983
### Violation of U.S. Const. Amend. XIV: Due Process Clause
### Patients' Right to Medical Treatment

268.   The Attorney General incorporates by reference its answers to all preceding paragraphs.

269.   The allegations in paragraph 269 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 269.

270.   The allegations in paragraph 270 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 270.

271.   The allegations in paragraph 271 purport to quote caselaw, which speaks for itself, and set forth a legal characterization to which no response is required. The Attorney General denies any remaining factual allegations in paragraph 271.

272.   The Attorney General denies the allegations in paragraph 272.

273.   The Attorney General denies the allegations in paragraph 273.

274.   The Attorney General denies the allegations in paragraph 274.

275.   The Attorney General denies the allegations in paragraph 275.

41

276.    The Attorney General denies the allegations in paragraph 276.

277.    The Attorney General denies the allegations in paragraph 277.

278.    The Attorney General denies the allegations in paragraph 278.

279.    The Attorney General denies the allegations in paragraph 279.

280.    The Attorney General denies the allegations in paragraph 280.

## ANSWER TO PRAYER FOR RELEIF

The Attorney General denies that Plaintiff-Intervenor is entitled to any of the relief she requests.

## THE ATTORNEY GENERAL'S AFFIRMATIVE DEFENSES

The Attorney General asserts the following defenses, for which it does not concede that it bears the burden of persuasion or proof.

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted under any theory.

2.    The Attorney General affirmatively asserts that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges, and immunities granted by the United States Constitution and Colorado law.

3.    Any future action by the Attorney General to enforce Senate Bill 23-190 is supported by compelling governmental interests, goals, and objectives.

4.      Any future action by the Attorney General to enforce Senate Bill 23-190 is supported by important or substantial governmental interests, goals, and objectives.

5.      Any future action by the Attorney General to enforce Senate Bill 23-190 is supported by legitimate governmental interests, goals, and objectives.

6.      The Attorney General affirmatively asserts that Senate Bill 23-190 is a valid law of neutral applicability, which is viewpoint and content neutral, and thus does not violation the First Amendment's Free Exercise Clause.

7.      The Attorney General affirmatively asserts that Senate Bill 23-190 is not overly broad, vague, violative of the unbridled discretion doctrine, or otherwise violative of the Fourteenth Amendment's Due Process or Equal Protections Clauses.

8.      Plaintiff's claims against the Attorney General may be barred in whole or in part by a lack of standing.

9.      Plaintiff is not entitled to the relief being sought or claimed in the Complaint under the legal theories asserted therein.

10.      The Attorney General reserves the right to assert additional affirmative defenses as discovery progresses in this case and facts become known.

Respectfully submitted this 1st day of May, 2024.

PHILIP J. WEISER
Attorney General

*s/ Brady J. Grassmeyer*

Lauren M. Dickey,
First Assistant Attorney General*
Michael T. Kotlarczyk,
Sr. Assistant Attorney General*
Brady J. Grassmeyer,
Sr. Assistant Attorney General*
Ralph L. Carr Colorado Judicial Center
1300 Broadway, Denver, Colorado 80203
Telephone: (720) 508-6263
Email: brady.grassmeyer@coag.gov;
*Attorneys for the Attorney General*
*Counsel of Record

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2024, I served a true and complete copy of the foregoing ANSWER TO PLAINTIFF-INTERVENOR'S COMPLAINT, upon all parties herein by e-filing with the CM/ECF system maintained by the court.

*/s/ Allison Niekerk*