## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BELLA HEALTH AND WELLNESS
et al.,

      *Plaintiffs*,

CHELSEA M. MYNYK,

      *Plaintiff-Intervenor*,

   v.

PHIL WEISER, in his official capacity as
Attorney General of Colorado, et al.,

      *Defendants.*

Case No. 1:23-cv-939-DDD-SBP

**PLAINTIFFS' RESPONSES TO
DEFENDANTS' FIFTH SET OF
DISCOVERY REQUESTS AND
FOURTEENTH
SUPPLEMENTAL RESPONSES**

Plaintiffs Bella Health and Wellness, Denise "Dede" Chism, Abby Sinnett, and Kathleen Sander ("Plaintiffs"), by and through counsel, submit the following Responses to Defendants' Fifth Set of Discovery Requests and Fourteenth Supplemental Responses. **Plaintiffs' fourteenth supplemental responses are bolded for ease of reference.**

Plaintiffs make this response without conceding the relevance or materiality of any discovery request and without prejudice to their right to object to admissibility at trial with respect to the subject matter of any discovery request. The word usage and sentence structure are that of the attorneys who drafted these responses.

Plaintiffs make certain general objections, which are incorporated by reference as described below, as well as specific objections that are made on an individual basis to each request below. These objections and responses are based on information

Case
1:23-cv-00939-DD
D-SPB

**Exhibit
7**

currently known and reasonably available to Plaintiffs. These objections and responses are made without prejudice to Plaintiffs' right to rely on, at any time, including at trial, subsequently discovered information or information omitted from this response as a result of mistake, error, oversight, or inadvertence. Plaintiffs will supplement these objections and responses if they learn of additional or different responsive information. No incidental or implied admissions are intended by these responses. The fact that Plaintiffs respond or make objections to any request for production should not be taken as an admission that Plaintiffs accept or admit the existence of any "facts" set forth or assumed by such discovery requests.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the discovery requests to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Colorado.

2.      Plaintiffs object to the discovery requests to the extent they seek disclosure of information or communications protected by any evidentiary privilege, including but not limited to the attorney-client privilege, the work product doctrine, and the physician-patient privilege. Plaintiffs further object to these discovery requests to the extent they seek information protected by any other applicable privilege or immunity, including those secured by the First and Fourteenth Amendments to the United States Constitution and Article II of the Colorado Constitution. The inadvertent or unintentional disclosure by Plaintiffs of material or information covered by any privilege or immunity shall not be deemed a waiver of

2

such protection. Plaintiffs object to the discovery requests to the extent they seek information prohibited from disclosure by federal statutory and regulatory requirements, state and federal privacy laws, or any other provision of law or court order prohibiting the disclosure of information or rendering information subject to confidentiality.

3.    Plaintiffs object to the discovery requests to the extent they burden rights or seek information protected by the federal Constitution, including but not limited to the First and Fourteenth Amendments, the Colorado Constitution, or state and federal law, including but not limited to the federal Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*, and Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq.*

4.    Plaintiffs object to the discovery requests to the extent they are overbroad, unduly burdensome, duplicative, oppressive, or not proportional to the needs of the case.

5.    Plaintiffs object to the discovery requests to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely within the possession, custody, or control of third parties.

6.    Plaintiffs object to the discovery requests to the extent they require Plaintiffs to answer on behalf of non-parties. Plaintiffs also object to the extent the discovery requests seek information concerning third parties not involved in this

3

litigation that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011).

7. Plaintiffs object to the discovery requests to the extent they purport to require Plaintiffs to provide information not within their possession, custody, or control, or information that is already within any of the Defendants' possession, custody, or control.

8. Plaintiffs object to the discovery requests to the extent they are or incorporate terms that are vague, ambiguous, impermissibly imprecise, or otherwise unintelligible.

9. Plaintiffs object to the discovery requests to the extent they seek information not relevant to the subject matter of this action and/or information not reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiffs object to the discovery requests to the extent they seek legal conclusions and analysis.

11. Plaintiffs object to the use of responses and documents produced pursuant to these discovery requests for purposes beyond the scope of the above-captioned matter. Per the agreed-upon Stipulated Protective Order, all confidential information contained in documents produced in response to these requests "shall be used solely by the receiving party for the purpose of litigating in the above-captioned litigation, shall be and remain confidential, and shall not be used for any purpose other than litigating in the above-captioned litigation." Dkt. 132, at 2.

12.     Plaintiffs object to the definition of "Plaintiffs" to include Plaintiff-Intervenor. The use of the term "Plaintiffs" in these responses refers to Plaintiffs Bella Health and Wellness, Denise Chism, Abby Sinnett, and Kathleen Sander.

## DOCUMENT REQUESTS

1.     Produce all documents used, referenced, or consulted in responding to the interrogatories below.

RESPONSE: Plaintiffs object to this request to the extent it seeks privileged documents, irrelevant documents, or otherwise non-responsive documents which Plaintiffs reviewed as part of their reasonable search. Plaintiffs further object that the information sought is not proportional to the needs of the case. Plaintiffs further object that this request is vague, ambiguous, and without reasonable particularity as "used," "referenced," and "consulted" are not defined terms. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq.*

Subject to and without waiving the general objections and the objections and reservations contained in Plaintiffs' Response to Interrogatories, responsive documents are produced at Bates BHW002104, BHW003597-BHW003602, BHW004592-BHW004685, BHW005363-BHW005408, and BHW006522-BHW006539.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections, the specific objections asserted above, and the objections and

reservations contained in Plaintiffs' Responses to Interrogatories, additional responsive documents are produced at Bates BHW006963-BHW007365 and BHW007860-7901.

SUPPLEMENTAL RESPONSE (September 16, 2024): Subject to and without waiving the general objections, the specific objections asserted above, and the objections and reservations contained in Plaintiffs' Responses to Interrogatories, additional responsive documents were previously produced at Bates BHW012656-BHW012677. Plaintiffs also identify the expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan, served on Defendants on May 31, 2024, and the rebuttal expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan, served on Defendants on August 1, 2024.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections above, responsive documents are produced at Bates BHW013944-BHW013970. Plaintiffs also identify the supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on October 3, 2024.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, responsive documents are produced at Bates BHW013127-BHW013129, BHW013640-BHW013642, BHW013710-BHW013713, BHW014156-BHW014161, and BHW016527-BHW016529. Plaintiffs also identify the second supplemental expert report of Dr. Monique Chireau Wubbenhorst and**

6

**information cited therein, served on Defendants on December 9, 2024; the depositions of Denise Chism, Abby Sinnett, Kathleen Sander, Bella Health and Wellness's Rule 30(b)(6) deposition testimony, Natalie Lanker, Nathan Blake, Samuel Delp, the Colorado Attorney General's Rule 30(b)(6) deposition testimony, and the Colorado Medical Board and State Board of Nursing's Rule 30(b)(6) deposition testimony; Plaintiffs' First Amended Complaint (Dkt. 94); SB 23-190; Colorado Medical Board Rule 1.32; and the State Board of Nursing of Colorado Rule 1.35.**

2.   Produce all records (both prenatal and post-partum for mother and baby if the pregnancy results in a live birth) for each patient Plaintiffs assert third party claims on behalf of, including but not limited to the patients identified in paragraphs 17, 18, 19, 114, 115, 116, 117, and 211 of the Amended Complaint.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" patient records for the relevant individuals, including records and information, such as personal identifying information and sensitive medical information, that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq.* Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as it uses the term "post-partum" records for "baby." Plaintiffs further object that they

cannot respond to this request with respect to claims brought on behalf of unknown future patients.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW003603-BHW004754, BHW004769-BHW005584, BHW006522-BHW006539, and BHW006548-BHW006591. Plaintiffs are unable to produce responsive documents regarding unknown future patients. Documents that have been redacted or withheld as privileged will be identified on a privilege log.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents were previously produced at Bates BHW006522-BHW006539 and BHW006548-BHW006561, and are produced at Bates BHW006592-BHW006962.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW008486-BHW008549, BHW009991-BHW010894, and BHW010908-BHW011683.

SUPPLEMENTAL RESPONSE (June 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011836-BHW012117 and BHW012183-BHW012187.

SUPPLEMENTAL RESPONSE (June 5, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012191- BHW012270.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012447-BHW012677 and BHW012706-BHW012895.

SUPPLEMENTAL RESPONSE (July 29, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012899-BHW013115.

SUPPLEMENTAL RESPONSE (August 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013119-BHW013126.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013714-BHW013970.

SUPPLEMENTAL RESPONSE (November 22, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW014162-BHW014445 and BHW015450-BHW015507. In response to Request for Production No. 2, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was sought and/or obtained. Plaintiffs have not produced

9

ultrasound videos in response to this request.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW016411-BHW016522 and Bates BHW016530-BHW017017. In response to Request for Production No. 2, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was sought and/or obtained. Plaintiffs have not produced ultrasound videos in response to this request.**

3.    Produce all records for patients Plaintiffs have provided, or are currently providing, medication abortion reversal treatment, regardless of whether Plaintiffs assert third-party claims on their behalf, including both prenatal and post-partum records for both mother and baby if the pregnancy results in a live birth.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" patient records for the relevant individuals, including records and information, such as personal identifying information and sensitive medical information, that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this Request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq*. Plaintiffs further

10

object that the request is vague, ambiguous, and without reasonable particularity as it uses the term "post-partum" records for "baby."

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW003603-BHW006514. Documents that have been redacted or withheld as privileged will be identified on a privilege log.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW006592-BHW008213.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW008486-BHW010907, BHW010918-BHW011530, and BHW011565-BHW011683.

SUPPLEMENTAL RESPONSE (June 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011836-BHW012187.

SUPPLEMENTAL RESPONSE (June 5, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012191- BHW012270.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012447-BHW012677 and BHW012706- BHW012895.

SUPPLEMENTAL RESPONSE (July 29, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012899-BHW013115.

SUPPLEMENTAL RESPONSE (August 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013119-BHW013126.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013714-BHW013970.

SUPPLEMENTAL RESPONSE (November 22, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW014162-BHW014445 and BHW015450-BHW015507. In response to Request for Production No. 3, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was obtained. Plaintiffs have not produced ultrasound videos in response to this request.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW016411-BHW016522 and Bates BHW016530-BHW017017. In response to Request for Production No. 3, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was sought**

12

**and/or obtained. Plaintiffs have not produced ultrasound videos in response to this request.**

4.    Produce all records for all patients Plaintiffs have assessed for possible medication abortion reversal treatment, regardless of whether Plaintiffs ultimately provided medication abortion reversal treatment.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" patient records for the relevant individuals, including records and information, such as personal identifying information and sensitive medical information, that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq*.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW006515-BHW006591. Documents that have been redacted or withheld as privileged will be identified on a privilege log.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents were previously produced at Bates BHW003603-BHW006514 and are produced at Bates BHW006592-BHW008213.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW008486-BHW011683.

SUPPLEMENTAL RESPONSE (June 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011836- BHW012187.

SUPPLEMENTAL RESPONSE (June 5, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012191- BHW012270.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012447-BHW012677 and BHW012706- BHW012895.

SUPPLEMENTAL RESPONSE (July 29, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012899-BHW013115.

SUPPLEMENTAL RESPONSE (August 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013119-BHW013126.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013714-BHW013970.

14

SUPPLEMENTAL RESPONSE (November 22, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW014162-BHW014445 and BHW015450-BHW015507. In response to Request for Production No. 4, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was sought and/or obtained. Plaintiffs have not produced ultrasound videos in response to this request.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW016411-BHW016522 and Bates BHW016530-BHW017017. In response to Request for Production No. 4, Plaintiffs have produced patient records related to the pregnancy for which medication abortion reversal treatment was sought and/or obtained. Plaintiffs have not produced ultrasound videos in response to this request.**

5.    Produce all scientific literature Plaintiffs rely on to support the claim that use of progesterone to reverse the effects of mifepristone meets generally accepted standards of care.

RESPONSE: Plaintiffs object that this request is vague, ambiguous, and without reasonable particularity as "rely on" and "generally accepted standards of care" are not defined terms.

Subject to and without waiving these and the general objections, Plaintiffs direct Defendants to responsive documents already produced at Bates BHW000275-

15

BHW001520, BHW001563-BHW001609. Additional responsive documents are produced at Bates BHW002108-BHW002205. Plaintiffs further reserve their right to supplement this production as appropriate, including in any expert and rebuttal reports.

SUPPLEMENTAL RESPONSE (June 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011747-BHW011835.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs also identify the expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on May 31, 2024. Scientific literature relied on therein has been produced at the Bates ranges identified above.

SUPPLEMENTAL RESPONSE (September 16, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs also identify the rebuttal expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on August 1, 2024. Scientific literature cited therein is produced at Bates BHW013130-BHW013615.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the supplemental expert

report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on

Defendants on October 3, 2024

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the second supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on December 9, 2024.**

6.  Produce tax returns for Plaintiff Bella Health and Wellness for the years 2019 through 2023.

RESPONSE: Plaintiffs object to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses. *See, e.g.*, *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 555 (D. Colo. 2009) (party not entitled to financial information where it "ha[d] not demonstrated that this information is required in order to prove an element of one of their claims"). Plaintiffs further object to the extent that the request seeks information that is publicly available. Plaintiffs further object to the extent the request seeks non-public information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

~~Subject to and without waiving these and the general objections, Plaintiffs produce Bella Health and Wellness's public Form 990s for the years 2019 through 2022 at Bates BHW001770-BHW001856.~~

SUPPLEMENTAL RESPONSE (June 10, 2024): Subject to and without waiving the general objections and the specific objections asserted above, responsive documents are produced at Bates BHW012271-BBHW012445.

17

SUPPLEMENTAL RESPONSE (November 22, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Bella Health and Wellness's public Form 990s for the years 2019 through 2023 were previously produced at Bates BHW012271-BBHW012445.

7.   Produce Bella Health and Wellness' governing corporate documents, including its articles of incorporation and bylaws.

RESPONSE: Plaintiffs object that this request is vague, ambiguous, and without reasonable particularity as "governing corporate documents" is not a defined term. Plaintiffs object to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW001857-BHW001915.

8.   Produce all versions of Bella Health and Wellness' policies and procedures, including employee handbooks and codes of conduct in effect during the relevant time period.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to the extent the request seeks policies and procedures that are not relevant to any party's claims or defenses. Plaintiffs also object that the request is vague, ambiguous, and without reasonable particularity as "policies and procedures" is not a defined term. Plaintiffs further object to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

18

Subject to and without waiving these and the general objections, Bella Health's employee handbooks; OB-GYN and related protocols; and practice agreements and financial policies that are provided to new patients are produced at Bates BHW001916-BHW002086 and BHW002095-BHW002102.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011685-BHW011742.

9.   Produce all versions of documents given to new patients by Plaintiffs during the relevant time period, including the "welcome packet" identified in Paragraph 131 of the Amended Complaint.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object to the extent this request seeks documents already within Defendants' possession, custody, or control. *See* Dkt. 94, Ex. G at 9-10 (Bella Health and Wellness Welcome Card).

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW002080-BHW002093.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011728-BHW011740 and BHW011743-BHW011746.

10.   Produce all records for every patient who presented to Bella Health seeking a consultation for, information about, or provision of abortion care.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly

19

broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object to this request to the extent it seeks "all" records, including records that are not relevant to any party's claims or defenses. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "abortion care" is not a defined term.

Subject to and without waiving these and the general objections, Plaintiffs respond that they have identified no responsive documents.

11.    Produce all protocols used by Plaintiffs for medication abortion reversal assessment and treatment, including but not limited to the materials reviewed, referenced, and/or consulted in development of the protocols.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "protocols" and "used by" are not defined terms.

Subject to and without waiving these and the general objections above, Bella Health's Progesterone Therapy protocol, the sources cited therein, and the relevant consent forms are produced at Bates BHW002094-BHW002205. Plaintiffs also direct Defendants to additional documents previously produced at Bates BHW000275-BHW001520 and BHW001563-BHW001609. Plaintiffs further reserve their right to supplement this production as appropriate.

SUPPLEMENTAL RESPONSE (May 17, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW011741- BHW011742.

20

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs also direct Defendants to additional documents previously produced at Bates BHW011747-BHW011835 and BHW013130-BHW013615; the expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on May 31, 2024; the rebuttal expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on August 1, 2024; the supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on October 3, 2024; and the second supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on December 9, 2024.**

12. Produce any and all practice agreements by which Bella Health employees provide advice, assessments, and/or care to patients at locations, practices, and/or clinics other than the practice locations identified in the Amended Complaint, including but not limited to Marisol Health Clinic as alleged in paragraph 46 of the Amended Complaint.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object to the extent the request seeks "any and all" practice agreements, including those that are not relevant to any party's claims or defenses. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "practice agreements," "advice," "assessments," and "care" are not defined terms.

21

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW002206-BHW002224.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012678-BHW12696.

13.    Produce any and all agreements between Plaintiffs and any entities that provide referrals for individuals inquiring about or requesting medication abortion reversal treatment to Plaintiffs individually and/or as a member of any organization, association, or other group.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "agreements" is not a defined term. Plaintiffs further object to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW002206-BHW002224.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012678-BHW12696.

SUPPLEMENTAL RESPONSE (September 16, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013616-BHW013623.

14. Produce any and all agreements, membership criteria, or other contracts entered into by Plaintiffs with any other group, agency, entity, funding source, or membership organization that references medication abortion reversal care.

RESPONSE: Plaintiffs object to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses. Plaintiffs further object on the grounds that this request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this request to the extent that it requires Plaintiffs to answer on behalf of non-parties. Plaintiffs further object that this request is vague, ambiguous, and without reasonable particularity as "agreements," "membership criteria," "group," "entity," and "funding source," are not defined terms. Plaintiffs further object to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW002225-BHW002228. Documents that have been redacted or withheld as privileged will be identified on a privilege log.

15. Produce any and all advertisements disseminated by Plaintiffs.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object that this request is vague, ambiguous, and without reasonable particularity as "advertisement" is not a defined term, and Plaintiffs publicize their services in many different ways. Plaintiffs further object to the extent that the request seeks information that is publicly available, or that may be obtained from

23

another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving these and the general objections, responsive documents are produced at Bates BHW002229-BHW003596.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW008214-BHW008485.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW012697-BHW012705.

SUPPLEMENTAL RESPONSE (October 25, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW013974-BHW014130.

SUPPLEMENTAL RESPONSE (November 12, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional responsive documents are produced at Bates BHW014131-BHW014142.

SUPPLEMENTAL RESPONSE (November 22, 2024): On November 8, 2024, Defendants for the first time propounded a definition of "advertisement" as "the attempt by publication, dissemination, solicitation, or circulation, visual, oral, or written, to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any property." B. Grassmeyer Email to Plaintiffs' Counsel, Nov. 8, 2024 (quoting C.R.S. § 6-1-102(1)). Plaintiffs continue to object to this request as overly broad, unduly burdensome, and disproportionate to the needs

of this case. Plaintiffs also object that the propounded definition remains vague, as it does not define what it means to "induce directly or indirectly" to enter "any obligation." In response to Request for Production No. 15, Plaintiffs have previously produced documents publicizing Bella's services and/or care from Bella's website, social media posts, social media advertisements, church bulletin placements, magazine placements, and flyers at the Bates ranges identified above.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional documents publicizing Bella's services and/or care from Bella's website, social media posts, social media advertisements, church bulletin placements, magazine placements, or flyers are produced at Bates BHW017227-BHW017307.**

16.    Produce any and all documents or communications related to any actual or potential advertisements by Plaintiffs without regard to whether the advertisement was disseminated.

RESPONSE: Plaintiffs object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiffs further object that this request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "potential advertisements" is not a defined term.

Subject to and without waiving these and the general objections, Plaintiffs direct Defendants to documents produced in response to Request for Production No. 15.

SUPPLEMENTAL RESPONSE (November 22, 2024): On November 8, 2024, Defendants for the first time propounded a definition of "advertisement" as "the attempt by publication, dissemination, solicitation, or circulation, visual, oral, or written, to induce directly or indirectly any person to enter into any obligation or to acquire any title or interest in any property." B. Grassmeyer Email to Plaintiffs' Counsel, Nov. 8, 2024 (quoting C.R.S. § 6-1-102(1)). Plaintiffs continue to object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses, and the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs also object that the propounded definition remains vague, as it does not define what it means to "induce directly or indirectly" to enter "any obligation." Plaintiffs further object to this request as vague, ambiguous, and without reasonable particularity as "potential advertisements" and "actual . . . advertisements" are not defined terms. Subject to and without waiving the general objections and the specific objections asserted above, documents and communications related to documents publicizing Bella's services and/or care from Bella's website, social media posts, social media advertisements, church bulletin placements, magazine placements, and flyers, as well as draft versions of the foregoing documents, are produced at Bates BHW014446-BHW015446 and BHW015508-BHW016407.

26

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections and the specific objections asserted above, additional documents and communications related to documents publicizing Bella's services and/or care from Bella's website, social media posts, social media advertisements, church bulletin placements, magazine placements, and flyers, as well as draft versions of the foregoing documents, are produced at Bates BHW017308-BHW017374.**

17.   Produce any and all written demand letters or other formal notices of claim received from any patient related to care that included medication abortion reversal services.

RESPONSE: Plaintiffs object to this request to the extent that it seeks information within Defendants' possession, custody, or control.

Subject to this and the general objections, Plaintiffs respond that they have identified no responsive documents.

18.   Produce the "APR tracker" referenced at Bates BHW002021.

RESPONSE: Plaintiffs object to this request as seeking information protected by the attorney work product and attorney-client privileges.

Subject to and without waiving these and the general objections, Plaintiffs have identified and withheld as privileged one responsive document, Bates BHW011684, as reflected in the accompanying privilege log.

19.   Produce any and all documents or communications related to information about abortion pill reversal that Ms. Mynyk removed from her website because of SB23-190, including but not limited to the documents that support the allegations in paragraph 200 of Ms. Mynyk's Plaintiff-Intervenor's Complaint.

RESPONSE: None.

20.     All communication and documents sent to and received from third parties regarding services and/or care provided to patients, including but not limited to, communications between Plaintiffs or Plaintiff-Intervenor and Abortion Pill Rescue Network or Heartbeat International.

RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" communications or documents exchanged with third parties "regarding services and/or care provided to patients." On its face, that would encompass all Bella communications with any third party regarding any service or care of any kind provided to any patient. Plaintiffs further object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "services" and "care" are not defined terms.

Subject to and without waiving these and the general objections, responsive documents regarding medication abortion reversal services and/or care provided to Bella medication abortion reversal patients are produced at BHW013624-BHW013649.

28

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, responsive documents regarding medication abortion reversal services and/or care provided to Bella medication abortion reversal patients are produced at BHW017216-BHW017226.**

21.  All communication and documents exchanged with third parties regarding referrals of patients either to or from Plaintiffs or Plaintiff-Intervenor, including communication and documents exchanged with the Abortion Pill Rescue Network or Heartbeat International.

RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "referral" is not a defined term.

Subject to and without waiving these and the general objections, responsive documents regarding referrals for medication abortion reversal are produced at BHW013624-BHW013637 and BHW013650-BHW013713.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, responsive documents regarding referrals for medication abortion reversal are produced at BHW017216-BHW017217, BHW017221-BHW017222, and BHW017225-BHW017226.**

22.   Produce any correspondence maintained on, sent through or to, or otherwise related to any social media account used by a Plaintiff for business purposes, including but not limited to correspondence with the social media provider and correspondence received from or sent to other users through the platform.

RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. The request seeks "any correspondence maintained on, sent through or to, or otherwise related to any social media account used by a Plaintiff for business purposes." On its face, that would encompass all Bella correspondence with any person that has anything to do with social media. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq*.

Subject to and without waiving these and the general objections, responsive documents concerning Bella's services related to abortion, emergency contraceptives, or medication abortion reversal are produced at BHW014143-BHW014155.

23.  Produce all documents and communications relating to any correspondence Plaintiffs have received from a patient or prospective patient inquiring about abortion, emergency contraceptives, or referrals for abortion or emergency contraceptives.

RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiffs further object that the request is vague, ambiguous, and without reasonable particularity as "referrals" is not a defined term.

Subject to this and the general objections, Plaintiffs respond that they have identified no responsive documents.

24.  All communication and documents, including but not limited to correspondence, sent to or received from current patients, individuals who became patients, previously were patients, and/or prospective patients who inquired about, sought information about, received information about, or in any way provided information to or sought information from You regarding abortion pill reversal.

RESPONSE: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to this request on the grounds that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiffs further object to the extent

31

this request seeks information protected by federal and state privacy laws. Plaintiffs further object to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq.

Subject to and without waiving these and the general objections, communications with patients regarding abortion pill reversal services and/or medical care related to the pregnancy for which abortion pill reversal services were sought are produced at BHW014156-BHW014161, BHW015447-BHW015449, BHW016523-BHW016526 and BHW017022-BHW017215.

## INTERROGATORIES

1.  Identify all persons/entities assisting Plaintiffs in preparing responses to written discovery.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs further object that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs also object to this interrogatory because it violates the work product doctrine. "[A]n interrogatory asking a party to identify all persons interviewed would contravene work product." 8 Wright, Marcus, & Miller, Fed. Prac. & Proc. Civ. § 2028 (3d ed.), Ch. 6, Rule 26, § (C) (2023); *United States v. Travelers Casualty & Surety Company of America*, 2023 WL 5275382 (D.N.M. 2023) (finding that interrogatory asking for names of individuals who assisted with answering interrogatories was both a violation of work product and

irrelevant).

Subject to and without waiving these and the general objections, Plaintiffs respond that individual Plaintiffs, Lauren Castillo, Natalie Lanker, and Kelly Veitch assisted in the preparation of these discovery responses. All these individuals may be contacted through counsel for Plaintiffs.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs respond that Mikayla Pardon, Brooklyn Saeman, Amanda Schoenthaler, and Sarah Hodack assisted in the preparation of these discovery responses. These individuals may be contacted through counsel for Plaintiffs.**

2.    Identify all third-party locations where Bella Health displays posters, brochures, and/or handouts on medication abortion reversal as alleged in paragraphs 130 and 218 of the Amended Complaint.

RESPONSE: Plaintiffs object that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs sometimes distribute posters, brochures, and/or handouts to churches and other entities that display these materials, and Plaintiffs are not always aware of locations where Bella Health postures, brochures, and/or handouts are displayed.

Subject to and without waiving these and the general objections, Plaintiffs respond that they are aware that Bella Health posters, brochures, and/or handouts are sometimes displayed at certain churches in the Denver area, including at All Souls Catholic Church and St. Frances Cabrini Catholic Church.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs sometimes distribute or display posters, brochures, and/or handouts at conferences or fairs.**

3.    Identify all pregnancy resource centers, advocacy groups, medical practices, and clinics, who have transferred care of patients to Plaintiffs or directly referred patients to Plaintiffs for initiation of medication abortion reversal following the enactment of SB 23-190.

RESPONSE: Plaintiffs object that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs further object that the information sought is not relevant to any party's claim or defense. Plaintiffs further object that this interrogatory is vague, ambiguous, and without reasonable particularity as "advocacy groups" and "directly referred" are not defined terms. Plaintiffs further object to the extent this interrogatory seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these and the general objections, Plaintiffs respond that the following entities have referred patients for consultation regarding medication abortion reversal, or have transferred care of medication abortion reversal patients to Plaintiffs since the enactment of SB 23-190:

Abortion Pill Reversal Hotline

Alternatives Pregnancy Center

Marisol Health Northern Colorado

34

4.    Identify all health care facilities where Plaintiffs provide, consult, and/or assess patients for medication abortion reversal therapy.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claim or defense.

Subject to and without waiving these and the general objections, Plaintiffs respond that they provide, consult, and/or assess patients for medication abortion reversal at the following facilities:

Bella Health & Wellness Primary Medical Campus
180 E. Hampden Avenue
Englewood, Colorado 80113

Marisol Health – Denver
3894 Olive Street
Denver, Colorado 80207

In addition, Plaintiffs previously provided, consulted, and/or assessed patients for medication abortion reversal at the following facility:

Marisol Health – Lafayette
1275 Centaur Village Drive
Lafayette, Colorado 80026

5.    Identify any incident in which a medication abortion reversal patient alleged they were coerced or misled into not obtaining an abortion by Plaintiffs or any provider associated with Plaintiffs.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs also object that the interrogatory is vague, ambiguous, and without reasonable particularity as "associated with" is not a defined term.

Subject to and without waiving these and the general objections, Plaintiffs respond that they are not aware of any incident in which a medication abortion

35

reversal patient alleged they were coerced or misled into not obtaining an abortion by Plaintiffs or any provider associated with Plaintiffs.

6.    Identify any incident in which a medication abortion reversal patient treated by Plaintiffs has alleged they were coerced or misled into obtaining an abortion.

RESPONSE: Plaintiffs object to this interrogatory to the extent it seeks the identity of individuals who were coerced or misled into obtaining an abortion, which is highly sensitive information that is not relevant to any party's claims or defenses. Plaintiffs further object to the extent this interrogatory burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 *et seq.*

Subject to and without waiving these and the general objections, Plaintiffs state that incidents in which medication abortion reversal patients who were treated by Plaintiffs reported being coerced or misled into obtaining an abortion are described in records produced at Bates BHW004592-BHW004685, BHW006522-BHW006539, and BHW005363-BHW005408.

SUPPLEMENTAL RESPONSE (April 1, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs state that additional incidents are described in records produced at Bates BHW006963-BHW007365 and BHW007860-7901.

SUPPLEMENTAL RESPONSE (September 16, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs

state that an additional incident is described in records produced at Bates BHW012656-BHW012677.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs state that an additional incident is described in records produced at Bates BHW013944-BHW013970.

7. Describe the process used by Plaintiffs when a patient presents asking for abortion care.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs further object that the interrogatory is vague, ambiguous, and without reasonable particularity as "process" is not a defined term.

Subject to and without waiving these and the general objections, Plaintiffs respond that they are not aware of any instance in which a Bella Health patient has presented asking for an abortion.

8. Describe how Plaintiffs obtain informed consent from a patient seeking medication abortion reversal treatment.

RESPONSE: ~~Subject to the general objections, Plaintiffs respond that they obtain informed consent from a patient seeking medication abortion reversal treatment by discussing with the patient the Threatened Loss Treatment Consent Form produced at BHW002104.~~

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to the general objections, Plaintiffs respond that they obtain informed consent from a patient

37

seeking medication abortion reversal treatment by discussing with the patient the risks, benefits, and alternatives of the treatment, including by covering information included in the Threatened Loss Treatment Consent Form produced at BHW002104.

9.  Identify all evidence that supports your claim that "Abortion Pill Reversal" is safe as alleged in Paragraph 126 of your Amended Complaint.

RESPONSE: Subject to the general objections above, Plaintiffs state that the following evidence supports their claim that "Abortion Pill Reversal" is safe, as described in Paragraph 126 of the Amended Complaint: the declaration of Dr. Monique Chireau Wubbenhorst and the information cited therein, Dkt. 102-1; documents produced in response to Request for Production No. 5; and Plaintiffs' extensive experience with prescribing progesterone and providing treatment to abortion pill reversal patients. Plaintiffs further reserve their right to supplement this interrogatory response as appropriate, including in any expert and rebuttal reports.

SUPPLEMENTAL RESPONSE (July 12, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on May 31, 2024.

SUPPLEMENTAL RESPONSE (September 16, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the rebuttal expert reports of Dr. Monique Chireau Wubbenhorst and Dr. Jeffrey A. Keenan and information cited therein, served on Defendants on August 1, 2024.

SUPPLEMENTAL RESPONSE (October 3, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on October 3, 2024.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving the general objections above, Plaintiffs also identify the second supplemental expert report of Dr. Monique Chireau Wubbenhorst and information cited therein, served on Defendants on December 9, 2024.**

10.  For Advanced Practice Nurse Plaintiffs, describe the specific educational programs, mentoring agreements, and collaborative agreements engaged in by each licensee to qualify for their certification, inclusion on the advanced practice registry, and prescriptive authority, as well as ongoing trainings completed to remain current in their identified role and population focus.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs further object to the interrogatory to the extent it seeks information that is publicly available, or that is already within Defendants' possession, custody, or control, or that may be obtained from another source that is more convenient or less burdensome, or less expensive. The state of Colorado maintains a database of Advanced Practice Nurses with information regarding educational programs, mentoring agreements, collaborative agreements, and trainings that are required for certification, inclusion on the advanced practice registry, and prescriptive authority.

Subject to and without waiving these and the general objections, Plaintiffs respond that they are required to renew Nurse Practitioner-APN licenses every two

39

years. The licensing renewal process requires a renewal fee and Board certification

when applicable. Board certification requires the reporting of continuing education

hours once every three years.

11.   Identify the tools, methods, strategies used by Plaintiffs to determine whether
      a patient has consumed mifepristone.

RESPONSE: Subject to the general objections above, Plaintiffs respond that

they determine whether a patient has consumed mifepristone based on the patient's

report to Plaintiffs that she has consumed mifepristone.

12.   To Bella Health Plaintiffs: State all the facts that you rely upon to support the
      allegations in paragraph 221 of the First Amended Complaint (ECF No. 94).

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is

overly broad, unduly burdensome, and not proportional to the needs of this case. *See*

*Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Bat v. A.G. Edwards & Sons,*

*Inc.*, No. 04-cv-02225-REB-BNB, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005).

Plaintiffs further object on the grounds that discovery in this case is ongoing and

Plaintiffs' factual investigation is ongoing and that, accordingly, the interrogatory is

premature. *See* Fed. R. Civ. P. 33(a)(2). Plaintiffs further object to this interrogatory

on the grounds that it calls for legal conclusions. Plaintiffs further object to this

interrogatory to the extent it seeks attorney mental impressions, conclusions,

opinions, or legal theories that are protected by the work product doctrine under Fed.

R. Civ. P. 26(b)(3)(B).

Subject to and without waiving the general objections and the specific

objections asserted above, Plaintiffs state that responsive facts include, but are not

limited to, the following: Am. Compl. ¶¶ 121-31, 138-42, 145-50, 151-61, 163, 167-74, 221 (Dkt. 94). Plaintiffs have described and continue to describe their practice as "full-service" and as providing "comprehensive" or "full continuum" care. Bella believes that these terms accurately describe the care it provides. But Section 2 of SB 23-190 prohibits any advertisement "indicat[ing] … that the person provides abortions or emergency contraceptives, or referrals for abortions or emergency contraceptives." Colo. Rev. Stat. § 6-1-734(2). This language was designed to punish "faith-based organizations" that advertise they provide "comprehensive reproductive healthcare." The Attorney General has not repudiated that SB 23-190 was so designed. He has also not permanently disavowed enforcement of Section 2 or the Colorado Consumer Protection Act ("CCPA") against advertisements like those cited above. And there is no evidence that he has prohibited his staff from enforcing Section 2 as applied to such advertisements. Accordingly, advertisements like those identified above remain at risk under Section 2 of SB 23-190, placing Plaintiffs at risk of draconian CCPA penalties and damages.

**Supplemental Response (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs state that additional responsive facts include, but are not limited to, the following: Bella's Rule 30(b)(6) deposition testimony concerning Bella's awareness of statements made by Colorado legislators concerning SB 23-190, the Attorney General's duty to uphold the law and refusal to disavow SB 23-190, and the text of SB 23-190; and the deposition testimony of Mr. Nathan Blake and the Attorney**

**General's Rule 30(b)(6) representative, including such testimony regarding the Attorney General's refusal to disavow enforcement of SB 23-190, refusal to determine whether advertisements like those cited above are deceptive, continuing refusal to determine that advertising or publicizing abortion pill reversal is lawful, and ability to consider legislative declarations and/or information from legislative hearings in considering investigations or enforcement actions under the CCPA.**

13.    To Bella Health Plaintiffs: State all the facts that you rely upon to support the allegations in paragraph 267 of the First Amended Complaint (ECF No. 94).

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-cv-02225-REB-BNB, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005) (similar). Plaintiffs further object on the grounds that discovery in this case is ongoing and Plaintiffs' factual investigation is ongoing and that, accordingly, the interrogatory is premature. *See* Fed. R. Civ. P. 33(a)(2). Plaintiffs further object to this interrogatory on the grounds that it calls for legal conclusions. Plaintiffs object to this interrogatory to the extent it seeks attorney mental impressions, conclusions, opinions, or legal theories that are protected by the work product doctrine under Fed. R. Civ. P. 26(b)(3)(B).

Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs state that responsive facts include, but are not limited to, the following: Am. Compl. ¶¶ 108-17, 121-31, 145-70, 177 (Dkt. 94). Section

1(3) of SB 23-190 states that "Section 6-1-105(1)(e) and (1)(rrr)" applies "to
disseminating or causing to be disseminated … advertising for or providing or offering
to provide or make available medication abortion reversal." The Attorney General has
not repudiated that this language prohibits Plaintiffs from counseling patients in
connection with abortion pill reversal. He has also not permanently disavowed
enforcement of the CCPA against such counseling. And there is no evidence that he
has prohibited his staff from enforcing Section 2 as applied to such counseling.
Plaintiffs regularly engage in such counseling as part of their abortion pill reversal
practice or in describing their services. Accordingly, counseling like that identified in
paragraph 267 of the First Amended Complaint remains covered by Section 1(3) of
SB 23-190, placing Plaintiffs at risk of draconian CCPA penalties and damages.

**Supplemental Response (December 13, 2024): Subject to and without
waiving these and the general objections, Plaintiffs state that additional
responsive facts include, but are not limited to, the following: Bella's Rule
30(b)(6) deposition testimony concerning Bella's awareness of statements
made by Colorado legislators concerning SB 23-190, the Attorney General's
duty to uphold the law and refusal to disavow SB 23-190, and the text of SB
23-190; and the deposition testimony of Mr. Nathan Blake and the Attorney
General's Rule 30(b)(6) representative, including such testimony regarding
the Attorney General's refusal to disavow enforcement of SB 23-190, refusal
to determine whether advertisements like those cited above are deceptive,
continuing refusal to determine that advertising or publicizing abortion pill**

**reversal is lawful, and ability to consider legislative declarations and/or information from legislative hearings in considering investigations or enforcement actions under the CCPA.**

14. To Bella Health Plaintiffs: State all the facts that you rely upon to support the allegations in paragraph 276 of the First Amended Complaint (ECF No. 94).

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. *See Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006); *Bat v. A.G. Edwards & Sons, Inc.*, No. 04-cv-02225-REB-BNB, 2005 WL 6776838, at *2-3 (D. Colo. Nov. 18, 2005). Plaintiffs further object on the grounds that discovery in this case is ongoing and Plaintiffs' factual investigation is ongoing and that, accordingly, the interrogatory is premature. *See* Fed. R. Civ. P. 33(a)(2). Plaintiffs further object on the grounds that the interrogatory calls for legal conclusions. Plaintiffs further object to this interrogatory to the extent it seeks attorney mental impressions, conclusions, opinions, or legal theories that are protected by the work product doctrine under Fed. R. Civ. P. 26(b)(3)(B).

Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs state that responsive facts include, but are not limited to, the following: Am. Compl. ¶¶ 121-31, 138-42, 145-74, 177, 215-221 (Dkt. 94). Section 1(3) of SB 23-190 states that "Section 6-1-105(1)(e) and (1)(rrr)" apply "to disseminating or causing to be disseminated … advertising for or providing or offering to provide or make available medication abortion reversal," and Section 2 of SB 23-190 prohibits any advertisement "indicat[ing] … that the person provides abortions

44

or emergency contraceptives, or referrals for abortions or emergency contraceptives."

Colo. Rev. Stat. § 6-1-734(2). Prior to the passage of SB 23-190, Plaintiffs

"disseminat[ed] or caus[ed] to be disseminated … advertising for or providing or

offering to provide or make available medication abortion reversal." Prior to the

passage of SB 23-190, Plaintiffs disseminated advertisements that described their

practice as "full-service" or as providing "comprehensive" or "full continuum" care.

Due to the vague and ambiguous nature of the statutory term "indicat[es]," these

terms could "indicate" either to the Attorney General or a private person that they

"provide[] abortions or emergency contraceptives, or referrals for abortions or

emergency contraceptives." In light of the potentially crippling penalties imposed by

this statute, prior to the court's temporary restraining order in this case, Bella was

forced to remove any mention of abortion pill reversal from its website and social

media accounts. Dkt. 94 ¶ 216. Further, Plaintiffs continue to describe their practice

as "full-service" or as providing "comprehensive" or "full continuum" care. Bella

believes that these terms accurately describe the care it provides. But SB 23-190 was

designed to punish "faith-based organizations" that advertise they provide

"comprehensive reproductive healthcare." The Attorney General has never publicly

rejected these statements and has refused to permanently disavow enforcement of SB

23-190 or the CCPA against advertisements like those cited above or Plaintiffs'

speech about abortion pill reversal. Accordingly, that speech remains at risk under

Sections 1 and 2 of SB 23-190, putting Bella at risk of draconian CCPA penalties and

damages.

**Supplemental Response (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs state that additional responsive facts include, but are not limited to, the following: Denise Chism's, Abby Sinnett's, Dr. Kathleen Sander's, Natalie Lanker's, and Bella's Rule 30(b)(6) deposition testimony concerning Bella's removal of advertisements at the time of SB 23-190's enactment and/or awareness of statements made Colorado legislators concerning SB 23-190, the Attorney General's duty to uphold the law and refusal to disavow SB 23-190, and the text of SB 23-190; and the deposition testimony of Mr. Nathan Blake and the Attorney General's Rule 30(b)(6) representative, including such testimony regarding the Attorney General's refusal to disavow enforcement of SB 23-190, whether advertisements like those cited above are deceptive, continuing refusal to determine that advertising or publicizing or informing patients about abortion pill reversal is lawful, and ability to consider legislative declarations and/or information from legislative hearings in considering investigations or enforcement actions under the CCPA.**

15. Identify all material facts that you will rely on to show that the statements made by legislators during the debate on SB23-190 referenced in the Complaint (ECF No. 94 ¶¶159-185; ECF No. 140, ¶¶143-169) impact the Attorney General's exercise of his enforcement authority under the Colorado Consumer Protection Act.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case.

46

Plaintiffs further object on the grounds that discovery in this case is ongoing and Plaintiffs' factual investigation is ongoing and that, accordingly, the interrogatory is premature. *See* Fed. R. Civ. P. 33(a)(2). Plaintiffs further object on the grounds that the interrogatory calls for legal conclusions. Plaintiffs further object to this interrogatory to the extent it seeks attorney mental impressions, conclusions, opinions, or legal theories that are protected by the work product doctrine under Fed. R. Civ. P. 26(b)(3)(B).

Subject to and without waiving the general objections and the specific objections asserted above, Plaintiffs state that responsive facts include, but are not limited to, the following: Am. Compl. ¶¶ 35, 145-49, 159-85, 195-201, 215-21 (Dkt. 94). The Attorney General has never publicly rejected these statements. Nor has he disavowed enforcement of SB 23-190 or the CCPA against advertisements like those cited in the responses above or Plaintiffs' speech about their own medical practice and abortion pill reversal. The Attorney General has also not prohibited his staff from considering such statements when interpreting the CCPA or when deciding to initiate an investigation or enforcement action thereunder. Accordingly, that speech remains at risk under Sections 1 and 2 of SB 23-190, putting Bella at risk of draconian CCPA penalties and damages.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs state that additional responsive facts include, but are not limited to, the following: Bella's Rule 30(b)(6) deposition testimony concerning Bella's awareness of**

47

**statements made by Colorado legislators, the Attorney General's duty to uphold the law and refusal to disavow SB 23-190, and the text of SB 23-190; and the deposition testimony of Mr. Nathan Blake and the Attorney General's Rule 30(b)(6) representative, including such testimony regarding the Attorney General's ability to consider legislative declarations and/or information from legislative hearings in considering investigations or enforcement actions under the CCPA.**

16.    Identify all material facts that you will rely on to prove that you are entitled to relief for harm to "current or prospective patients" as those terms are used in the Complaint (ECF No. 94, ECF No. 140).

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiffs further object on the grounds that discovery in this case is ongoing and Plaintiffs' factual investigation remains ongoing and that, accordingly, the interrogatory is premature. *See* Fed. R. Civ. P. 33(a)(2). Plaintiffs further object on the grounds that the interrogatory calls for legal conclusions. Plaintiffs further object to this interrogatory because it seeks attorney mental impressions, conclusions, opinions, or legal theories that are protected by the work product doctrine under Fed. R. Civ. P. 26(b)(3)B). Plaintiffs further object on the grounds that this mischaracterizes Plaintiffs complaint, which does not use the term "current or prospective patients."

Subject to and without waiving these and the general objections above, Plaintiffs state that responsive facts include, but are not limited to, the following:

48

Am. Compl. ¶¶ 17-20, 24-26, 58-59, 90-92, 109-20, 132-36, 209-22 (Dkt. 94). Since the passage of SB 23-190, more than 30 patients were either currently receiving or have since sought out Plaintiffs' care to obtain information about, and/or to receive, abortion pill reversal care. In doing so, these patients have exercised the rights protected by the United States Constitution. In addition, Bella will continue to receive inquiries from unknown and unknowable patients seeking the same information and/or treatment, as evidenced both by patients who sought out this care before SB 23-190's passage and by the patients that have continued to seek out this information/treatment since the commencement of this lawsuit. Through SB 23-190, Colorado Medical Board Rule 1.35, and Colorado Board of Nursing Rule 1.35, Colorado seeks to prevent these patients from being provided with information about, or receiving, abortion pill reversal care. Colorado's experts also argue that abortion pill reversal should be prohibited, and no patient should receive any information about this treatment. As a result, Colorado's position is that none of Plaintiffs' current or future patients should be able to exercise their constitutional rights to obtain information about, or to receive, a medical treatment.

**SUPPLEMENTAL RESPONSE (December 13, 2024): Subject to and without waiving these and the general objections, Plaintiffs state that additional responsive facts include, but are not limited to, the following: Denise Chism's, Abby Sinnett's, Dr. Kathleen Sander's, and Bella's Rule 30(b)(6) deposition testimony concerning Bella's efforts to provide information and care to patients seeking information about, and/or receipt**

49

**of, abortion pill reversal care, and the effects of SB 23-190, Colorado Medical Board Rule 1.32, Colorado Board of Nursing Rule 1.35, and/or the preliminary injunction on such efforts and patients; and Dr. Rebecca Cohen's, Dr. Alan Shackelford's, Mr. Nathan Blake's, Mr. Samuel Delp's, and Dr. Roberta Hills's deposition testimony concerning the effects of SB 23-190, Colorado Medical Board Rule 1.32, Colorado Board of Nursing Rule 1.35, and/or the preliminary injunction on efforts to provide information about, and/or provision/receipt of, abortion pill reversal care.**

17.     Identify the sender and recipient of the text message conversation produced at BHW013710-BHW013713.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs further object to the interrogatory to the extent it seeks information that is already within Defendants' possession, custody, or control.

Subject to and without waiving these and the general objections above, Plaintiffs state that the sender of the above-referenced message was Lauren Castillo, and the recipient was Nicole Cavey.

18.     Identify the sender and recipient of the text message conversation produced at BHW013640-BHW013642.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiffs further object to the interrogatory to the extent it seeks information that is already within Defendants' possession, custody, or control.

Subject to and without waiving these and the general objections above, Plaintiffs state that the sender of the above-referenced message was Denise Chism, and the recipient was George Delgado.

19. For Patient ID 21741 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, and misleading in that it refers to the "APR tracker." *See* Plaintiffs' Response to Defendants' Request for Production 18.

Subject to and without waiving these and the general objections above, Plaintiffs state that relevant information can be found in a text message sent from Patient 21741 to Denise Chism previously produced at BHW014157.

20. For Patient ID 22444 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, and misleading in that it refers to the "APR tracker." *See* Plaintiffs' Response to Defendants' Request for Production 18.

Subject to and without waiving these and the general objections above, Plaintiffs state that relevant information can be found in a text message sent from Patient 22444 to Denise Chism previously produced at BHW014158.

21.     For Patient ID 24395 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is

vague, ambiguous, and misleading in that it refers to the "APR tracker." *See*

Plaintiffs' Response to Defendants' Request for Production 18.

Subject to and without waiving these and the general objections above,

Plaintiffs state that relevant information can be found in a text message sent from

Patient 24395 to Denise Chism previously produced at BHW014159.

22.     For Patient ID 8234 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is

vague, ambiguous, and misleading in that it refers to the "APR tracker." *See*

Plaintiffs' Response to Defendants' Request for Production 18.

Subject to and without waiving these and the general objections above,

Plaintiffs state that relevant information can be found in a text message sent from

Patient 8234 to Denise Chism previously produced at BHW014156.

23.     For Patient ID 25542 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is

vague, ambiguous, and misleading in that it refers to the "APR tracker." *See*

Plaintiffs' Response to Defendants' Request for Production 18.

52

Subject to and without waiving these and the general objections above, Plaintiffs state that relevant information can be found in a text message sent from Patient 25542 to Denise Chism previously produced at BHW014160.

24. For Patient ID 26342 captured on Plaintiffs' "APR tracker" beginning at BHW13127, identify the source of the information for this outcome. To the extent you claim this information is located within the patient chart, please identify the location of the charted outcome by BATES number.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, and misleading in that it refers to the "APR tracker." *See* Plaintiffs' Response to Defendants' Request for Production 18.

Subject to and without waiving these and the general objections above, Plaintiffs state that relevant information can be found in a text message sent from Patient 26342 to Denise Chism previously produced at BHW014161.

## REQUESTS FOR ADMISSION

1. Admit that Plaintiffs do not provide "abortions" or "emergency contraceptives," as those terms are defined by C.R.S. § 6-1-734.

RESPONSE: Admitted. Bella Health provides health care in accordance with the Ethical and Religious Directives produced at BHW001886-BHW001915.

2. Admit that Bella Health and Wellness does not advertise that it provides "abortions" or "emergency contraceptives," as those terms are defined by C.R.S. § 6-1-734.

RESPONSE: Admitted.

3. Admit that Plaintiffs have never faced professional discipline for prescribing a medication abortion reversal.

RESPONSE: Admitted.

53

4.    Admit that Plaintiffs have never had to defend against a claim under the Colorado Consumer Protection Act, C.R.S. § 6-1-101, *et. seq.*, related to medication abortion reversal.

RESPONSE: Admitted.

5.    Admit that no person or entity outside of Bella Health creates the content used in the advertisements that Bella disseminates.

RESPONSE: Plaintiffs object to this request as vague, ambiguous, and without reasonable particularity as "creates the content used" is not a defined term.

Subject to and without waiving these and the general objections above, given, as provided in Bella's 30(b)(6) deposition testimony, a third-party videography company may create some content for Bella's advertisements, denied.

6.    Admit that Your religious beliefs do not compel You to mislead patients or prospective patients.

RESPONSE: Plaintiffs admit that their religious beliefs compel them to never intentionally mislead patients or prospective patients.

7.    Admit that You have no current plans to advertise that You offer abortion, emergency contraceptive, or referrals for abortion or emergency contraceptives, as those terms are defined by C.R.S. § 6-1-734, in the future.

RESPONSE: Admitted.

8.    Admit that Your claims do not allege that You have a right to mislead patients about abortion pill reversal

RESPONSE: Plaintiffs admit that they do not allege that they have the right to intentionally mislead patients about abortion pill reversal.

9.    Admit that You did not document all communication with current patients, individuals who became patients, previously were patients, and/or prospective patients regarding abortion pill reversal in patient records.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly

54

broad, unduly burdensome, and disproportionate to the needs of the case, as it requests an admission concerning "all communications" and also requests an admission concerning prospective patients who may or may not have become Bella patients with patient records. Plaintiffs further object to this request for admission on the grounds that the information sought is not relevant to any party's claims or defenses.

Subject to and without waiving these and the general objections above, given Plaintiffs do not, for example, record or memorialize all conversations front-desk employees have with patients or prospective patients, personal communications with patients that do not relate to treatment or care, or produce transcripts of patient visits, admitted.

10.  Admit that You did not place all documents regarding communication with current patients, individuals who became patients, previously were patients, and/or prospective patients regarding abortion pill reversal in patient records.

RESPONSE: Plaintiffs object to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it requests an admission concerning "all documents regarding communications" and also requests an admission concerning prospective patients who may or may not have become Bella patients with patient records. Plaintiffs further object to this request for admission on the grounds that the information sought is not relevant to any party's claims or defenses.

Subject to and without waiving these and the general objections above, given Plaintiffs do not place, for example, birth or wedding announcements, or personal

communications with patients that do not relate to treatment or care in patient files, admitted.

**[NOTHING FURTHER ON THIS PAGE]**

Dated: December 13, 2024                  Respectfully submitted,


                                          /s/ Mark L. Rienzi
                                          Mark L. Rienzi
                                          Rebekah P. Ricketts
                                          Laura Wolk Slavis
                                          Michael J. O'Brien
                                          Amanda L. Salz
                                          Colten L. Stanberry
                                          Amy Ren
                                          The Becket Fund for Religious Liberty
                                          1919 Pennsylvania Ave, N.W.
                                          Suite 400
                                          Washington, D.C. 20006
                                          (202) 955-0095
                                          mrienzi@becketlaw.org

                                          *As to Interrogatory Answers and
                                          Admissions:*

                                          Abby Sinnett, Chief Operating Officer
                                          Bella Health & Wellness

57

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, a copy of the foregoing was served on

Defendants and Plaintiff-Intervenor via email, to the following counsel of record:

*Attorneys for Plaintiff-Intervenor*

Kevin H. Theriot
Julia C. Payne
Gabriella McIntyre
Alliance Defending Freedom
15100 N. 90th St.
Scottsdale, AZ 85260
ktheriot@adflegal.org
jpayne@adflegal.org
gmcintyre@adflegal.org

*Attorneys for Defendants:*

Brady Jerome Grassmeyer
Talia Kraemer
Elizabeth A. Orem
Lauren Marie Dickey
Brian Urankar
Jennifer H. Hunt
Elizabeth V. Kenny
Zach Fitzgerald
Colorado Attorney General's Office
1300 Broadway
Denver, CO 80203
brady.grassmeyer@coag.gov
talia.kraemer@coag.gov
beth.orem@coag.gov
lauren.dickey@coag.gov
brian.urankar@coag.gov
jennifer.hunt@coag.gov
elizabeth.kenny@coag.gov
zach.fitzgerald@coag.gov


*/s/ Mark L. Rienzi*
Mark L. Rienzi