## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

BELLA HEALTH AND WELLNESS,
DENISE "DEDE" CHISM, ABBY
SINNETT, and KATHLEEN SANDER,
on behalf of themselves and their
patients,

*Plaintiffs*,

CHELSEA M. MYNYK,

*Plaintiff-Intervenor,*

v.

PHIL WEISER, in his official capacity
as Attorney General of Colorado;
BERNARD JOSEPH FRANTA, LORI
RAE HAMILTON, KARRIE TOMLIN,
LENNY ROTHERMUND, HAYLEY
HITCHCOCK, ALISSA M. SHELTON,
PHYLLIS GRAHAM-DICKERSON,
BRANDY VALDEZ MURPHY, DIANE
REINHARD, NICHELE BRATTON,
and AECIAN PENDLETON, in their
official capacity as members of the
Colorado State Board of Nursing,

*Defendants.*

Case No. 1:23-cv-939-DDD-SBP

**PLAINTIFF-INTERVENOR'S
SIXTH SET OF SUPPLEMENTAL
RESPONSES TO DEFENDANTS'
FIRST SET OF DISCOVERY
REQUESTS**

**Case
1:23-cv-00939-DD
D-SPB**

**Exhibit
8**

Plaintiff-Intervenor, Chelsea Mynyk (Plaintiff), by and through counsel, submits the following Supplemental Responses to Defendants' First Set of Discovery Requests. Plaintiff makes this response without conceding the relevance or materiality of any discovery request and without prejudice to her right to object to admissibility at trial with respect to the subject matter of any discovery request. The word usage and sentence structure are that of Plaintiff and the attorneys who assisted her with drafting these responses. Plaintiff makes specific objections to some requests below. These objections and responses are based on information currently known and reasonably available to Plaintiff. These objections and responses are made without prejudice to Plaintiff's right to rely on, at any time, including at trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence. Plaintiff will supplement these objections and responses if she learns of additional or different responsive information. No incidental or implied admissions are intended by these responses. The fact that Plaintiff responds or makes objections to any request for production or interrogatory should not be taken as an admission that Plaintiff accepts or admits the existence of any "facts" set forth or assumed by such discovery requests.

## SIXTH SET OF SUPPLEMENTAL RESPONSES
## TO DOCUMENT REQUESTS

1.     Produce all documents used, referenced, or consulted in responding to the interrogatories below.

**ANSWER:** Plaintiff objects to this request to the extent it seeks privileged documents, irrelevant documents, or otherwise non-responsive documents which Plaintiff reviewed as part of her reasonable search. Plaintiff further objects that the information sought is not proportional to the needs of the case. Plaintiff further objects that this request is vague, ambiguous, and without reasonable particularity as "used," "referenced," and "consulted" are not defined terms. Plaintiff further objects to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq.

Subject to and without waiving these objections, Plaintiff refers Defendants to the documents that will be produced in response to the other requests for production of documents within a reasonable time.

2.     Produce all records (both prenatal and post-partum for mother and baby if the pregnancy results in a live birth) for each patient that Ms. Mynyk asserts third-party claims on behalf of, including but not limited to the patients identified in paragraphs 17, 18, 105, 107, 108, 109, 110, 111, and 195 of the Plaintiff-Intervenor's Complaint.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" patient records for the relevant individuals, including records and information, such as personal identifying information and sensitive medical information, which are not relevant to any party's claims or defenses. Plaintiff

2

further objects to the extent this request seeks information protected by federal and state privacy laws. Plaintiff further objects to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as it uses the term "post-partum" records for "baby." Plaintiff further objects that she cannot respond to this request with respect to claims brought on behalf of unknown future patients.

Subject to and without waiving these objections, responsive documents will be provided within a reasonable time. Documents that have been redacted or withheld as privileged will be identified on a privilege log.

**SUPPLEMENTAL ANSWER (June 24, 2024):** Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000498–MYNYK 0000629.

**SUPPLEMENTAL ANSWER (July 24, 2024)**: Subject to and without waiving the above objections, responsive documents with reduced redacted information are produced at MYNYK 0000948–MYNYK 00001103, all of which are subject to the Protective Order, even if some pages don't contain that designation.

**SUPPLEMENTAL ANSWER (September 27, 2024): Subject to and without waiving the above objections, supplemental responsive documents are produced at MYNYK 0001238 – MYNYK 0001296, all of which are subject to the Protective Order, even if some pages don't contain that designation.**

3.     Produce all records for patients Ms. Mynyk has provided, or is currently providing, medication abortion reversal treatment, regardless of whether

Ms. Mynyk asserts third-party claims on their behalf, including both prenatal and post-partum records for both mother and baby if the pregnancy results in a live birth.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. The request seeks "all" patient records for the relevant individuals, including records and information, such as personal identifying information and sensitive medical information, which are not relevant to any party's claims or defenses. Plaintiff further objects to the extent this request seeks information protected by federal and state privacy laws. Plaintiff further objects to the extent this Request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as it uses the term "post-partum" records for "baby."

Subject to and without waiving these objections, responsive documents will be produced within a reasonable time.

**SUPPLEMENTAL ANSWER (June 24, 2024)**: Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000498–MYNYK 000602; MYNYK 0000620–MYNYK 0000629 (initiated but didn't finish treatment).

**SUPPLEMENTAL ANSWER (July 24, 2024)**: Subject to and without waiving the above objections, responsive documents with reduced redacted information are produced at MYNYK 0000948–MYNYK 00001088, MYNYK 00001093–00001103 all of which are subject to the Protective Order, even if some pages don't contain that designation.

4

**SUPPLEMENTAL ANSWER (September 27, 2024): Subject to and
without waiving the above objections, supplemental responsive documents
are produced at MYNYK 0001238 – MYNYK 0001296, all of which are
subject to the Protective Order, even if some pages don't contain that
designation.**

4.      Produce all records for all patients Ms. Mynyk has assessed for possible
medication abortion reversal treatment, regardless of whether she ultimately
provided medication abortion reversal treatment.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly
broad, unduly burdensome, and disproportionate to the needs of the case. The
request seeks "all" patient records for the relevant individuals, including records
and information, such as personal identifying information and sensitive medical
information, which are not relevant to any party's claims or defenses. Plaintiff
further objects to the extent this request seeks information protected by federal and
state privacy laws. Plaintiff further objects to the extent this Request burdens
rights or seeks information protected by the First and Fourteenth Amendments to
the United States Constitution, Article II of the Colorado Constitution, and/or
Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq.

Subject to and without waiving these objections, responsive documents will be
produced within a reasonable time. Documents that have been redacted or withheld
as privileged will be identified on a privilege log.

**SUPPLEMENTAL ANSWER (June 24, 2024):** Subject to and without
waiving the above objections, responsive documents are produced at MYNYK
0000498–MYNYK 0000629.

**SUPPLEMENTAL ANSWER (July 7, 2024):** Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000657–MYNYK 0000790.

**SUPPLEMENTAL ANSWER (July 18, 2024):** Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000791–MYNYK 0000947.

**SUPPLEMENTAL ANSWER (July 24, 2024):** Subject to and without waiving the above objections, responsive documents with reduced redacted information are produced at MYNYK 0000948–MYNYK 0001103, all of which are subject to the Protective Order, even if some pages don't contain that designation.

**SUPPLEMENTAL ANSWER (September 27, 2024): Subject to and without waiving the above objections, supplemental responsive documents are produced at MYNYK 0001238 – MYNYK 0001296, all of which are subject to the Protective Order, even if some pages don't contain that designation.**

5.      Produce all scientific literature Ms. Mynyk relies on to support the claim that use of progesterone to reverse the effects of mifepristone meets generally accepted standards of care.

**ANSWER:** Plaintiff objects to this request as it is vague, ambiguous, and without reasonable particularity as "rely on" and "generally accepted standards of care" are not defined terms.

Subject to and without waiving these objections, responsive documents are produced at MYNYK0000001–MYNYK0000005; MYNYK0000007–MYNYK0000014; MYNYK0000017–MYNYK0000025; MYNYK0000026–MYNYK0000032; MYNYK0000033–MYNYK0000067; MYNYK0000068–MYNYK0000070; MYNYK0000071–MYNYK0000075; MYNYK0000076–

MYNYK0000085; MYNYK0000086–MYNYK0000097; MYNYK 0000098–
MYNYK0000105; MYNYK0000109–MYNYK0000132; MYNYK0000456–
MYNYK0000468. Plaintiff also relies on the documents produced by the Bella
Health plaintiffs in response to a similar request, as well as the expert and rebuttal
reports for Doctor Monique Chireau Wubbenhorst and Doctor Jeffrey A. Keenan,
and the literature and documents referenced in them and attached to them.

6.    Produce Castle Rock Women's Health, LLC's governing corporate
documents, including its articles of incorporation and bylaws.

**ANSWER:** Plaintiff objects that this request is vague, ambiguous, and
without reasonable particularity as "governing corporate documents" is not a
defined term. Plaintiff objects to this request on the ground that it seeks documents
that are not relevant to any party's claims or defenses. Subject to and without
waiving these objections, responsive documents are produced at MYNYK0000445–
MYNYK0000455 (confidential) (table of contents of Castle Rock Women's Health,
LLC's Policies and Procedures) and MYNYK0000133–MYNYK0000444
(confidential).

7.    Document request no. 7 was omitted by Defendants.

**ANSWER:** Request omitted and therefore, no. 7 has no answer.

8.    Produce all versions of policies and procedures, including employee
handbooks and codes of conduct in effect during the relevant time period for Ms.
Mynyk, Castle Rock Women's Health, LLC, or any other location where Ms. Mynyk
provides care.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly
broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff
further objects to the extent the request seeks policies and procedures that are not
within Plaintiff's control or relevant to any party's claims or defenses. Plaintiff also

objects that the request is vague, ambiguous, and without reasonable particularity as "policies and procedures" is not a defined term. Plaintiff further objects to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these objections, responsive documents are produced at MYNYK0000445–MYNYK0000455 (confidential) (table of contents of Castle Rock Women's Health, LLC's Policies and Procedures) and MYNYK0000133–MYNYK0000444 (confidential).

**SUPPLEMENTAL ANSWER (September 27, 2024): Subject to and without waiving the above objections, supplemental responsive documents are produced at MYNYK 0001234 – MYNYK 0001237, all of which are subject to the Protective Order, even if some pages don't contain that designation.**

9.     Produce all versions of documents given to new patients by Ms. Mynyk, or her delegate, during the relevant time period.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving these objections, responsive documents given to new patients seeking abortion pill reversal services are produced at MYNYK0000471–MYNYK0000492.

10.     Produce all records for every patient who presented to Ms. Mynyk seeking a consultation for, information about, or provision of abortion care.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff objects to this request to the extent it seeks "all" records, including records that are not relevant to any party's claims or defenses. Plaintiff further objects that the

request is vague, ambiguous, and without reasonable particularity as "abortion care" is not a defined term. Plaintiff further objects to the extent that the request violates federal and state privacy laws.

Subject to and without waiving these objections, Plaintiff responds that she has identified no responsive documents.

11.     Produce all protocols used by Ms. Mynyk, or her delegatee, for medication abortion reversal assessment and treatment, including but not limited to the materials reviewed, referenced, and/or consulted in development of the protocols.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this case. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as "protocols" and "used by" are not defined terms.

Subject to and without waiving these objections, Castle Rock Women's Health Abortion Pill Reversal Protocol and Forms and the sources cited therein are produced at MYNYK0000001–MYNYK0000005 and MYNYK0000015—MYNYK0000016 (confidential) and. Plaintiff directs Defendants to documents produced in response to Request for Production No. 5. Plaintiff further reserves the right to supplement this production as appropriate.

12.     Produce any and all practice agreements by which Ms. Mynyk or those working in concert with her provide advice, assessments, and/or care to patients at locations, practices, and/or clinics other than the practice locations identified in Ms. Mynyk's Plaintiff-Intervenor Complaint.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff objects to the extent the request seeks "any and all" practice agreements, including

those that are not relevant to any party's claims or defenses. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as "practice agreements," "advice," "assessments," and "care" are not defined terms.

Subject to and without waiving these objections, the practice agreement with Pregnancy Resource Connection in Granby, CO is produced at MYNYK0000106–MYNYK0000108 (confidential).

13.    Produce any and all agreements between Ms. Mynyk and any entities that provide referrals for individuals inquiring about or requesting medication abortion reversal treatment to Ms. Mynyk individually and/or as a member of any organization, association, or other group.

**ANSWER:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as "agreements" is not a defined term. Plaintiff further objects to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these objections, Plaintiff responds that she has identified no responsive documents.

14.    Produce any and all agreements, membership criteria, or other contracts entered into by Ms. Mynyk with any other group, agency, entity, funding source, or membership organization that references medication abortion reversal care.

**ANSWER:** Plaintiff objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses. Plaintiff further objects on the grounds that this request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff further objects to this request to

10

the extent that it requires Plaintiff to answer on behalf of non-parties. Plaintiff further objects that this request is vague, ambiguous, and without reasonable particularity as "agreements," "membership criteria," "group," "entity," and "funding source," are not defined terms. Plaintiff further objects to the extent this request seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these objections, responsive documents are produced at MYNYK0000006.

15.    Produce any and all advertisements disseminated by Ms. Mynyk or Castle Rock Women's Health, LLC.

**ANSWER:**  Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff further objects that this request is vague, ambiguous, and without reasonable particularity as "advertisement" is not a defined term, and Plaintiff publicizes her services in many different ways. Plaintiff further objects to the extent that the request seeks information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving these objections, Plaintiff will produce responsive documents within a reasonable time.

**SUPPLEMENTAL ANSWER (June 24, 2024)**: Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000493–MYNYK 0000497; MYNYK 0000630–MYNYK 0000642.

**SUPPLEMENTAL ANSWER (June 26, 2024)**: Subject to and without waiving the above objections, responsive documents are produced at MYNYK 0000643– MYNYK 0000656.

11

16.    Produce any and all documents or communications related to any actual or potential advertisements by Ms. Mynyk or Castle Rock Women's Health, LLC without regard to whether the advertisement was disseminated.

**ANSWER:** Plaintiff objects to this request on the ground that it seeks documents and communications that are not relevant to any party's claims or defenses. Plaintiff further objects that this request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff further objects that the request is vague, ambiguous, and without reasonable particularity as "potential advertisements" is not a defined term.

Subject to and without waiving these objections, Plaintiff is not aware of any responsive documents at this time.

17.    Produce any and all written demand letters or other formal notices of claim received from any patient related to care that included medication abortion reversal services.

**ANSWER:** Plaintiff objects to this request to the extent that it seeks information within Defendants' possession, custody, or control.

Subject to this objection, Plaintiff responds that she has identified no responsive documents.

18.    Produce any and all documents or communications related to information about abortion pill reversal that Ms. Mynyk removed from her website because of SB23-190, including but not limited to the documents that support the allegations in paragraph 200 of Ms. Mynyk's Plaintiff-Intervenor's Complaint.

**ANSWER:** Plaintiff responds that the following items are produced at MYNYK0000469—MYNYK0000470.

## RESPONSES TO INTERROGATORIES

1.      Identify all persons/entities assisting Ms. Mynyk in preparing responses to written discovery.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that the information sought is not relevant to any party's claims or defenses. Plaintiff further objects that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff also objects to this interrogatory because it violates the work product doctrine. "[A]n interrogatory asking a party to identify all persons interviewed would contravene work product." 8 Wright, Marcus, & Miller, Fed. Prac. & Proc. Civ. § 2028 (3d ed.), Ch. 6, Rule 26, § (C) (2023); *United States v. Travelers Casualty & Surety Company of America*, 2023 WL 5275382 (D.N.M. 2023) (finding that interrogatory asking for names of individuals who assisted with answering interrogatories was both a violation of work product and irrelevant).

Subject to and without waiving these objections, Plaintiff responds that she was assisted by her counsel in preparing these discovery responses.

2.      Identify all third-party locations where Ms. Mynyk displays advertisements, brochures, and/or handouts on medication abortion reversal, including but not limited to the locations alleged in paragraphs 201 of Ms. Mynyk's Plaintiff-Intervenor's Complaint.

**ANSWER:**  Plaintiff objects that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff sometimes distributes brochures and/or business cards to churches and other entities but she is not always aware of locations where brochures or business cards are displayed. Subject to and without waiving these objections, Plaintiff responds that since the passage of SB12-190, brochures have been removed. However, business cards may

still be in some locations that contain "Abortion Pill Reversal" as a service provided.

Plaintiff is aware of business cards distributed at:

a.    Rocky Mountain Homeschool Conference

15500 East 40th Avenue

Denver, CO 80239

b.    Castleview Baptist Church

5054 Crowfoot Valley Road

Castle Rock, CO 80108

3.    Identify all pregnancy resource centers, advocacy groups, medical practices, and clinics, who have transferred care of patients to Ms. Mynyk or directly referred patients to Ms. Mynyk for initiation of medication abortion reversal following the enactment of SB 23-190.

**ANSWER:** Plaintiff objects that this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of this case. Plaintiff further objects that the information sought is not relevant to any party's claim or defense. Plaintiff further objects that this interrogatory is vague, ambiguous, and without reasonable particularity as "advocacy groups" and "directly referred" are not defined terms. Plaintiff further objects to the extent this interrogatory seeks information protected by the First Amendment to the United States Constitution and Article II of the Colorado Constitution.

Subject to and without waiving these objections, Plaintiff responds that the following entity has referred patients for care who desire to obtain the medication abortion pill reversal before and since the enactment of SB 23-190:

Abortion Pill Reversal Hotline

4.    Identify all health care facilities where Ms. Mynyk provides, consults, and/or assesses patients for medication abortion reversal therapy.

**ANSWER:**   Castle Rock Women's Health

1951 Charbray Point

Castle Rock, CO 80108

5.      Identify any incident in which a medication abortion reversal patient alleged they were coerced or misled into not obtaining an abortion by Ms. Mynyk or any provider associated with Ms. Mynyk.

**ANSWER:** Plaintiff is not aware of any incident in which a medication abortion reversal patient alleged she was coerced or misled into not obtaining an abortion by Plaintiff.

6.      Identify any incident in which a medication abortion reversal patient treated by Ms. Mynyk has alleged they were coerced or misled into obtaining an abortion.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks the identity of individuals who were coerced or misled into obtaining an abortion, which is highly sensitive information that is not relevant to any party's claims or defenses. Plaintiff further objects to the extent this interrogatory burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act, Colo. Rev. Stat. §§ 25-6-403 et seq. Plaintiff further objects to the extent the request violates federal and state privacy laws.

Subject to and without waiving these objections, Plaintiff will disclose the identity of any responsive patient(s) within a reasonable time after ensuring proper HIPAA compliance.

**SUPPLEMENTAL ANSWER (June 24, 2024):** Subject to and without waiving the above objections, the patients whose records are found at MYNYK

0000498–MYNYK 000539; MYNYK 0000571–MYNYK 0000586 informed Mrs. Mynyk that they were pressured to obtain an abortion.

**SUPPLEMENTAL ANSWER (July 24, 2024):** Subject to and without waiving the above objections, the patients whose records with reduced redacted information are found at MYNYK 0000948–MYNYK 0001019, all of which are subject to the Protective Order, even if some pages don't contain that designation, informed Mrs. Mynyk that they were pressured to obtain an abortion.

7.   Describe the process used by Ms. Mynyk when a patient presents asking for abortion care.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiff further objects that the interrogatory is vague, ambiguous, and without reasonable particularity as "process" is not a defined term.

Subject to and waiving these objections, Plaintiff responds that she is not aware of any instance in which a Castle Rock Women's Health patient has presented or sought care for an abortion.

8.   Describe how Ms. Mynyk obtains informed consent from a patient seeking medication abortion reversal treatment.

**ANSWER:** Informed consent is obtained in at least three different ways. First, verbal consent is discussed and obtained through the APR hotline. Second, verbal consent is obtained with Plaintiff over the initial phone call (*See* MYNYK0000015). Third, written consent is reviewed, questions answered, and signed at an in-person visit (*See* MYNYK0000016). A copy of the consent is offered to the patient for their reference.

9.   Identify all evidence that supports your claim that "Abortion Pill Reversal" is safe as alleged in Paragraph 100 of Ms. Mynyk's Plaintiff-Intervenor's

Complaint.

**ANSWER:** The evidence referenced in Plaintiff's response to Request for Production No. 5 supports her claim that "Abortion Pill Reversal" is safe as alleged in Paragraph 100 of her Complaint. Plaintiff's education and extensive experience with prescribing progesterone and providing treatment to abortion pill reversal patients also supports her claim that "Abortion Pill Reversal" is safe.

10.     Describe the specific educational programs, mentoring agreements, and collaborative agreements engaged in by Ms. Mynyk to qualify for their certification, inclusion on the advanced practice registry, and prescriptive authority, as well as ongoing trainings completed to remain current in their identified role and population focus.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that the information sought is not relevant to any party's claims or defenses. Plaintiff further objects to the interrogatory to the extent it seeks information that is publicly available, or that is already within Defendants' possession, custody, or control, or that may be obtained from another source that is more convenient or less burdensome, or less expensive. The state of Colorado maintains a database of Advanced Practice Nurses with information regarding educational programs, mentoring agreements, collaborative agreements, and trainings that are required for certification, inclusion on the advanced practice registry, and prescriptive authority.

Subject to and without waiving these objections, Plaintiff responds that the specific educational programs include the following schools:

1.  Regis University—Bachelor of Science in Nursing

2.  Pensacola Christian College - Master of Science in Nursing-education

17

3. University of Colorado—Anschutz Medical Campus—Post-Master Certificate in Nurse Midwifery

4. National Institute for Family Life Advocates (NIFLA)—Limited Ultrasound Certificate

The Plaintiff is required to renew Advanced Practice Nurse-Certified Nurse Midwife, Registered Nurse, and Prescriptive Authority licenses every two years. The renewal process includes a renewal fee and Board certification when applicable. The American Midwifery Certification Board (AMCB) requires the following conditions:

1. Completion of 3 AMCB Certificate Maintenance Modules during the five-year certification cycle. The three areas of practice covered in these modules include: Antepartum and Primary Care, Intrapartum, Postpartum, and Newborn, and Gynecologic, Sexual, Reproductive, and Primary Care.  AND

2. Obtaining 20 contact hours of approved continuing education units. AND

3. Paying annual fees and any applicable late fees. AND

4. Completion of the online Recertification Application once all other requirements are submitted.

11.    Identify the tools, methods, strategies that Ms. Mynyk uses to determine whether a patient has consumed mifepristone.

**ANSWER:** In addition to the procedures outlined in Plaintiff's Response to Interrogatory No. 8, Plaintiff determines whether a patient consumed mifepristone by asking the patient and listening to the patient's response.

## RESPONSES TO REQUESTS FOR ADMISSION

1.    Admit that Ms. Mynyk does not provide "abortions" or "emergency

18

contraceptives," as those terms are defined by C.R.S. § 6-1-734.

> **ANSWER:** Admitted.

2.    Admit that Ms. Mynyk does not advertise that she provides "abortions" or "emergency contraceptives," as those terms are defined by C.R.S. § 6-1-734.

> **ANSWER:** Admitted.

3.    Admit that Ms. Mynyk has never faced professional discipline for prescribing a medication abortion reversal, except in Board Case number 2024-1228.

> **ANSWER:** Plaintiff admits that she has never faced professional discipline for prescribing a medication abortion reversal, but is currently being investigated by the Board of Nursing for doing so.

4.    Admit that Ms. Mynyk has never had to defend against a claim under the Colorado Consumer Protection Act, C.R.S. § 6-1-101, et seq., related to medication abortion reversal.

> **ANSWER:** Admitted.

Respectfully submitted this 27th day of September, 2024.

<u>*s/ Kevin H. Theriot*</u>

Gabriella McIntyre  
Alliance Defending Freedom  
444180 Riverside Pkwy  
Lansdowne, VA 20176  
(571) 707-4655  
gmcintyre@adflegal.org

Kevin H. Theriot  
Julia C. Payne  
Alliance Defending Freedom  
15100 N. 90th Street  
Scottsdale, AZ 85260  
(480) 444-0020  
ktheriot@adflegal.org  
jpayne@adflegal.org

*Attorneys for Plaintiff-Intervenor Chelsea Mynyk*

**VERIFICATION**

I am over the age of 18 and am a Plaintiff in this action. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing responses to interrogatories and that, to the best of my knowledge, the factual allegations alleged therein are true and correct.

Executed on July 24, 2024.

*s/ Chelsea Mynyk*
Chelsea Mynyk

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I sent the foregoing document via email to all counsel of record.

<u>*s/ Kevin H. Theriot*</u>
Kevin H. Theriot

*Attorney for Plaintiff-Intervenor*
*Chelsea Mynyk*