## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

BELLA HEALTH AND WELLNESS,
DENISE "DEDE" CHISM, ABBY
SINNETT, and KATHLEEN SANDER,
on behalf of themselves and their
patients,

*Plaintiffs*,

CHELSEA M. MYNYK,

*Plaintiff-Intervenor,*

v.

PHIL WEISER, in his official capacity
as Attorney General of Colorado;
BERNARD JOSEPH FRANTA, LORI
RAE HAMILTON, KARRIE TOMLIN,
LENNY ROTHERMUND, HAYLEY
HITCHCOCK, ALISSA M. SHELTON,
PHYLLIS GRAHAM-DICKERSON,
BRANDY VALDEZ MURPHY, DIANE
REINHARD, NICHELE BRATTON,
and AECIAN PENDLETON, in their
official capacity as members of the
Colorado State Board of Nursing,

*Defendants.*

Case No. 1:23-cv-939-DDD-SBP

**PLAINTIFF-INTERVENOR'S
RESPONSES TO DEFENDANTS'
FIFTH SET OF DISCOVERY
REQUESTS**

Case
1:23-cv-00939-DD
D-SPB

**Exhibit
9**

Plaintiff-Intervenor, Chelsea Mynyk (Plaintiff), by and through counsel, submits the following Responses to Defendants' Fifth Set of Discovery Requests. Plaintiff makes this response without conceding the relevance or materiality of any discovery request and without prejudice to her right to object to admissibility at trial with respect to the subject matter of any discovery request. The word usage and sentence structure are that of Plaintiff and the attorneys who assisted her with drafting these responses. Plaintiff makes specific objections to some requests below. These objections and responses are based on information currently known and reasonably available to Plaintiff. These objections and responses are made without prejudice to Plaintiff's right to rely on, at any time, including at trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight, or inadvertence. Plaintiff will supplement these objections and responses if she learns of additional or different responsive information. No incidental or implied admissions are intended by these responses. The fact that Plaintiff responds or makes objections to any request for production or interrogatory should not be taken as an admission that Plaintiff accepts or admits the existence of any "facts" set forth or assumed by such discovery requests.

## RESPONSE TO DOCUMENT REQUEST

24.    All communication and documents, including but not limited to correspondence, sent to or received from current patients, individuals who became patients, previously were patients, and/or prospective patients who inquired about, sought information about, received information about, or in any way provided information to or sought information from You regarding abortion pill reversal.

**ANSWER:** Plaintiff Mynyk objects to this request to the extent it seeks privileged and irrelevant documents. Plaintiff further objects that this request is overbroad, unduly burdensome, and disproportionate to the needs of this case. Plaintiff further objects to the extent this request burdens rights or seeks information protected by the First and Fourteenth Amendments to the United States Constitution, Article II of the Colorado Constitution, and/or Colorado's Reproductive Health Equity Act. Colo. Rev. Stat. §§ 25-6-403 et seq, attorney-client privilege, and/or the work product doctrine. Subject to and without waiving these objections, Plaintiff Mynyk searched for and now produces responsive communications concerning her APR patients. These communications weren't in the patient files previously produced because Plaintiff doesn't typically include these types of communications in patient files. She recently placed the communications in the files for ease of redaction for production. Please see MYNYK 0001449 – 0001457 and  MYNYK 1458 – 1461 (regarding the patient whose file was previously produced at the documents beginning at MYNYK 000964); MYNYK 0001442 – 0001448 and MYNYK 0001462 (regarding the patient whose file was previously produced at the documents beginning at Mynyk 0001020).

## RESPONSES TO REQUESTS FOR ADMISSION

6.    Admit that Your religious beliefs do not compel You to mislead patients or prospective patients.

**RESPONSE:** Plaintiff Mynyk admits that her religious beliefs compel her to never intentionally mislead patients or prospective patients.

7.    Admit that You have no current plans to advertise that You offer abortion, emergency contraceptive, or referrals for abortion or emergency contraceptives, as those terms are defined by C.R.S. § 6-1-734, in the future.

**RESPONSE:** Admit.

8.    Admit that Your claims do not allege that You have a right to mislead patients about abortion pill reversal.

**RESPONSE:** Plaintiff Mynyk admits that she does not allege that she has the right to intentionally mislead patients about abortion pill reversal.

9.    Admit that You did not document all communication with current patients, individuals who became patients, previously were patients, and/or prospective patients regarding abortion pill reversal in patient records.

**RESPONSE:** Plaintiff Mynyk objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it requests an admission concerning "all communication" and also requests an admission concerning prospective patients who may or may not have become patients with patient records. Plaintiff further objects to this request for admission on the ground that the information sought is not relevant to any party's claims or defenses.

Without waiving those objections, Plaintiff Mynyk admits that she attempts to document all medically relevant communication with patients regarding abortion pill reversal in patient files, but does not record or memorialize in patient files all personal communications that do not directly relate to treatment or care.

10.     Admit that You did not place all documents regarding communication with current patients, individuals who became patients, previously were patients, and/or prospective patients regarding abortion pill reversal in patient records.

**RESPONSE:** Plaintiff Mynyk objects to this request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, as it requests an admission concerning "all documents regarding communication" and also requests an admission concerning prospective patients who may or may not have become patients with patient records. Plaintiff further objects to this request for admission on the ground that the information sought is not relevant to any party's claims or defenses.

Without waiving those objections, Plaintiff admits that she attempts to place all medically relevant documents regarding communication with patients regarding abortion pill reversal in the appropriate patient files, but does not place all personal communications that do not directly relate to treatment or care in patient files.

Respectfully submitted this 13th day of December, 2024.


Gabriella McIntyre                        _s/ Kevin H. Theriot_
Alliance Defending Freedom                Kevin H. Theriot
444180 Riverside Pkwy                     Julia C. Payne
Lansdowne, VA 20176                       Alliance Defending Freedom
(571) 707-4655                            15100 N. 90th Street
gmcintyre@adflegal.org                    Scottsdale, AZ 85260
                                          (480) 444-0020
                                          ktheriot@adflegal.org
                                          jpayne@adflegal.org


*Attorneys for Plaintiff-Intervenor Chelsea Mynyk*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I sent the foregoing document via email to all counsel of record.

*s/ Kevin H. Theriot*
Kevin H. Theriot

*Attorney for Plaintiff-Intervenor*
*Chelsea Mynyk*