# Exhibit 33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

Defendants.

## BOARD DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND SET OF DISCOVERY REQUESTS

The members of the Colorado Medical Board and the Colorado Board of Nursing (Board Defendants), by and through their counsel, submit the following Response to Plaintiffs' Second Set of Discovery Requests to Defendants, which were provided to Defendants on May 17, 2024:

### General Objections

1.  Board Defendants object to any discovery request to the extent it seeks information or material protected by the attorney-client privilege and/or work product doctrine. Board Defendants intend to assert all applicable privileges and exemptions from discovery and otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is

inadvertent, involuntary, unintentional and is not intended to be a waiver of any privileges or exemptions.

2. Board Defendants object to the discovery requests to the extent that Plaintiffs seek information concerning third-parties not involved in this litigation that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, and Colo. Rev. Stat. § 24-72-204, *et seq.* Furthermore, some of these requests call for confidential information protected from redisclosure under 42 C.F.R. Part 2.

3. Board Defendants object to the discovery requests to the extent they seek to impose requirements that are greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or to the extent the requests seek materials or information not relevant to the claims or defenses raised and/or not proportionate to the needs of the case.

4. Board Defendants responses to the discovery requests are made without in any way waiving, and expressly reserve, (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in this or any other actions; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of the Interrogatories or the Requests for Production or for Admissions.

5. Board Defendants reserve the right to revise, amend, correct, supplement, or clarify any responses or objections to Plaintiffs' requests; to recall any inadvertent responses or documents to which privilege is attached or an objection has been lodged; and to introduce at the time of hearing, trial, settlement, or other form of alternate dispute resolution any additional information or documents of which Board Defendants become aware as a result of continuing investigation or discovery. Board Defendants have not completed their discovery in this action pursuant to the Rules of Civil Procedure and have not completed preparation for trial. Any objections or responses given to any discovery request are based on information currently known to Board Defendants and may be amended or supplemented upon receipt or discovery of additional or different information.

6. Some of the documents produced by Board Defendants in response to Plaintiff's second discovery requests contain information that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, Colo. Rev. Stat. § 24-72-204, *et seq*, and 42 C.F.R. Part 2, and thus is subject to the protective order in this case. Additionally, documents produced by Board Defendants contain protected patient health information provided to the Boards as HIPAA-exempt agencies; incidental disclosures of the Boards' deliberative process in individual cases; and the identity of licensees subject to confidential Board

investigations. Some of the confidential records provided by Board Defendants are exceptionally sensitive because they relate to cases that are currently under investigation, are in active litigation, or resulted in a dismissal of the Board matter with no public record of the Board's investigation. Board Defendants will identify for Plaintiffs exceptionally sensitive documents and may request additional protections for the exceptionally sensitive information. <u>As agreed by the parties in the Stipulated Protective Order, all confidential information contained in these documents "shall be used solely by the receiving party for the purpose of litigating in the above-captioned litigation, shall be and remain confidential, and shall not be used for any purpose other than litigating in the above-captioned litigation." Doc. 132 pg. 2.</u>

7. Each and every response to any of Plaintiffs' discovery requests includes these general objections and denials. Additional specific objections made in response to a particular request are not intended to limit the general objections.

## DOCUMENT REQUESTS

11. All documents and communications concerning investigations by the Attorney General, the Colorado Medical Board or its members, or the State Board of Nursing or its members, since January 1, 2014, concerning the off-label use of drugs.

    OBJECTIONS: Board Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs seek documents from a ten-year time period. The document retention policy of the

Board Defendant does not permit retention of documents for such a long period. And because the Board Defendant does not store records in a manner that allows them to be searched on the specific topic of "off-label use of drugs," finding responsive documents would require Board Defendants to manually search virtually every file maintained in their office systems. Moreover, because the "off-label use of drugs" is an exceedingly broad topic, the breadth of the request for "[a]ll documents and communications concerning investigations" on the topic is unduly burdensome and disproportionate to the needs of this case.

**RESPONSE: Subject to these objections, including General Objection number 6, and the additional general objections above, and following consultation with Plaintiffs' counsel, Board Defendants conducted an initial ESI search for responsive documents for the time period January 1, 2019 to the present, for Plaintiffs' proposed search terms "off-label," "off label," "not FDA approved," and "non-FDA approved." Each term was searched in proximity to five different phrases found in the Board's standard online complaint forms, meaning 20 searches were conducted. Each of those 20 searches separately yielded results ranging from 3 to 156 documents containing hits. For comparison, only 165 documents *in total* containing hits resulted from all agreed-upon search terms for the searches conducted in relation to Plaintiffs' First Discovery Request. Even with the proximity limitations, one search alone – "off label (care standard**

**practice)~50"** – **yielded over 395,000 pages of potentially responsive materials from a collection of over 1 million pages of documents.**

**Proximity searches of five different phrases found in the Boards' standard online complaint forms, paired with variations of "medications," yielded more than five times as many potentially responsive documents. Counsel for Defendants therefore request that Plaintiffs' counsel develop acceptable search parameters to further narrow the scope of their requested ESI searches.**

**Board Defendants have thus far identified five potentially responsive cases and anticipate an initial production of those responsive documents by the end of July. Board Defendants continue to search their files for potentially responsive materials, and they anticipate a rolling production of materials throughout discovery.**

12. All documents and communications concerning investigations by the Attorney General, the Colorado Medical Board or its members, or the State Board of Nursing or its members, since January 1, 2014, concerning the provision of expectant management or the lack thereof.

OBJECTIONS: Board Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case, and because it is duplicative.

Plaintiffs seek documents from a ten-year time period. The document retention policies of each Board Defendant do not permit retention of documents

6

for such a long period. Board Defendants do not store records in a manner that allows them to be searched on "the provision of expectant management or the lack thereof," as that term is understood in this case. And any cases involving the provision of expectant management or the lack thereof, as that term is understood in this case, would necessarily include the provision of mifepristone and/or misoprostol, meaning any such documents and communications will already have been, and/or will be, produced in response to in response to Plaintiffs' prior requests for production (within the limitations agreed thereafter upon by the parties).

**RESPONSE: Subject to these objections, the Board Defendants have undertaken a comprehensive search of their files and found no documents responsive to Request No. 12. Board Defendant's initial ESI search was based on the terms "expectant management," "watchful waiting," and iterations of "close\* monitor.\*" Each term was then searched in proximity to five different phrases found in the Board's standard online complaint forms, as well as the term "Mifepristone" and iterations of the terms "abort\*" and "termina\*." Despite the addition of the limiting terms "Mifepristone," "abort\*," and "termina\*," most hits were irrelevant, identifying cases related to surgery, surgical recovery, treatment and monitoring of complex medical conditions, and general failures to observe patients closely enough.**

7

13. All documents and communications concerning investigations by the Attorney General, the Colorado Medical Board or its members, or the State Board of Nursing or its members, since January 1, 2014, concerning the provision or advertisement of abortion.

    OBJECTIONS: Board Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case. Plaintiffs seek documents from a ten-year time period. The document retention policies of each Board Defendant do not permit retention of documents for such a long period.

    **RESPONSE: Subject to these objections, including General Objection number 6, and the additional general objections above, Board Defendants will search for and produce non-privileged responsive documents for the time period January 1, 2019 to the present.**

    **Board Defendants conducted an ESI search based on the term "abortion." Board Defendants have thus far identified seven potentially responsive cases and will produce the appropriate portions of those materials upon additional consultation with counsel for Plaintiffs.**

14. All documents and communications concerning complaints involving the provision or advertising of medical services submitted on the website "stopfraudcolorado.com" since January 1, 2014.

    OBJECTIONS: See general objections above.

    **RESPONSE: Board Defendants do not manage or work with this website and, accordingly, do not possess materials that are responsive to this request.**

8

15. All documents and communications concerning Plaintiffs or Plaintiff-Intervenor.

    OBJECTIONS: Board Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case.

    **RESPONSE: Subject to these objections, including General Objection number 6 and the additional general objections above, Board Defendants have now produced the non-privileged documents responsive to this request and an updated privilege log. See DORA 7265-7728.**

16. All documents and communications related to the December 16, 2022 meeting referenced at COAG000047; the January 4, 2023 meeting referenced at COAG000054; and the January 31, 2023 meeting referenced at COAG000090.

    OBJECTIONS: See general objections above.

    **RESPONSE: Board Defendants do not possess materials that are responsive to this request.**

## INTERROGATORIES

1. Describe the outcome, resolution, or status of each investigation identified in response to Plaintiffs' Document Requests 1-3, 5, and 11-13, including what disciplinary action was taken, if any.

    **RESPONSE: Board Defendants are providing this information in a spreadsheet, Attachment A.**

2. Describe the outcome, resolution, or status of any action against any healthcare professional for prescribing progesterone or advertising the prescription thereof.

    **RESPONSE: See response to Interrogatory No. 1.**

9

3.  Describe how the state of Colorado, the Attorney General, the Colorado Medical Board, or the State Board of Nursing have "regulated the off-label use of hormones or any other drugs prophylactically in the way [Colorado] has done" through SB 23-190 and its implementing regulations. Preliminary Injunction Order at 34.

    **RESPONSE: Colorado has regulated the off-label use of hormones or any other drugs prophylactically through the following provisions:**

    - **C.R.S. § 12-30-109 regulates the prescribing of opioids and benzodiazepines.**
    - **C.R.S. § 12-30-109.5 regulates the prescribing of drugs for chronic pain.**
    - **C.R.S. § 12-30-110 regulates the prescribing and dispensing of opiate antagonists.**
    - **C.R.S. § 12-30-123 regulates the on-site administration of topical medications.**
    - **C.R.S. § 12-30-111 regulates the electronic prescribing of controlled substances.**
    - **C.R.S. § 12-30-114 requires the boards to promulgate rules that require training regarding best practices for opioid prescribing, prescribing to chronic pain patients, best practices for prescribing benzodiazepines, recognition of substance use disorder.**
    - **C.R.S. § 12-280-403 creates the Prescription Drug Monitoring Program (PDMP) and requires prescribing practitioners to register with the program, to promote the monitoring and safe prescribing of certain medications.**
    - **C.R.S. § 12-280-404(4)(a.5) requires prescribing practitioners to query the PDMP database prior to prescribing a benzodiazepine to a patient unless it is for certain conditions.**
    - **C.R.S. § 22-1-119.5 regulates anaphylaxis health management in schools.**

The Colorado Medical Board has regulated the off-label use of hormones or any other drugs prophylactically through the following provisions:

- C.R.S. § 12-240-121(1) defines the following as unprofessional conduct:
    - (c) - administration of a habit forming drug or controlled substance other than in the course of legitimate professional practice
    - (o) – dispensing, injecting, or prescribing an anabolic steroid for sports performance reasons without medical necessity
    - (p) - dispensing or injecting an anabolic steroid unless it is dispensed by a pharmacy pursuant to a prescription or by a licensed prescriber
    - (q) - prescribing controlled substances to a family member or oneself
- 3 CCR 713-1, Rule 1.18, outlines the responsibilities of a physician who engages in drug therapy management with a Colorado licensed pharmacist.
- 3 CCR 713-1, Rule 1.28, outlines rules for prescribing benzodiazepines.
- 3 CCR 713-1, Rule 1.30, regulates the electronic prescribing of controlled substances.
- 3 CCR 713-1, Rule 1.29, the requires licensees to complete training to demonstrate competency in preventing substance use disorders.
- 3 CCR 713-1, Rule 1.16, governs delegation of medical tasks to an anesthesiologist assistant, including administration of drugs and controlled substances.
- 3 CCR 713-1, Rule 1.17, governs delegation and supervision of medical services to unlicensed individuals, including the use of off-label medications or devices.

11

- **Appendix A to the Medical Board Rules outlines a protocol to be used during drug therapy management.**
- **Policy 40-09 governs prescribing to previously unknown patients.**
- **Policy 40-12 governs office-based surgery and anesthesia.**
- **Policy 40-18 governs self-treatment and treatment of family members and others with close relationships.**
- **Policy 40-26 governs the prescribing and dispensing of opioids.**
- **Policy 40-28 governs medical marijuana recommendations.**

**The Board of Nursing has regulated the off-label use of hormones or any other drugs prophylactically through the following provisions:**

- **C.R.S. § 12-255-128 regulates the prescribing and dispensing of opiate antagonists in accordance with § 12-30-110.**
- **C.R.S. § 12-255-131 requires regulation of the authority to delegate nursing tasks including the administration of medications.**
- **C.R.S. § 12-255-132 permitting nurses to administer certain medications to minors in certain circumstances.**
- **C.R.S. § 12-280-403 requires prescribing practitioners to register with the Prescription Drug Monitoring Program (PDMP) supporting regulatory review of practitioners' prescribing practices**
- **C.R.S. § 12-280-404(4)(a.5) requires prescribing practitioners to query the Prescription Drug Monitoring Program (PDMP) prior to prescribing a benzodiazepine to a patient unless it is for certain conditions.**
- **C.R.S. § 22-1-119.5 requires regulation of permissions for qualifying advanced practice nurses to prescribe medications.**
- **C.R.S. § 12-255-120(1) defines the following acts as grounds for discipline:**

12

- - (n) – ordering or performing, without clinical justification, any service or treatment that is contrary to recognized standards of care
  - (p) – prescribing controlled substances to a family member or oneself
  - (q) – dispensing, injecting, or prescribing an anabolic steroid for sports performance reasons without medical necessity
  - (r) – dispensing or injecting an anabolic steroid unless it is dispensed by a pharmacy pursuant to a prescription or by a licensed prescriber
  - (s) – administering or dispensing any habit-forming drug or controlled substance other than in the course of legitimate professional practice
- **C.R.S. § 12-255-112 regulates anaphylaxis health management in schools.**
- **3 CCR 716-1, Rule 1.9, regulates licensed professional nurse authority to administer IV medication.**
- **3 CCR 716-1, Rule 1.13, regulates the authority to delegate nursing tasks including the administration of medications.**
- **3 CCR 716-1, Rule 1.15, regulates permissions for qualifying advanced practice nurses to prescribe medications.**
- **3 CCR 716-1, Rule 1.18, regulates qualifying certified nurse aide authority to administer medication.**
- **3 CCR 716-1, Rule 1.22, outlines the responsibilities of an advance practice registered nurse with prescriptive authority who engages in drug therapy management with a Colorado licensed pharmacist.**
- **3 CCR 716-1, Rule 1.25, regulates the electronic prescribing of controlled substances.**
- **3 CCR 716-1, Rule 1.26, outlines rules for prescribing benzodiazepines.**
- **3 CCR 716-1, Rule 1.15, regulates permissions for qualifying certified midwives to prescribe medications.**

13

- **Policy 20-28 governs discipline for PDMP registration violations.**
- **Policy 30-01 governs IV certifications for licensed professional nurses.**
- **Policy 30-10 governs prescribing and dispensing opioids.**
- **Policy 30-11 governs recommendations for medical marijuana.**

<u>REQUEST FOR ADMISSION</u>

1. Admit that Defendants have never received any complaint about medication abortion reversal prior to the enactment of SB 23-190.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board Defendant have document retention policies that do not permit retention of documents that would allow them to admit or deny this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" received "any complaint about medication abortion reversal" prior to SB 23-190. Moreover, even the records Board Defendants do possess are not stored in a manner that allows them to be searched as to whether they included "any complaint about medication abortion reversal."

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any complaint about medication**

**abortion reversal prior to the enactment of SB 23-190.**

Respectfully submitted this July 1, 2024

| AS TO INTERROGATORY RESPONSES: | AS TO OBJECTIONS, RFP RESPONSES AND RFA RESPONSE: |
|---|---|
| | PHILIP J. WEISER<br>Attorney General |
| */s/ Samuel Delp*<br>Samuel Delp, Director of the Division of Professions and Occupations | */s/ Brian Urankar*<br>BRIAN URANKAR*<br>Assistant Attorney General<br>JENNIFER H. HUNT*<br>Senior Assistant Attorney General<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway, 8th Floor<br>Denver, Colorado 80203<br>Telephone: (303) 508-6407<br>E-Mail: brian.urankar@coag.gov<br>Jennifer.Hunt@coag.gov<br>Attorneys for Defendant, The Colorado Medical Board<br>*Counsel of Record |
| | */s/ Elizabeth V. Kenny*<br>ELIZABETH KENNY*<br>Assistant Attorney General<br>ZACH FITZGERALD*<br>Assistant Attorney General<br>RYAN CRANE*<br>Senior Assistant Attorney General<br>Colorado Attorney General's Office<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>Telephone: (303) 508-6383<br>E-Mail: elizabeth.kenny@coag.gov |

15

Zach.fitzgerald@coag.gov
Ryan.crane@coag.gov
*Attorneys for Defendants, The Colorado Nursing Board Members*
*Counsel of Record

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, I served a true and complete copy of the foregoing **BOARD DEFENDANTS' RESPONSES TO PLAINTIFFS' SECOND SET OF DISCOVERY REQUESTS TO DEFENDANTS** upon all parties of record via email.

Lauren Marie Dickey
Brady Jerome Grassmeyer
Michael T. Kotlarczyk
Lauren.Dickey@coag.gov
brady.grassmeyer@coag.gov
mike.kotlarczyk@coag.gov
*Attorneys for Defendant Phil Weiser*

Colten L. Stanberry
Kelly R. Oeltjenbruns
Rebekah Perry Ricketts
Mark Leonard Rienzi
Laura Wolk Slavis
cstanberry@becketlaw.org
koeltjenbruns@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org
lwolk@becketlaw.org
*Attorneys for Plaintiffs*

Gabriella M. McIntyre
Julia C. Payne
Kevin H. Theriot
gmcintyre@adflegal.org
jpayne@adflegal.org
ktheriot@adflegal.org
*Attorneys for Plaintiff Intervenor*
*Chelsea Mynyk*

/s/ *Amanda Diaz*