# Exhibit 34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

    Defendants.

## BOARD DEFENDANTS' RESPONSE TO
## PLAINTIFFS' FIFTH SET OF DISCOVERY REQUESTS

The members of the Colorado Medical Board and the Colorado Board of Nursing (Board Defendants), by and through their counsel, submit the following Response to Plaintiffs' Fifth Set of Discovery Requests to Defendants, which were provided to Defendants on September 6, 2024:

### General Objections

1.    Board Defendants object to any discovery request to the extent it seeks information or material protected by the attorney-client privilege and/or work product doctrine. Board Defendants intend to assert all applicable privileges and exemptions from discovery and otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is

inadvertent, involuntary, unintentional and is not intended to be a waiver of any privileges or exemptions.

2. Board Defendants object to the discovery requests to the extent that Plaintiffs seek information concerning third-parties not involved in this litigation that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, and Colo. Rev. Stat. § 24-72-204, *et seq.* Furthermore, some of these requests call for confidential information protected from redisclosure under 42 C.F.R. Part 2.

3. Board Defendants object to the discovery requests to the extent they seek to impose requirements that are greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or to the extent the requests seek materials or information not relevant to the claims or defenses raised and/or not proportionate to the needs of the case.

4. Board Defendants responses to the discovery requests are made without in any way waiving, and expressly reserve, (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in this or any other actions; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of the Interrogatories or the Requests for Production or for Admissions.

5.      Board Defendants reserve the right to revise, amend, correct, supplement, or clarify any responses or objections to Plaintiffs' requests; to recall any inadvertent responses or documents to which privilege is attached or an objection has been lodged; and to introduce at the time of hearing, trial, settlement, or other form of alternate dispute resolution any additional information or documents of which Board Defendants become aware as a result of continuing investigation or discovery. Board Defendants have not completed their discovery in this action pursuant to the Rules of Civil Procedure and have not completed preparation for trial. Any objections or responses given to any discovery request are based on information currently known to Board Defendants and may be amended or supplemented upon receipt or discovery of additional or different information.

6.      Some of the documents produced by Board Defendants in response to Plaintiff's second discovery requests contain information that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, Colo. Rev. Stat. § 24-72-204, *et seq*, and 42 C.F.R. Part 2, and thus is subject to the protective order in this case. Additionally, documents produced by Board Defendants contain protected patient health information provided to the Boards as HIPAA-exempt agencies; incidental disclosures of the Boards' deliberative process in individual cases; and the identity of licensees subject to confidential Board investigations. Some of the confidential records provided by Board Defendants are

3

exceptionally sensitive because they relate to cases that are currently under investigation, are in active litigation, or resulted in a dismissal of the Board matter with no public record of the Board's investigation. Board Defendants will identify for Plaintiffs exceptionally sensitive documents and may request additional protections for the exceptionally sensitive information. <u>As agreed by the parties in the Stipulated Protective Order, all confidential information contained in these documents "shall be used solely by the receiving party for the purpose of litigating in the above-captioned litigation, shall be and remain confidential, and shall not be used for any purpose other than litigating in the above-captioned litigation." Doc. 132 pg. 2.</u>

7. Each and every response to any of Plaintiffs' discovery requests includes these general objections and denials. Additional specific objections made in response to a particular request are not intended to limit the general objections.

## DOCUMENT REQUESTS

18. Produce all documents concerning investigations by the Attorney General, the Colorado Medical Board or its members, or the State Board of Nursing or its members, in response to the consumer complaints identified in the Attorney General's July 18, 2024 Consumer Complaint Log, including the underlying complaints.

    **RESPONSE: None.**

## INTERROGATORIES

7. Describe any actions taken by the Attorney General in response to the complaints identified in the Attorney General's response to Plaintiffs' Request for Admission 1, including when those actions were taken.

4

**RESPONSE: With respect to the Boards, none.**

## REQUEST FOR ADMISSION

8. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of a placebo.

    OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken disciplinary action against a licensee based on the use of a placebo.

    The Board Defendants also object to Plaintiffs' definition of "disciplinary action" to the extent that it includes a confidential letter of concern (CLOC), because CLOCs are not a form of discipline. *See* C.R.S. § 12-20-404(1) (enumerating forms of discipline available to regulators); *see also, e.g.,* C.R.S. § 12-240-125(4)(c)(III) (authorizing the Medical Board to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct); C.R.S. § 12-255-119(3)(c)(III) (authorizing the Board of Nursing to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct).

    **RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available**

5

**records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken disciplinary action against a licensee based on the use of a placebo.**

**However, if Plaintiffs' definition of "disciplinary action" is correct, which the Boards dispute, Case No. 2018-1776 (previously produced in response to Interrogatory 4) resulted in a confidential letter of concern for use of a placebo. This request would therefore be denied under Plaintiffs' definitions.**

9. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of expectant management.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken disciplinary action against a licensee based on the provision of expectation management.

The Board Defendants also object to Plaintiffs' definition of "disciplinary action" to the extent that it includes a CLOC, because CLOCs are not a form of discipline. *See* C.R.S. § 12-20-404(1) (enumerating forms of discipline available to regulators); *see also, e.g.,* C.R.S. § 12-240-125(4)(c)(III) (authorizing the Medical Board to issue confidential letters of concern in cases warranting dismissal where the

6

inquiry panel notices indications of possible errant conduct); C.R.S. § 12-255-119(3)(c)(III) (authorizing the Board of Nursing to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken disciplinary action against a licensee based on the provision of expectant management.**

10. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of progesterone.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken disciplinary action against a licensee based on the use of progesterone.

The Board Defendants also object to Plaintiffs' definition of "disciplinary action" to the extent that it includes a CLOC, because CLOCs are not a form of discipline. *See* C.R.S. § 12-20-404(1) (enumerating forms of discipline available to

7

regulators); *see also, e.g.,* C.R.S. § 12-240-125(4)(c)(III) (authorizing the Medical Board to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct); C.R.S. § 12-255-119(3)(c)(III) (authorizing the Board of Nursing to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken disciplinary action against a licensee based on the use of progesterone.**

11. Admit that Defendants have never found that a Colorado Medical Board or State Board of Nursing licensee engaged in unprofessional conduct or was subject to discipline based on the use of progesterone.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" found that a licensee engaged in unprofessional conduct or was subject to discipline based on the use of progesterone.

**RESPONSE: Subject to these objections and the general objections**


**above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Board Defendants have found that a licensee engaged in unprofessional conduct or was subject to discipline based on the use of progesterone.**

12. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of abortion.

    OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" initiated or taken part in an investigation based on the provision of abortion.

    The Board Defendants also object to Plaintiffs' definition of "disciplinary action" to the extent that it includes a CLOC, because CLOCs are not a form of discipline. *See* C.R.S. § 12-20-404(1) (enumerating forms of discipline available to regulators); *see also, e.g.,* C.R.S. § 12-240-125(4)(c)(III) (authorizing the Medical Board to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct); C.R.S. § 12-255-119(3)(c)(III) (authorizing the Board of Nursing to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible

errant conduct).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken disciplinary action against a licensee for the provision of abortion.**

13. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of hormones to treat gender dysphoria, facilitate gender transition, or facilitate "gender affirming care."

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case. There is no time limitation for this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken disciplinary action based on the use of hormones to treat gender dysphoria, facilitate gender transition, or facilitate gender-affirming care.

The Board Defendants also object to Plaintiffs' definition of "disciplinary action" to the extent that it includes a CLOC, because CLOCs are not a form of discipline. *See* C.R.S. § 12-20-404(1) (enumerating forms of discipline available to regulators); *see also, e.g.,* C.R.S. § 12-240-125(4)(c)(III) (authorizing the Medical Board to issue confidential letters of concern in cases warranting dismissal where the

inquiry panel notices indications of possible errant conduct); C.R.S. § 12-255-119(3)(c)(III) (authorizing the Board of Nursing to issue confidential letters of concern in cases warranting dismissal where the inquiry panel notices indications of possible errant conduct).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken disciplinary action against a licensee for the use of hormones to treat gender dysphoria, facilitate gender transition, or facilitate gender-affirming care.**

Respectfully submitted this October 4, 2024

| AS TO INTERROGATORY RESPONSES: | AS TO OBJECTIONS, RFP RESPONSES AND RFA RESPONSE: |
|---|---|
| | PHILIP J. WEISER<br>Attorney General |
| */s/ Samuel Delp*<br>Samuel Delp, Director of the Division of Professions and Occupations | */s/ Brian Urankar* |

BRIAN URANKAR*
Assistant Attorney General
JENNIFER H. HUNT*
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (303) 508-6407
E-Mail: brian.urankar@coag.gov
Jennifer.Hunt@coag.gov
Attorneys for Defendant, The Colorado Medical Board
*Counsel of Record

*/s/ Elizabeth V. Kenny*
ELIZABETH KENNY*
Assistant Attorney General
ZACH FITZGERALD*
Assistant Attorney General
RYAN CRANE*
Senior Assistant Attorney General
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: (303) 508-6383
E-Mail: elizabeth.kenny@coag.gov
Zach.fitzgerald@coag.gov
Ryan.crane@coag.gov
*Attorneys for Defendants, The Colorado Nursing Board Members*
*Counsel of Record

# CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2024, I served a true and complete copy of the foregoing **BOARD DEFENDANTS' RESPONSES TO PLAINTIFFS' FIFTH SET OF DISCOVERY REQUESTS TO DEFENDANTS** upon all parties of record via email.

Lauren Marie Dickey
Brady Jerome Grassmeyer
Lauren.Dickey@coag.gov
brady.grassmeyer@coag.gov
*Attorneys for Defendant Phil Weiser*

Colten L. Stanberry
Kelly R. Oeltjenbruns
Rebekah Perry Ricketts
Mark Leonard Rienzi
Laura Wolk Slavis
cstanberry@becketlaw.org
koeltjenbruns@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org
lwolk@becketlaw.org
*Attorneys for Plaintiffs*

Gabriella M. McIntyre
Julia C. Payne
Kevin H. Theriot
gmcintyre@adflegal.org
jpayne@adflegal.org
ktheriot@adflegal.org
*Attorneys for Plaintiff Intervenor
Chelsea Mynyk*

                        /s/ *Amanda Diaz*