# Exhibit 35

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

      Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

      Defendants.

---

## BOARD DEFENDANTS' RESPONSE TO
## PLAINTIFFS' FOURTH SET OF DISCOVERY REQUESTS

---

The members of the Colorado Medical Board and the Colorado Board of Nursing (Board Defendants), by and through their counsel, submit the following Response to Plaintiffs' Fourth Set of Discovery Requests to Defendants, which were provided to Defendants on July 12, 2024:

### General Objections

1.    Board Defendants object to any discovery request to the extent it seeks information or material protected by the attorney-client privilege and/or work product doctrine. Board Defendants intend to assert all applicable privileges and exemptions from discovery and otherwise fully protect privileged or exempt information or documents. Any disclosure of privileged or exempt information is

inadvertent, involuntary, unintentional and is not intended to be a waiver of any privileges or exemptions.

2.     Board Defendants object to the discovery requests to the extent that Plaintiffs seek information concerning third-parties not involved in this litigation that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, and Colo. Rev. Stat. § 24-72-204, *et seq.* Furthermore, some of these requests call for confidential information protected from redisclosure under 42 C.F.R. Part 2.

3.     Board Defendants object to the discovery requests to the extent they seek to impose requirements that are greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or to the extent the requests seek materials or information not relevant to the claims or defenses raised and/or not proportionate to the needs of the case.

4.     Board Defendants responses to the discovery requests are made without in any way waiving, and expressly reserve, (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding in this or any other actions; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of the Interrogatories or the Requests for Production or for Admissions.

2

5.    Board Defendants reserve the right to revise, amend, correct, supplement, or clarify any responses or objections to Plaintiffs' requests; to recall any inadvertent responses or documents to which privilege is attached or an objection has been lodged; and to introduce at the time of hearing, trial, settlement, or other form of alternate dispute resolution any additional information or documents of which Board Defendants become aware as a result of continuing investigation or discovery. Board Defendants have not completed their discovery in this action pursuant to the Rules of Civil Procedure and have not completed preparation for trial.  Any objections or responses given to any discovery request are based on information currently known to Board Defendants and may be amended or supplemented upon receipt or discovery of additional or different information.

6.    Some of the documents produced by Board Defendants in response to Plaintiff's second discovery requests contain information that is confidential pursuant to *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and *In re District Court*, 256 P.3d 687 (Colo. 2011), Colo. Rev. Stat. § 24-30-201, *et seq.*, Colo. Rev. Stat. § 24-72-204, *et seq*, and 42 C.F.R. Part 2, and thus is subject to the protective order in this case. Additionally, documents produced by Board Defendants contain protected patient health information provided to the Boards as HIPAA-exempt agencies; incidental disclosures of the Boards' deliberative process in individual cases; and the identity of licensees subject to confidential Board investigations. Some of the confidential records provided by Board Defendants are

3

exceptionally sensitive because they relate to cases that are currently under investigation, are in active litigation, or resulted in a dismissal of the Board matter with no public record of the Board's investigation. Board Defendants will identify for Plaintiffs exceptionally sensitive documents and may request additional protections for the exceptionally sensitive information. As agreed by the parties in the Stipulated Protective Order, all confidential information contained in these documents "shall be used solely by the receiving party for the purpose of litigating in the above-captioned litigation, shall be and remain confidential, and shall not be used for any purpose other than litigating in the above-captioned litigation." Doc. 132 pg. 2.

7.       Each and every response to any of Plaintiffs' discovery requests includes these general objections and denials. Additional specific objections made in response to a particular request are not intended to limit the general objections.

## **INTERROGATORIES**

6.   Describe the reason for any response other than ADMITTED to Plaintiffs' Requests for Admissions, including each and every case number, Bates range, and final disposition of any investigation supporting any non-admitted component of that individual response.

   **RESPONSE: With respect to Request for Admission #4:**

- **Please see Case No. 2022-0242 (previously produced at DORA 9115-9254). The Respondent in Case No. 2022-0242 received a letter of admonition for care that fell below generally accepted standards of medical practice in violation of C.R.S. 12-240-**

4

121(1)(j).

- **Although the Board of Nursing has not yet taken formal action, the Board of Nursing continues to investigate Case Nos. 2019-4417 and 2023-9077 (previously produced at DORA 5501-5540, DORA 5940-5989), which involve allegations of using misoprostol to terminate a pregnancy.**

**With respect to Request for Admission No. 6, Board Defendants will supplement this response to identify case number, Bates range, and final disposition of any investigation demonstrating that the Boards have taken formal action against licensees for the use of off-label drugs in a manner inconsistent with the applicable standard of care upon completion of the searches based on negotiated search terms.**

## REQUEST FOR ADMISSION

3. Admit that, prior to the enactment of SB 23-190, Defendants had never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the use of progesterone.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board Defendant have document retention policies that do not permit retention of documents that would allow them to admit or deny this request. Board Defendants

5

do not have a manner by which they can verify whether or not they have "never" taken formal action against a licensee based on the use of progesterone.

The Board Defendants also object to Plaintiffs' definition of "formal action" because it excludes letters of admonition, which is a form of formal and public discipline available to the Boards. *See* C.R.S. § 12-20-404(1)(a).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have taken formal action against a licensee based on the use of progesterone.**

4. Admit that, prior to the enactment of SB 23-190, Defendants had never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the use of mifepristone and/or misoprostol to terminate a pregnancy.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board Defendant have document retention policies that do not permit retention of documents that would allow them to admit or deny this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken formal action against a licensee for the use of mifepristone and/or misoprostol to terminate a pregnancy.

The Board Defendants also object to Plaintiffs' definition of "formal action" because it excludes letters of admonition, which is a form of formal and public discipline available to the Boards. *See* C.R.S. § 12-20-404(1)(a).

**RESPONSE: Subject to these objections and the general objections above, denied.**

5. Admit that Defendants have never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of abortion.

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board Defendant have document retention policies that do not permit retention of documents that would allow them to admit or deny this request. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken formal action against a licensee based on the provision of abortion.

The Board Defendants also object to Plaintiffs' definition of "formal action" because it excludes letters of admonition, which is a form of formal and public discipline available to the Boards. *See* C.R.S. § 12-20-404(1)(a).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants admit that, based upon review of the available records from the last five years, they have not yet found, and as of the date of this document are not aware of, any case where Defendants have**

**taken formal action against a licensee for the provision of abortion.**

6. Admit that Defendants have never taken formal action against a Colorado Medical Board or State Board of Nursing licensee for the use of a medication based on the status of that use as "off-label."

OBJECTIONS: Board Defendants object to this request for admission as overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board Defendant have document retention policies that do not permit retention of documents that would allow them to admit or deny this request for the stated time period. Board Defendants do not have a manner by which they can verify whether or not they have "never" taken formal action against a licensee for the use of a medication based on the status of that use as "off-label."

The Board Defendants also object to Plaintiffs' definition of "formal action" because it excludes letters of admonition, which is a form of formal and public discipline available to the Boards. *See* C.R.S. § 12-20-404(1)(a).

**RESPONSE: Subject to these objections and the general objections above, Board Defendants state that it currently lacks knowledge to fully admit or deny this request. Based upon running negotiated search terms against the available records from the last five years, Board Defendants have identified over three hundred potentially responsive files that must be reviewed before the Boards have the requisite knowledge to admit or**

8

**deny. The Boards otherwise admit that they have not yet found, and as
of the date of this document are not aware of, any case where Defendants
have formal action against a licensee based solely on the status of that
use as "off-label."**

7. Admit that Defendants have never taken formal action against a Colorado Medical
Board or State Board of Nursing licensee for the use of hormones to treat gender
dysphoria or facilitate gender transition.

OBJECTIONS: Board Defendants object to this request for admission as

overbroad, unduly burdensome, and disproportionate to the needs of this case.

There is no time limitation for this request. The offices of each Board

Defendant have document retention policies that do not permit retention of

documents that would allow them to admit or deny this request. Board Defendants

do not have a manner by which they can verify whether or not they have "never"

initiated or taken part in an investigation concerning the use of hormones to treat

gender dysphoria or facilitate gender transition.

The Board Defendants also object to Plaintiffs' definition of "formal action"

because it excludes letters of admonition, which is a form of formal and public

discipline available to the Boards. *See* C.R.S. § 12-20-404(1)(a).

**RESPONSE: Subject to these objections and the general objections**

**above, Board Defendants admit that, based upon review of the available**

**records from the last five years, they have not yet found, and as of the**

9

date of this document are not aware of, any case where Defendants have taken formal action against a licensee for the use of hormones to treat gender dysphoria or facilitate gender transition. Defendants' record review has revealed four investigations into care related to gender dysphoria (previously produced at DORA 9770-9825, DORA 9736-9762, DORA 9763-9769 and 9900-9903, and DORA 9728-9731 and 9832-9879), but all resulted in some form of dismissal. Defendants' record review identified one additional investigation into care related to gender dysphoria, pending production, that also resulted in dismissal.

Respectfully submitted this August 12, 2024

AS TO INTERROGATORY
RESPONSES:


/s/ Samuel Delp
Samuel Delp, Director of the
Division of Professions and
Occupations

AS TO OBJECTIONS, RFP RESPONSES
AND RFA RESPONSE:

PHILIP J. WEISER
Attorney General

/s/ Brian Urankar

BRIAN URANKAR*
Assistant Attorney General
JENNIFER H. HUNT*
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, Colorado 80203
Telephone: (303) 508-6407
E-Mail:  brian.urankar@coag.gov
Jennifer.Hunt@coag.gov
Attorneys for Defendant, The Colorado
Medical Board
*Counsel of Record


*/s/ Elizabeth V. Kenny*
ELIZABETH KENNY*
Assistant Attorney General
ZACH FITZGERALD*
Assistant Attorney General
RYAN CRANE*
Senior Assistant Attorney General
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: (303) 508-6383
E-Mail: elizabeth.kenny@coag.gov
Zach.fitzgerald@coag.gov
Ryan.crane@coag.gov
*Attorneys for Defendants, The Colorado
Nursing Board Members*
*Counsel of Record

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2024, I served a true and complete copy of the foregoing **BOARD DEFENDANTS' RESPONSES TO PLAINTIFFS' FOURTH SET OF DISCOVERY REQUESTS TO DEFENDANTS** upon all parties of record via email.

Lauren Marie Dickey
Brady Jerome Grassmeyer
Michael T. Kotlarczyk
Lauren.Dickey@coag.gov
brady.grassmeyer@coag.gov
mike.kotlarczyk@coag.gov
*Attorneys for Defendant Phil Weiser*

Colten L. Stanberry
Kelly R. Oeltjenbruns
Rebekah Perry Ricketts
Mark Leonard Rienzi
Laura Wolk Slavis
cstanberry@becketlaw.org
koeltjenbruns@becketlaw.org
rricketts@becketlaw.org
mrienzi@becketlaw.org
lwolk@becketlaw.org
*Attorneys for Plaintiffs*

Gabriella M. McIntyre
Julia C. Payne
Kevin H. Theriot
gmcintyre@adflegal.org
jpayne@adflegal.org
ktheriot@adflegal.org
*Attorneys for Plaintiff Intervenor*
*Chelsea Mynyk*

/s/ *Amanda Diaz*

12