# Exhibit 36

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

    Defendants.

## ATTORNEY GENERAL'S RESPONSE TO PLAINTIFFS' FIFTH SET OF DISCOVERY REQUESTS TO DEFENDANTS

Defendant Phil Weiser, Attorney General of Colorado, by and through his counsel, submits the following Responses to Plaintiffs' Fifth Set of Discovery Requests to Defendants.

## RESPONSES TO DOCUMENT REQUESTS

18. Produce all documents concerning investigations by the Attorney General, the Colorado Medical Board or its members, or the State Board of Nursing or its members, in response to the consumer complaints identified in the Attorney General's July 18, 2024 Consumer Complaint Log.

**OBJECTIONS:** The Attorney General objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case. The request seeks a broad category of complaints that have no relevance to the claims or defenses in this case. The Attorney General further objects to the extent this request seeks information protected by the attorney-client privilege, the

deliberative process privilege, and/or the work-product doctrine.

**RESPONSE:** Subject to these objections, per agreement of counsel by email on October 1, 2024, the Attorney General is producing a revised log providing additional information about each of the complaints on the log. The Attorney General will continue to discuss this issue with opposing counsel and remains willing to produce relevant consumer complaints that are responsive and proportional to the needs of this case.

## INTERROGATORIES

7.    Describe any actions taken by the Attorney General in response to the complaints identified in the Attorney General's response to Plaintiffs' Request for Admission 1, including when those actions were taken.

**OBJECTIONS:** The Attorney General objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of this case. The Attorney General further objects that the word "actions" is vague and ambiguous, and could include any number of activities that do not implicate the Attorney General's authority to enforce the Colorado Consumer Protection Act, C.R.S. § 6-1-103. Finally, the Attorney General objects to the extent this request seeks information protected by the attorney-client privilege, the deliberative process privilege, and/or the work-product doctrine.

**RESPONSE:** Subject to these objections, the Attorney General has not taken any action to investigate a potential violation of the Colorado Consumer Protection Act, or to engage in enforcement efforts, related to the complaints identified in the

Attorney General's response to Plaintiff's Request for Admission 1.

### REQUESTS FOR ADMISSION

8. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of a placebo.

**RESPONSE**: The Attorney General admits that he has never taken "disciplinary action" against a Colorado Medical Board or State Board of Nursing licensee based on the use of a placebo in his law enforcement capacity. With respect to the Attorney General's representative capacity (i.e., his statutory role representing the Colorado Medical Board and Colorado Board of Nursing in non-law enforcement matters), the Attorney General has no additional information beyond what was provided by the attorneys representing the Boards in response to this request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of the request for admission despite having made a reasonable inquiry into the subject matter of the request.

9. Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of expectant management.

**RESPONSE**: The Attorney General admits that he has never taken "disciplinary action" against a Colorado Medical Board or State Board of Nursing licensee based on the provision of expectant management in his law enforcement capacity. With respect to the Attorney General's representative capacity (i.e., his statutory role representing the Colorado Medical Board and Colorado Board of

Nursing in non-law enforcement matters), the Attorney General has no additional information beyond what was provided by the attorneys representing the Boards in response to this request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of the request for admission despite having made a reasonable inquiry into the subject matter of the request.

10.     Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of progesterone.

**RESPONSE**:  The Attorney General admits that he has never taken "disciplinary action" against a Colorado Medical Board or State Board of Nursing licensee based on the use of progesterone in his law enforcement capacity. With respect to the Attorney General's representative capacity (i.e., his statutory role representing the Colorado Medical Board and Colorado Board of Nursing in non-law enforcement matters), the Attorney General has no additional information beyond what was provided by the attorneys representing the Boards in response to this request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of the request for admission despite having made a reasonable inquiry into the subject matter of the request.

11.     Admit that Defendants have never found that a Colorado Medical Board or State Board of Nursing licensee engaged in unprofessional conduct or was subject to discipline based on the use of progesterone.

**RESPONSE**: The Attorney General is without sufficient information to admit or deny this request for admission despite having made a reasonable inquiry into the subject matter of the request.

12.     Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of abortion.

**RESPONSE**:  The Attorney General admits that he has never taken "disciplinary action" against a Colorado Medical Board or State Board of Nursing licensee based on the provision of abortion in his law enforcement capacity. With respect to the Attorney General's representative capacity (i.e., his statutory role representing the Colorado Medical Board and Colorado Board of Nursing in non-law enforcement matters), the Attorney General has no additional information beyond what was provided by the attorneys representing the Boards in response to this request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of the request for admission despite having made a reasonable inquiry into the subject matter of the request.

13.     Admit that Defendants have never taken disciplinary action against a Colorado Medical Board or State Board of Nursing licensee based on the use of hormones to treat gender dysphoria, facilitate gender transition, or facilitate "gender affirming care."

**RESPONSE**: The Attorney General admits that he has never taken "disciplinary action" against a Colorado Medical Board or State Board of Nursing licensee based on the use hormones to treat gender dysphoria, facilitate gender transition, or facilitate gender affirming care in his law enforcement capacity. with respect to the Attorney General's representative capacity (i.e., his statutory role representing the Colorado Medical Board and Colorado Board of Nursing in non-law enforcement matters), the Attorney General has no additional information beyond what was provided by the attorneys representing the Boards in response to this request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of the request for admission despite having made a reasonable inquiry into the subject matter of the request.

Dated: October 7, 2024

As to Responses to Interrogatories:

PHILIP J. WEISER
Attorney General

For the Attorney General

*/s/ Nathan Blake*

_____

Nathan Blake
Deputy Attorney General

As to Responses to Requests for Admission, Requests for Production and Objections:

PHILIP J. WEISER

Attorney General

*/s Brady Grassmeyer*
Brady J. Grassmeyer
Senior Assistant Attorney General
Lauren M. Dickey
First Assistant Attorney General
Elizabeth A. Orem
Assistant Attorney General
1300 Broadway
Denver, CO 80203
(720) 508-6263
brady.grassmeyer@coag.gov
*Attorneys for the Attorney General*

7

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024 I served a true and complete copy of the foregoing response upon all parties of record via email.

Colten L. Stanberry
Kelly R. Oeltjenbruns
Rebekah Perry Ricketts
Mark Leonard Rienzi
Laura Wolk Slavis
*Attorneys for Plaintiffs*

Kevin Theroit
Julia Payne
Gabriella McIntyre
*Attorneys for Plaintiff-Intervenor*

Elizabeth Virginia Kenny
Zach Fitzgerald
*Attorneys for Defendants Aecian Pendleton, Bernard Joseph Franta, Brandy Valdez Murphy, Diane Reinhard, Hayley Hitchcock, Karrie Tomlin, Lenny Rothermund, Lori Rae Hamilton, Nichele Bratton, Phyllis Graham-Dickerson, and Mackenzie Armani*

Brian J. Urankar
Jennifer H. Hunt
*Counsel for Defendants
Colorado Medical Board Members*

                                               */s/ Brady Grassmeyer*