# Exhibit 37

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00939-DDD-SKC

BELLA HEALTH AND WELLNESS, on behalf of itself and its patients, et al,

    Plaintiffs,

v.

PHIL WEISER, in his official capacity as Attorney General of Colorado, et al.,

    Defendants.

### ATTORNEY GENERAL'S RESPONSE TO PLAINTIFFS' FOURTH SET OF DISCOVERY REQUESTS TO DEFENDANTS

Defendant Phil Weiser, Attorney General of Colorado, by and through his counsel, submit the following Responses to Plaintiffs' Fourth Set of Discovery Requests to Defendants.

### INTERROGATORIES

6. Describe the reason for any response other than ADMITTED to Plaintiffs' Requests for Admissions, including each and every case number, Bates range, and final disposition of any investigation supporting any non-admitted component of that individual response.

**OBJECTIONS:** The Attorney General objects to Interrogatory No. 6 as overbroad, unduly burdensome, and not proportional to the needs of this case. The Attorney General further objects to this interrogatory because it calls for information protected by the attorney-client privilege, the deliberative process privilege, and/or the work-product doctrine. Finally, the Attorney General objects to

Interrogatory No. 6 as compound, as it seeks information regarding multiple requests for admission. To the extent there are responsive requests for admission, each request for admission addressed through Interrogatory No. 6 should be counted as a separate interrogatory. *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based . . . essentially transforms each request for admission into an interrogatory.").

**RESPONSE:** Subject to and without waiving the foregoing objections, the Attorney General denied Request for Admission No. 1 because he discovered consumer complaints that relate to abortion pill reversal, which were produced at COAG0000247 and COAG0000251. Regarding Requests for Admission Nos. 3 through 7, the Attorney General has provided additional detail regarding his responses below.

## REQUESTS FOR ADMISSION

3.  Admit that, prior to the enactment of SB23-190, Defendants had never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the use of progesterone.

    **OBJECTIONS:** The Attorney General objects to Request for Admission No. 3 as overbroad, unduly burdensome, and not proportional to the needs of this case. The request contains no time limitations and could encompass a variety of actions

that are not relevant to any of the issues in this case. The Attorney General further objects because term "formal action" is ambiguous.

**RESPONSE:** Subject to and without waiving these objections, the Attorney General admits that he has not identified any cases in which he took formal action against a licensee based on the use of progesterone in his law enforcement capacity under the Colorado Consumer Protection Act. Regarding the Attorney General's statutory representation of the Colorado Medical Board and Colorado Board of Nursing, the Attorney General has no additional information about any formal actions beyond what was provided by the attorneys representing the Boards in response to this discovery request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of Request for Admission No. 3 despite having made a reasonable inquiry into the subject matter of the Request.

4. Admit that, prior to the enactment of SB 23-190, Defendants had never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the use of mifepristone and/or misoprostol to terminate a pregnancy.

**OBJECTIONS:** The Attorney General objects to Request for Admission No. 4 as overbroad, unduly burdensome, and not proportional to the needs of this case. The request contains no time limitations and could encompass a variety of actions that are not relevant to any of the issues in this case. The Attorney General further objects because term "formal action" is ambiguous.

**RESPONSE:** Subject to and without waiving these objections, the Attorney General admits that he has not identified any cases in which he has taken formal action against a licensee based on the use of mifepristone and/or misoprostol to terminate a pregnancy in his law enforcement capacity under the Colorado Consumer Protection Act. Regarding the Attorney General's statutory representation of the Colorado Medical Board and Colorado Board of Nursing, the Attorney General has no additional information about any formal actions beyond what was provided by the attorneys representing the Boards in response to this discovery request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of Request for Admission No. 4 despite having made a reasonable inquiry into the subject matter of the Request.

5. Admit that Defendants have never taken formal action against a Colorado Medical Board or State Board of Nursing licensee based on the provision of abortion.

**OBJECTIONS:** The Attorney General objects to Request for Admission No. 5 as overbroad, unduly burdensome, and not proportional to the needs of this case. The request contains no time limitations and could encompass a variety of actions that are not relevant to any of the issues in this case. The Attorney General further objects because term "formal action" is ambiguous.

**RESPONSE:** Subject to and without waiving these objections, the Attorney General admits that he has not identified any cases in which he has taken formal action against a licensee based on the provision of abortions in his law enforcement

4

capacity under the Colorado Consumer Protection Act. Regarding the Attorney General's statutory representation of the Colorado Medical Board and Colorado Board of Nursing, the Attorney General has no additional information about any formal actions beyond what was provided by the attorneys representing the Boards in response to this discovery request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of Request for Admission No. 5 despite having made a reasonable inquiry into the subject matter of the Request.

6.  Admit that Defendants have never taken formal action against a Colorado Medical Board or State Board of Nursing licensee for the use of a medication based on the status of that use as "'off-label."

**OBJECTIONS:** The Attorney General objects to Request for Admission No. 6 as overbroad, unduly burdensome, and not proportional to the needs of this case. The request contains no time limitations and could encompass a variety of actions that are not relevant to any of the issues in this case. The Attorney General further objects because term "formal action" is ambiguous.

**RESPONSE:** Subject to and without waiving these objections, the Attorney General denies that he has never taken formal action against a licensee for the use of a medication based on the status of that use as "off-label" in his law enforcement capacity under the Colorado Consumer Protection Act. Regarding the Attorney General's statutory representation of the Colorado Medical Board and Colorado Board of Nursing, the Attorney General has no additional information about any formal actions beyond what was provided by the attorneys representing the Boards

in response to this discovery request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of Request for Admission No. 6 despite having made a reasonable inquiry into the subject matter of the Request.

7. Admit that Defendants have never taken formal action against a Colorado Medical Board or State Board of Nursing licensee for the use of hormones to treat gender dysphoria or facilitate gender transition.

**OBJECTIONS:** The Attorney General objects to Request for Admission No. 7 as overbroad, unduly burdensome, and not proportional to the needs of this case. The request contains no time limitations and could encompass a variety of actions that are not relevant to any of the issues in this case. The Attorney General further objects because term "formal action" is ambiguous.

**RESPONSE**: Subject to and without waiving these objections, the Attorney General admits that he has not identified any cases in which he has taken formal action against a licensee for the use of hormones to treat gender dysphoria or facilitate gender transition in his law enforcement capacity under the Colorado Consumer Protection Act. Regarding the Attorney General's statutory representation of the Colorado Medical Board and Colorado Board of Nursing, the Attorney General has no additional information about any formal actions beyond what was provided by the attorneys representing the Boards in response to this discovery request. Accordingly, the Attorney General is without sufficient information to admit or deny this portion of Request for Admission No. 7 despite having made a reasonable inquiry into the subject matter of the Request.

As to Responses to Interrogatories and Admissions:

        PHILIP J. WEISER
        Attorney General

        *s/ Nathan Blake*
        Nathan Blake
        Deputy Attorney General
        As to Responses to Requests for
        Production and Objections:

        As to Objections:

        PHILIP J. WEISER
        Attorney General

        */s Brady Grassmeyer*
        Brady J. Grassmeyer*
        Senior Assistant Attorney General
        Michael T. Kotlarczyk*
        Senior Assistant Attorney General
        Lauren Marie Dickey*
        First Assistant Attorney General
        1300 Broadway
        Denver, CO 80203
        (720) 508-6263
        brady.grassmeyer@coag.gov
        *Attorneys for the Attorney General*
        *Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024 I served a true and complete copy of the foregoing response upon all parties of record via email.

Colten L. Stanberry
Kelly R. Oeltjenbruns
Rebekah Perry Ricketts
Mark Leonard Rienzi
Laura Wolk Slavis
*Attorneys for Plaintiffs*

Kevin Theroit
Julia Payne
Gabriella McIntyre
*Attorneys for Plaintiff-Intervenor*

Elizabeth Virginia Kenny
Zach Fitzgerald
*Attorneys for Defendants Aecian Pendleton, Bernard Joseph Franta, Brandy Valdez Murphy, Diane Reinhard, Hayley Hitchcock, Karrie Tomlin, Lenny Rothermund, Lori Rae Hamilton, Nichele Bratton, Phyllis Graham-Dickerson, and Mackenzie Armani*

Brian J. Urankar
Jennifer H. Hunt
*Counsel for Defendants*
*Colorado Medical Board Members*

/s/ Brady Grassmeyer